# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

IN RE: SHALE OIL ANTITRUST LITIGATION     Case No. 1:24-md-03119-MLG-LF

This Order Relates to All Cases

## ORDER SETTING INITIAL CONFERENCE

This matter comes before the Court for scheduling, case management, discovery and both non-dispositive and dispositive motions for the civil actions listed on Attachment A hereto, which were transferred to this Court by the Transfer Order by the United States Judicial Panel on Multidistrict Litigation, filed August 15, 2024, (Doc. 1) and the subsequent Conditional Transfer Orders (CTOs) by the United States Judicial Panel on Multidistrict Litigation, filed August 15, 2024 (Doc. 2; Doc. 4). The Federal Rules of Civil Procedure, as amended, and the Local Rules of the Court, apply to this litigation. Because this case warrants and requires special attention as complex litigation, the Court orders:

### INITIAL CONFERENCE

1. All parties shall appear for an Initial Conference on November 6, 2024, at 1:00 p.m. in the Gila Courtroom at the Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, New Mexico. Please note that Judge Garcia does not allow counsel to appear remotely, through Zoom, telephonically, or otherwise.

    (a) To minimize costs and facilitate a manageable Conference, parties with similar interests may, to the extent practicable, agree to have an attending attorney represent their interests at the Conference. A party will not, by so designating an attorney to represent his/her interests at the

Conference, be precluded from other representation during the litigation. Attendance at the Conference will not waive objections to jurisdiction, venue, or service.

(b) This order is being served to the persons listed as counsel of record via CM/ECF, which has been prepared based on appearances in the related cases. Counsel of record are requested to forward a copy of this order to other attorneys who should be notified of the Conference.

(c) Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts are invited to attend in person or by counsel.

2. The Conference will be held for the purposes specified in Federal Rules of Civil Procedure 16(a), 16(b), 16(c) and 26(f) and subject to the sanctions prescribed in Rule 16(f). A tentative agenda is as follows: the appointment of interim class counsel; the appointment of liaison counsel; the briefing schedule for any motion to consolidate; the nature and potential dimensions of the litigation; the major procedural and substantive problems likely to be encountered; and the procedures for efficient management.

3. Counsel should be prepared to address any matters that may surface during the Initial Conference including the following:

(a) Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth Edition ("MCL 4th") in advance of this Conference, and to be prepared to suggest procedures that will facilitate expeditious, economical, and just resolution of this litigation.

(b) Before the Conference, counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class action allegations, discovery, and motions.

4.     Counsel must submit to the Court a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues, as well as a separate list of all related cases pending in state or federal court, together with their current status, including discovery taken to date and pending motions, to the extent known. These statements will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party later in the proceedings. The statement should also include a list of all pending motions and all related cases pending in any other court and the current status of that litigation, to the extent known.

In addition, to assist the Court in identifying any problems of recusal or disqualification, counsel must submit to the Court a list of all companies affiliated with the parties and all counsel associated in the litigation.

This statement and the other information requested are due on or before 5:00 p.m. (MDT) on October 18, 2024.

5.     Until otherwise ordered by the Court:

(a) Any attorney of record in any action transferred by the Panel may continue to represent his or her client in any district of the United States to which such action is transferred. Parties to any action transferred under 28 U.S.C. § 1407 are not required to obtain local counsel in the transferee district.

(b) Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the November 6, 2024, Conference.

(c) All outstanding disclosure and discovery proceedings are stayed, and no further discovery shall be initiated until a date to be set at the Conference. This order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and

witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures, responding to an outstanding discovery request under Federal Rule of Civil Procedure 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

(d) All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in the possession, custody, and control of parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voicemail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies, or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially

relevant to the subject matter of this litigation. Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties, of this directive.

(e)  No motion shall be filed under Federal Rule of Civil Procedure 11, 12, or 56 without leave of court and unless it includes a certificate that the movant has conferred with opposing counsel in a good-faith effort to resolve the matter without court action.

(f)  All orders by transferor courts imposing dates for pleading or discovery are vacated.

(g)  This order shall also apply to related cases later filed in, removed to, or transferred to this court.

(h)  The Court intends to appoint plaintiffs' lead counsel and/or a plaintiffs' steering committee, as well as plaintiffs' liaison counsel. Applications for these positions must be filed with the clerk's office on or before 5:00 p.m. (MDT) on October 18, 2024.  The Court will only consider attorneys who have filed a civil action in this litigation. The main criteria for these appointments are as follows: (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. Applications should also set forth attorney fee proposals, rates, and percentages that applicants expect to seek if the litigation succeeds in creating a common fund.

6. All orders, pleadings, motions, and other documents served or filed in this matter shall bear the following caption:

IN RE: SHALE OIL ANTITRUST LITIGATION          Case No. 1:24-md-03119-MLG-LF

*This Document Relates To ["All Actions" or specify by title
and case number the individual applicable cases if the
document relates to less than all of the consolidated cases]*

7.      All counsel are required to register for and participate in this Court's CM/ECF filing system. This system gives each counsel immediate access to all electronically filed documents and obviates the need to make personal service on the individual parties. Unless otherwise ordered, all documents shall be filed electronically via the Court's CM/ECF system and must be filed in accordance with the United States District Court for the District of New Mexico's Local Rules. The Court will serve all orders through the ECF system. Upon their appointment, Plaintiffs' lead and/or liaison counsel shall be responsible for providing copies of any order, pleading, motion, letter, or other document to any party/counsel who does not receive service of the order through the ECF system.

It is imperative that all filings shall be made in Case No. 1:24-md-03119-MLG-LF and then filed in the member case(s) if necessary.

8.      The parties are reminded of the disclosure requirements in Federal Rule of Civil Procedure 7.1 and should comply with the directives therein.

                                        UNITED STATES DISTRICT JUDGE
                                        MATTHEW L. GARCIA