UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| **CITY OF SAN JOSE** <br><br> **COUNTY OF SAN MATEO,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **HESS CORPORATION, *ET AL*.,** <br><br> **Defendants.** | Case No. 1:24-md-03119-MLG-LF <br><br> MDL No. 3119 <br><br> **Judge Matthew Garcia** |

**MOTION AND MEMORANDUM TO APPOINT INTERIM LEAD COUNSEL OR CO-LEAD COUNSEL FOR GOVERNMENT ENTITIES**

**I.      INTRODUCTION**

Plaintiffs **City of San Jose and County of San Mateo** ("Plaintiffs") respectfully request that the Court grant Plaintiff's Motion to appoint the law firm Cotchett, Pitre, & McCarthy LLP ("CPM") as interim lead counsel or co-lead counsel and the Law Offices of Mary T. Torres as liaison counsel for a government entities class.[1] CPM will bring a team of extremely experienced, unified, and diverse attorneys backed by substantial resources who are dedicated to furthering Plaintiffs' interests. Counsel has substantial experience in these types of class actions.

---

[1] Plaintiffs seek appointment for lead counsel or co-lead counsel of a government entity class, believing that there are specific issues to the certification of government entities that are separate and distinct from individuals and private entities. Additionally, governmental entities purchase both retail and rack rate gas.

## II.     BACKGROUND

Shale oil is crude oil produced from petroleum-bearing formations with low permeability that are hydraulically fractured – or "fracked" – to produce oil. Defendants in this litigation, Hess Corporation, Exxon Mobil Corporation, Permian Resources Corp. f/k/a Centennial Resource Development, Inc., Chesapeake Energy Corporation, Continental Resources Inc., Diamondback Energy, Inc., EOG Resources, Inc., Occidental Petroleum Corporation, and Pioneer Natural Resources Company, ("Defendants") have engaged in a conspiracy to restrict the production of crude oil thereby fixing, raising, and maintaining its price, which has in turn cost American consumers, including governmental entities, millions of dollars by fixing and/or stabilizing gasoline and diesel fuel prices in the United States at artificially high levels. Plaintiffs allege that the Defendants' cartel is a *per se* unlawful restraint of trade under numerous state antitrust and competition laws. Plaintiffs bring this suit to recover the substantial losses they and the Classes suffered from regularly paying exorbitantly inflated gasoline and diesel fuel prices. This lawsuit, which involves major U.S. producers of shale oil, Wall Street investors, OPEC, and some non-OPEC member countries aligned with OPEC, will have widespread ramifications across the crude oil industry. Indeed, the exact effects of the Defendants' far-flung conspiracy are yet to be determined.

Given the extraordinary stakes of this proceeding, the Government Entities Plaintiffs require a team of representative counsel with documented antitrust and class action experience capable of bankrolling the high cost of litigating against the Defendants' deep pockets. As established below, CPM's appointment as interim lead counsel or co-lead counsel for said Governmental Entity Class will guarantee Plaintiffs' interests are more than adequately

represented throughout this lawsuit while ensuring full cooperation with counsel for private entity and consumer Plaintiffs.

### III.     A SEPARATE GOVERNMENTAL ENTITIES TRACK IS REQUIRED.

Plaintiff for the Government Entities Class respectfully request that the Court set up a separate tract for governmental entities class to go forward in this case because there are issues totally specific to <u>government entities</u> for class certification and to ensure the governmental entities' interests are fairly and adequately represented. There is long standing precedent of federal courts recognizing this need and placing governmental entities on a separate tract from private entities in litigation. In *Philadelphia Elec. Co. v. Anaconda Am. Brass Co.*, 43 F.R.D. 452 (E.D. Pa. 1968, the Court certified a <u>separate governmental entities class</u> and a class of non-profit cooperative membership corporations. In *In re: Social Media Adolescent Addiction/Personal Inj. Products Liability Lit.,* No. 4:22-md-03047-YGR (N.D. Cal.), the court separated governmental entities from private entities in litigation alleging targeting of minors by social media platforms. Governmental entities have interests unique and separate from private entities such as consent, local rules, and issues of opt-in class creation. Many cases have follow this rule in including *Ackal v. Centennial Beauregard Cellular L.L.C.*, 700 F.3d 212, 212-215 (5th Cir. 2012); *In re Auto. Parts Antitrust Litig.*, No. 12-MD-02311, 2015 WL 14047405, at *6 (E.D. Mich. Apr. 30, 2015).  As such, the creation of a non-state governmental class is preferred. *In re McKesson Governmental Entities Average Wholesale Price Litig.*, 767 F. Supp. 2d 263, 278 (D. Mass. 2011)**.**

To the extent that counsel for counsel for the rack rate (wholesale group) would like government entities to be included in each of their classes, the purchase of gas for retail private individuals and business differs from the purchases of governmental entities who have rack rate

contracts with wholesale gas distributors. Similarly, the governmental entities purchase gas at a retail rate that also differs from the rack rate purchases proposed by the counsel of the rack rate class. Given both the specific issues related to class certification of governmental entities and the nature of the governmental entities purchases, which includes both retail and wholesale purchases, and in light of the precedent to allow governmental entities to proceed separately, Plaintiffs for the governmental entities class respectfully submit that the Court order a governmental track to go forward separately.

## IV. ARGUMENT

The Federal Rules of Civil Procedure establish that a court may appoint interim counsel "to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). A court appointing interim class counsel will "generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *Schwartz v. State Farm Mut. Auto. Ins. Co.*, No. 118CV00328KWRSCY, 2023 WL 356882 at *1 (D.N.M., Jan. 23, 2023). These factors are: "the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; and the resources counsel will commit to representing the class." *Harrington v. City of Albuquerque*, 222 F.R.D. 505, 520 (D.N.M. 2004) (quoting Fed. R. Civ. P. 23(g)(1)(C)).

Overall, appointed attorneys must "have the experience to adequately represent the class." *Daye v. Community Financial Service Centers*, LLC, 313 F.R.D. 147, 179 (D.N.M. 2016). Furthermore, it is well established that while judges have discretion in appointing representative counsel, they must do so within the guidelines laid out above. *In re Samsung Top-Load Washing*

4

*Mach. Mktg., Sales Pracs. & Prod. Liab. Litig.*, 997 F.3d 1077, 1087-88 (10th Cir. 2021). CPM and its attorneys seeking appointment more than meet the procedural qualifications to serve as interim lead counsel or co-lead counsel for the putative Class of government entities.

### A. CPM Has An Outstanding Record Of Antitrust Practice

CPM has been based in California, both the Bay Area and Los Angeles, for over 50 years and engages exclusively in litigation and trials. With offices in the San Francisco Bay Area, Los Angeles, Seattle, and New York, CPM has substantial resources in-house to devote to cases of national magnitude. CPM boasts a bench of over 35 attorneys who have decades of combined antitrust and MDL experience. *See* Exh. 1 (CPM Antitrust Resume).

CPM has recovered billions for consumers and business in the past several years alone. CPM regularly ranks as one of the top firms in the United States for antitrust litigation. The Antitrust, UCL, and Privacy Section of the California Lawyers Association (f/k/a/ The State Bar of California) named our founding partner, Joseph Cotchett, as the Antitrust Lawyer of the Year in 2011. In 2019, the American Antitrust Institute ("AAI") recognized the work of Adam Zapala, the lead partner in CPM's antitrust and unfair business practice group, and his colleagues in the groundbreaking *Auto Parts* antitrust litigation, where CPM represents the end-payor plaintiffs and have recovered over $1 billion in settlements on their behalf. The American Antitrust Institute has honored our attorneys with multiple awards, and our attorneys regularly appear on the Super Lawyers Top Lists.

CPM has served in leadership roles on several complex antitrust actions, including *In re Automotive Parts Antitrust Litig.*, No. 2:12-md-02311 (E.D. Mich.) (appointed co-lead counsel for end-payor plaintiffs, resulting in more than $1.2 billion in settlements to date); *In re Broiler*

*Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill.) (appointed co-lead counsel, resulting in more than $104 million in settlements on behalf of the commercial indirect class); *In re Capacitators Antitrust Litigation*, No. 3:17-md-02801 (N.D. Cal.) (appointed lead counsel for indirect purchasers of electrolytic and film capacitors, recovering $80.4 million for the classes); *In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. 3:07-cv-05634 (N.D. Cal.) (appointed as co-lead counsel, resulting in settlements of more than $148 million); and *In re Domestic Airline Travel Antitrust Litig.*, No. 19-7058 (D.C. Cir. 2021) (appointed as co-lead counsel for purchasers or air transportation and recovered $60 million for the class).

### B. CPM Has A Longstanding Ability To Work Cooperatively With Others

CPM has a long-standing ability to work cooperatively with others, as evidenced by the dozens of cases in which CPM has served as lead counsel, co-lead, or served on an executive committee. In the present litigation, private plaintiffs have organized themselves into a private entities class while CPM seeks to represent the Governmental Entities Class, and has the skills and experience to effectively coordinate with private plaintiffs as interim lead counsel for government entities. CPM is already working with all the other Plaintiffs' counsel who have appeared in this case and with Defense Counsel to comply with the Court's September 17, 2024 Order Setting an Initial Case Management Conference ("Order"). CPM, along with other Plaintiffs who have appeared in this case, are filing a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b), including a preliminary statement of facts and a separate list of related cases pending in state or federal court – all as requested by the Court. Order, p. 2-3.

### C. CPM Has Extensive Experience Representing Government Entities

In addition to expertise in antitrust and MDL matters, CPM has broad experience representing government and public entities. CPM has had extensive experience in representing government bodies, including representation of multiple California school districts against Juul Labs, Inc. for the company's devious marketing strategy targeting minors. *South San Francisco Unified School District v. Juul Labs, Inc.*, No. 19-md-02913-WHO (N.D. Cal.); *San Mateo Foster City School District v. Juul Labs, In*c., No. 3:19-cv-8169 (N.D. Cal.). Additionally, CPM has represented public school districts in litigation alleging numerous social media companies maliciously used artificial intelligence to target and keep young users engaged while negatively affecting their mental health. *San Mateo County Board of Education and Nancy Magee v. YouTube, LLC, et al.*, No. 3:23-cv-01108 (N.D. Cal). Furthermore, CPM has filed litigation on behalf of the County of San Mateo against 20 different opioid manufacturers, including Purdue Pharma and Johnson & Johnson, which sought to recover costs incurred by the opioid crisis. *County of San Mateo, California, v. Purdue Pharma L.P. et al*, No. 3:19-cv-00949 (N.D. Cal.).

CPM has represented government entities in an antitrust action against two blood plasma companies for coordinated supply reductions, *County of San Mateo v. CSL Limited*, C10-05686-SBA (N.D. Cal. Aug. 30, 2013) and in a class action against lead manufacturers which alleged several causes of action in connection with the dangers of lead paint, *County of Santa Clara v. Atlantic Richfield Co.*, 137 Cal.App.4th 292, 40 Cal. Rptr. 3d 313 (Cal Ct. App. 2006). CPM also represented a non-profit organization in an action against coastal landowners who closed public access to a beach. *Surfrider Found. v. Martins Beach 1, LLC*, 14 Cal. App. 5th 238, 221 Cal. Rptr. 3d 382 (2017). Finally, CPM represented the City of San Jose in defending their novel law

requiring firearm owners carry liability insurance. *Glass v. City of San Jose*, 5:22-cv-02533 NC (N.D. Cal. Apr. 26, 2022).

CPM has a strong record of recovering high dollar amounts for government plaintiffs. In *In re Nat. Gas. Anti-Tr. Cases, Cases I, II, III, & IV*, No. 4221, 2002 WL 31570926 (Cal. Super. Ct. Oct 16, 2002), CPM represented 11 public entities and others for the alleged reporting of false information by non-core natural gas retailers to published price indices to manipulate the natural gas market during the California energy crisis. CPM successfully prosecuted and recovered $124 million in settlements.

CPM also represents government and public entities in ongoing antitrust litigation. In *In re: Municipal Derivatives Antitrust Litigation*, 252 F.R.D. 184 (S.D.N.Y 2008), CPM represents dozens of public entities in complex litigation alleging a conspiracy to manipulate the bidding process for municipal investments of bond funds by financial institutions, insurance companies and brokers in the multi-billion dollar derivatives market. In *In re Ambac Bond Ins. Cases*, 2016 WL 661903 (Cal. Ct. App. Feb 18, 2016), CPM represents public entities and non-profit organizations alleging that bond insurance companies and the credit rating agencies colluded to suppress their credit ratings; forcing them to buy bond insurance before they issued bonds at a cost of millions of dollars. CPM also represents more than a dozen public entities in *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 962 F. Supp. 2d 606 (S.D.N.Y 2013) who invested in financial instruments with interest rates that were set to the London Interbank Offered Rate (LIBOR). The complaints allege that member banks conspired to suppress LIBOR, both to reduce the amounts they were required to pay on LIBOR-based transactions, and to increase their perceived credit strength in the market.

### D. CPM Has Deep Experience In This Type Of Litigation.

CPM has deep experience in this type of litigation, and the firm has access to sufficient resources to advance the litigation in a timely manner. CPM is a firm of 36 attorneys with four decades of combined experience in antitrust and consumer class action litigation. CPM has the resources necessary to litigate and fund long-term cases.

CPM currently serves as leadership in numerous ongoing cases where it has devoted substantial time and finances to successfully litigating these matters. CPM serves as co-lead counsel for end-payor plaintiffs against a number of automotive parts suppliers in *In re Automotive Parts Antitrust Litig.*, No. 2:12-md-02311 (E.D. Mich.). To date, CPM has recovered over $1.2 billion for the indirect purchaser classes. *In re Google Play Consumer Antitrust Litigation*, No. 20-cv-05761, (N.D. Cal.), CPM serves on the Steering Committee and represents consumers of Android apps and in-app purchases against Google for allegedly and unlawfully maintaining a monopoly in the Android application distribution market. Google and Consumer Plaintiffs reached an agreement in principle to settle the case in September 2023, which specifies that Google will pay approximately $700 million to reimburse consumers for their allegedly inflated app purchases. In *In re Air Cargo Shipping Servs. Antitrust Litig.*, No. 06-MD-1175 JG VVP, 2015 WL 5093503 (E.D.N.Y. July 10, 2015), CPM served as co-lead counsel for purchasers of freight forwarding services from freight forwarders who allegedly engaged in a conspiracy to unlawfully inflate and fix prices. CPM recovered approximately $450 million for the class.

The individual lawyers at CPM who will be working on the case include, but are not limited to:

9

**JOSEPH W. COTCHETT** – As stated by the National Law Journal, Joseph W. Cotchett is considered by plaintiffs and defense attorneys alike to be one of the foremost trial lawyers in the country. He has been named one of the 100 most influential lawyers in the nation for the past 20 years. In recent years, he has been in the Top 3 for best attorneys in Northern California. In 2019 he was named Consumer Attorney of the Year for his 20-year fight against lead paint manufacturers for poisoning California's most vulnerable children, with a judgement of over $1 billion for communities. In the 1980s, Cotchett won mammoth judgments and settlements for investors in white-collar fraud cases, with jury verdicts of more than $200 million arising out of the collapse of the Technical Equities Corp. in San Jose. He is known nationally as the lead trial lawyer for 23,000 plaintiffs in the *Lincoln Savings & Loan Association/American Continental Corp.* case in 1990 involving Charles Keating, his lawyers, accountants and bankers in Tucson, Arizona. He won one of the ten largest jury verdicts in US history, $3.3 billion. He obtained nearly $450 million in settlements from lawyers, accountants and other professionals caught up in the scandal.

The California Labor Federation honored Cotchett with its "Top Slugger for Workers" award in 2019, recognizing his decades of fighting for the working class. In 2020, Cotchett was named one of the Top 100 in California out of hundreds of attorneys. During his 60-plus year legal career, he has tried more than 100 cases to a jury, and settled hundreds more, winning numerous jury verdicts, ranging from multi-million dollar fraud, antitrust and securities jury verdicts to several defense verdicts in complex civil cases. He successfully negotiated multi-million-dollar settlements in qui tam lawsuits and in antitrust, securities, major fraud cases, and mass torts. Mr. Cotchett has an engineering degree from California Polytechnic State University and a law degree from University of California Law School, San Fransisco.

**KARIN SWOPE** – a partner at Cotchett Pitre & McCarthy, has over 30 years' experience litigating highly complex antitrust, consumer fraud and other class actions before federal district courts across the country.  She has litigated against big tech companies, including serving as lead counsel or on the executive committees in the *Apple Device Performance Litigation* No. 18-MD-2827 (N.D. Cal.) (resulting in a settlement of up to $500 million for Apple iPhone users); *Google RTB Consumer Privacy Litigation* No. 21-CV-02155 (N.D. Cal.) and *In re Zoom Video Communications, Inc. Privacy Litigation* No. 20-cv-02155 (N.D. Cal).  She has prosecuted highly complex antitrust and consumer actions in *Google Play Consumer Antitrust Litigation*, No. 20-cv-05761, (N.D. Cal.); *In re Bank of America Unemployment Benefits Litigation* No. 21-md-2992 (S.D. Cal.) and *Yardi Rental Antitrust Litigation*, No. 24-CV-063117 (Ca. Sup. Ct, Alameda Cnty).

Ms. Swope has served as an Adjunct Professor at Seattle University School of Law for over 15 years. She has previously served as President of Executive Committee of the Intellectual Property Section of the Washington State Bar Association.  Following her graduation from Columbia Law School, Karin served as a law clerk to the Honorable John C. Coughenour in the U.S. District Court for the Western District of Washington, and as a law clerk to the Honorable Robert E. Cowen of the U.S. Court of Appeals, Third Circuit in Trenton, New Jersey.

**ADAM ZAPALA -** lead partner in CPM's antitrust and unfair business practices group, has extensive experience litigating highly complex antitrust, consumer fraud, and other actions before federal district courts across the country. He has had primary responsibility for leading the prosecution of the highly complex actions: *Auto Parts, Capacitors, Resistors, Transpacific, Domestic Air, Broilers, Deere,* and *Freight Forwarders*. Adam is known for his deep understanding of antitrust law and class action practice and procedure.

11

Mr. Zapala has been recognized by courts, his peers, and by various publications for his outstanding work. Since 2014, he has been recognized as a Super Lawyer Rising Star, or Super Lawyer. In 2019, the American Antitrust Institute ("AAI") recognized the work of Mr. Zapala and his colleagues in the groundbreaking Auto Parts antitrust litigation, where CPM represents the end-payor plaintiffs and have recovered over $1 billion in settlements on their behalf. In 2020, the Daily Journal recognized Mr. Zapala as one of the top antitrust lawyers in California. His work on cases has regularly appeared in Top Settlements & Verdicts.

Mr. Zapala received a B.A. from Stanford University and his J.D. from University of California Law School, San Fransisco. Prior to joining CPM, he worked at Davis, Cowell & Bowe, LLP in San Francisco, where he represented labor unions, Taft-Hartley Pension and Health & Welfare funds, and employees and consumers in complex litigation, arbitration and NLRB proceedings. While at DCB, Mr. Zapala served as trial counsel in countless arbitrations on behalf of labor unions and employee benefit funds. He has argued cases before the California First, Third, and Sixth District Courts of Appeal.

**TOM LOESER** – a partner at Cotchett Pitre & McCarthy, represents consumers in nationwide action cases and individuals in *qui tam* whistleblower cases. Mr. Loeser is an AV Preeminent Rated Super Lawyer and member of Law Dragon's 500 Leading Lawyers in America and the National Trial Lawyers Top 100 Trial Lawyers. Mr. Loeser adds a hard science, and a high-technology career to his 25 years of litigation, including 18 years in class actions and his first five years as a U.S. Prosecutor. Mr. Loeser's technology career included an MBA, writing code for the Treasury at Microsoft, a financial analyst position at the Hewlett-Packard Company and two years of technology licensing in Silicon Valley.

Mr. Loeser has worked extensively on many of the largest consumer class cases in U.S. history. These include legion auto defect cases such as the $10 billion *Volkswagen "Clean Diesel"* MDL and the related $1.3 billion *Volkswagen Franchise Dealer* litigation. Mr. Loeser has worked on dozens of data breach and privacy cases including the massive 2022 T-Mobile data breach cases where Mr. Loeser was appointed to leadership, and the antitrust case against Meta for its abusive collection of consumer data.

**VASTI MONTIEL** – a senior associate at Cotchett, Pitre & McCarthy, has a practice focusing on consumer protection class actions, commercial litigation and securities. Ms. Montiel received her J.D. from Santa Clara University School of Law. During law school she participated in the Litigation Skills Clinic through the Community Law Center. Through the clinic, she was able to assist clients with enforcing their consumer rights against various unfair practice creditors and debt buyers. Ms. Montiel also participated in various community outreach programs such as the Bridge to Justice Clinic and the Workers' Rights Clinic. She currently volunteers with Santa Clara University School of Law as 1L Alumni Mentor.

**ELLEN WEN –** an associate at Cotchett Pitre & McCarthy, has a practice including Antitrust actions, Consumer Protection Class actions, False Claims/Whistleblower Law, Shareholder Rights/Corporate Governance, Environmental Law, Privacy & Intellectual Property, and Securities/Financial Fraud. Ms. Wen received her J.D. From the University of Washington School of Law. During law school she helped represent people who have been abused or harmed by the police or other public officials in civil rights actions as a member of the Civil Rights and Justice Clinic. Ms. Wen also served as the Editor-in-Chief and Chief of Diversity and Inclusion of the Washington Journal of Social and Environmental Justice and served a judicial extern for Judge

Tana Lin at the Western District of Washington and Justice Mary Yu at the Washington State Supreme Court.

**MARY T. TORRES --** Counsel for the governmental entities class also requests Mary T. Torres be appointed Liaison Counsel to the Governmental Entities class. Ms. Torres primarily handles civil litigation matters and has extensive experience in civil rights and governmental liability related matters. Her firm has successfully defended governmental entities and employers for over 30 years. Ms. Torres focuses her practice on civil litigation and defense of governmental entities in complex litigation matters. She represents the state and its agencies, and government employees, and finds that work the most rewarding.

Ms. Torres is a thirteenth-generation native New Mexican who received her bachelor's degree *cum laude* from New Mexico Tech in 1983. She was an educator in her hometown of Socorro, New Mexico, at Socorro High School for six years before attending law school at the University of New Mexico, where she received her Juris Doctor in 1992.

Ms. Torres is very active in bar activities on a state and national level. Ms. Torres was President of the State Bar of New Mexico in 2002, and she was the first Hispanic woman to serve as President of any State Bar Association in this country. On a national level, she has served on numerous committees and commissions of the American Bar Association. She currently serves on the Commission on Women. She served on the Executive Council of the National Conference of Bar Presidents from 2002-2005, and served as president of that organization in 2009-2010, serving as the first Hispanic woman to lead the organization. Ms. Torres is a member of the Minority Caucus of the House of Delegates and served as an officer for several years. Ms. Torres is a member of the New Mexico Hispanic Bar Association, and the HNBA. Ms. Torres served as Secretary of

the American Bar Association from August 2014-August 2017, as the first Hispanic woman to hold this position.

### E. Attorney Fee Proposal

Plaintiffs submit an attorney fee proposal, consistent with 10th Circuit law, for attorney fees to be awarded on the percentage of the fund method, which awards class counsel a share of the benefit achieved for the class. *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455, 458 (10th Cir. 2017). The other method is the lodestar determination. *Id.* The Tenth Circuit has "approved both methods in common-fund cases, although expressing a preference for the percentage of the fund approach." *Voulgaris v. Array Biopharma, Inc.*, 60 F.4th 1259, 1264 (10th Cir. 2023) (holding that "the district court properly exercised its discretion in determining that 33% falls within the range of fee percentages awarded in securities class actions and other comparable complex class actions in this Circuit."). The Tenth Circuit has declined to pronounce a bright-line benchmark, and instead has stated that "awards across a range of percentages may be reasonable." *Voulgaris v. Array Biopharma, Inc.*, 60 F.4th 1259, 1263–64 (10th Cir. 2023*) See Brown*, 838 F.2d at 455 n.2 (collecting cases treating awards from 22% to 37.3% reasonable); *Uselton v. Com. Lovelace Motor Freight, Inc.,* 9 F.3d 849, 854 (10th Cir. 1993) (affirming a 29% fee and observing "the district court arrived at a percentage near the top of the range for comparable common fund cases"). Accordingly, Plaintiffs will submit an attorney fee proposal for complex class actions that will be upheld under Tenth Circuit law.

### V. **CONCLUSION**

CPM has the requisite experience and substantial resources to effectively litigate for the involved government entities against the Defendants. For the foregoing reasons, we respectfully

ask this Court to appoint CPM as Interim Lead Counsel or Interim Co-Lead Counsel on behalf of Governmental Entities.

Dated: October 15, 2024

By: /s/Karin B. Swope
KARIN B. SWOPE (*Pro Hac Vice*)
ELLEN WEN (*Pro Hac Vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
999 Northlake Way Ste 215
Seattle, WA 98103
Telephone: (206) 778-2123
Facsimile: (650) 697-0577
Email: kswope@cpmlegal.com
　　　　Ewen@cpmlegal.com

JOSEPH W. COTCHETT (*Pro Hac Vice*)
ADAM ZAPALA (*Pro Hac Vice*)
VASTI S. MONTIEL (*Pro Hac Vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road Burlingame, CA 94010
Telephone: (650) 697-6000
Fac: (650) 697-0577
Email: jcotchett@cpmlegal.com
　　　　azapala@cpmlegal.com
　　　　vmontiel@cpmlegal.com

*Counsel for San Mateo County and City of San Jose* and Proposed Interim Lead Counsel or Interim Lead Co-Counsel for the Government Entities Class

By: /s/ Mary T. Torres
Mary T. Torres – NM Bar # 7279
Law Offices of Mary Torres
201 Third Street NW, Suite 1950
Albuquerque, NM 87102
Telephone: (505) 944-9030
Facsimile: (505) 944-9091
Email: Mtt@marytorreslaw.com

*Local Counsel for San Mateo County and City of San Jose and* Proposed Interim Liaison Counsel for the Government Entities Class

## **CERTIFICATE OF SERVICE**

      I, the undersigned, do hereby certify that on October 18, 2024, I electronically filed a true and correct copy of the foregoing document with the Clerk of this Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record receiving electronic notification.

By: */s/ Mary T. Torres*
Mary T. Torres