IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: SHALE OIL ANTITRUST LITIGATION    Case No. 1:24-md-03119-MLG-LF

This Order Relates to All Cases

## INITIAL SCHEDULING ORDER

Having reviewed the parties' submissions and heard argument at the initial conference held on November 6, 2024, the Court adopts the following schedule for this litigation. The dates set out below shall be computed in accordance with Federal Rule of Civil Procedure 6. *See* Fed. R. Civ. P. 6(a).

| Event | Deadline/Setting |
|---|---|
| Renewed Rule 26(f) conference amongst parties (if needed) | Within 14 days after Initial Scheduling Order is entered |
| Consolidated complaint(s) filed | 21 days after Initial Scheduling Order is entered |
| Initial Rule 26(a) disclosures and stipulated supplemental disclosures, *see* Doc. 60-1, exchanged | 35 days after Initial Scheduling Order is entered |
| Deadline for defendants to file motions to dismiss | 45 days after filing of consolidated complaints |
| Parties exchange discovery protocols including stipulated Electronically Stored Information, protective orders or briefs, deposition protocols, document retention policies, etc. | 60 days after Initial Scheduling Order is entered |
| Deadline for plaintiffs to file responses to motions to dismiss | 45 days after filing of Motions to Dismiss (MTD) |
| Parties submit final deposition protocols and expert stipulations and present remaining disputes to the Court | 120 days after Initial Scheduling Order is entered |
| Deadline for defendants to reply to plaintiffs' MTD responses | 30 days after filing of MTD responses |

| | |
|---|---|
| Initial requests for production of "structured data"  *See generally* Doc. 60 at 4. | 20 days after the Court issues rulings on MTD[1] |
| Responses and objections to requests for production (RFPs) served prior to Court's order ruling on MTD | 30 days after Court rules on MTD |
| Producing parties must exchange identities of document custodians and procedures for review of documents  Deadline for parties to agree to schedule exchange of data and necessary information for review of data  *See generally* Doc. 60 at 4. | 40 days after Court rules on MTD |
| Defendants file answers to consolidated complaints | 60 days after Court rules on MTD |
| Deadline for motions re: discovery disputes over initial disclosures, initial RFPs, etc.  *See generally* Doc. 60 at 4. | 75 days after Court rules on MTD |
| Deadline for parties to begin rolling productions of documents in response to initial RFPs | 90 days after Court rules on MTD |
| Deadline to join additional parties absent good cause | 200 days after Court rules on MTD |
| Deadline for substantial completion of document productions | 315 days after Court rules on MTD |
| Deadline for substantial completion of production of final privilege logs and redacted documents | 345 days after Court rules on MTD |
| Deadline for completion of fact discovery | 515 days after Court rules on MTD |

## CLOSE OF FACT DISCOVERY

| **Event** | **Deadline/ Setting** |
|---|---|
| Deadline to serve all expert reports for which a party has the burden of proof (*including class and merits reports*) | 545 days after Court rules on MTD |
| Deadline to serve opposition expert reports | 590 days after Court rules on MTD |

---

[1] This schedule presumes discovery will continue after the Court issues rulings on motions to dismiss, assuming the parties file motions to dismiss. Depending on the Court's ultimate disposition, the schedule as set forth may require alteration. The Court will notify the parties and convene to resolve issues that may arise.

| | |
|---|---|
| Deadline to serve reply expert reports | 635 days after Court rules on MTD |
| Deadline for all expert depositions to have been taken (*including class and merits experts*) | 700 days after Court rules on MTD |
| Deadline for plaintiffs to file motions for class certification  Deadline for parties to file *Daubert* motions seeking to exclude expert opinions | 730 days after Court rules on MTD |
| Deadline for defendants to file responses to motions for class certification  Deadline for all parties to file and serve any responses to *Daubert* motions | 760 days after Court rules on MTD |
| Deadline for plaintiffs to file replies in support of motions for class certification  Deadline for all parties to file and serve any replies in support of *Daubert* motions | 790 days after Court rules on MTD |
| Summary judgment motions due | 820 days after Court rules on MTD |
| Responses to summary judgment motions due | 865 days after Court rules on MTD |
| Replies to summary judgment motions due | 905 days after Court rules on MTD |

The parties disputed only two aspects of their proposed case schedule. Doc. 60. First, the plaintiffs sought disclosure of "all non-duplicative document productions [defendants] made to the FTC and DOJ, and the U.S. Congress and allegations of collusion identified in the FTC's complaints directed to Exxon/Pioneer and Chevron/Hess, dated May 2, 2024, and September 30, 2024, respectively." Doc. 60-4 at 4 (footnotes omitted). As suggested at the initial conference, the Court denies the plaintiffs' request. Initial Hearing Tr. (Nov. 6, 2024) at 68:1-10. Instead, the plaintiffs may seek discovery of these documents through properly submitted requests for production and subject to the defendants' objections.

Second, the parties disagreed as to whether expert reports regarding class certification issues will be due on the same date as expert reports pertaining to merits issues. Doc. 60-4 at 45. Having received notice of the parties' failure to resolve this dispute, the Court accepts the plaintiffs'

3

proposal and sets a single deadline for the submission of all expert opening reports, including class certification and merits experts. Doc. 60-2 at 1.

## Monthly Status Conferences

Beginning March 18, 2025, the Court will convene a status conference in this litigation at 9:30 AM (MST) on the third Tuesday of each month,[2] subject to the Court's calendar. At least one member of the interim plaintiffs' co-lead counsel, in addition to interim plaintiffs' liaison counsel, must be present at each status conference. Each named defendant must have a lawyer in attendance. All attorneys at the status conference must be prepared to address any pending disputes or issues identified in the joint report.

At these status conferences, the Court intends to address any issues, disputes, or concerns the parties may have. To that end, interim co-lead counsel for the plaintiffs shall (1) confer with the defendants before each scheduled conference and attempt to resolve outstanding disputes and (2) provide the court at least seven days prior to the conference a joint report listing all motions and other matters the parties anticipate addressing at the conference. The joint report is to additionally contain:

> (1) a brief summary of progress made on the case;
>
> (2) a list of all disputes requiring the Court's attention, the parties' disparate positions on the dispute, and any efforts made to resolve the dispute before requesting Court intervention;
>
> (3) an update on the progress of settlement discussions; and
>
> (4) any other information the parties deem necessary.

---

[2] *See* Doc. 77 at 1.

Motions may be heard at the monthly status conferences. The Court will provide the parties advance notice if the Court intends to entertain argument on a motion at a monthly status conference. The parties may request to argue motions before the Court at monthly status conferences. However, those motions must be fully briefed at least fourteen days before the monthly status conference is to be held.

The first regular status conference will take place at 9:30 AM on Tuesday, March 18, 2025, in the Cimarron Courtroom of the Pete V. Domenici Courthouse, 333 Lomas Blvd NW, Albuquerque, New Mexico 87102.

Absent extraordinary circumstances, the Court will deny motions for permission to appear remotely.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA