IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

---

IN RE: SHALE OIL ANTITRUST LITIGATION　　　Case No. 1:24-md-03119-MLG-LF

This Order Relates to All Cases

### ORDER APPOINTING INTERIM LEADERSHIP STRUCTURE

It is ordered as follows:

<u>Organization of Counsel</u>

Having carefully reviewed the parties' submissions and having heard the parties' arguments at the initial conference, the Court makes the difficult decision of selecting interim leadership. Each of the attorneys and law firms who moved for appointment, *see generally* Docs. 53; 55; 56; 57; 71, is undoubtedly qualified and would contribute significant experience, diligence, and wisdom over the course of this litigation. The Court notes the formidable antitrust expertise shared among both plaintiff and defense counsel. However, in the interests of assuring the efficient, expeditious, and economical resolution of the underlying matter, the Court appoints the following lawyers as interim plaintiffs' liaison and lead counsel. *See* Fed. R. Civ. P. 23(g); MCL 4th § 21.27.

The Court appoints as interim plaintiffs' liaison counsel Christopher Dodd of Dodd Law Office, LLC. The role of interim liaison counsel includes the following:

1. Liaising with plaintiffs' attorneys who file cases in this multidistrict litigation (MDL) and who are not appointed to leadership in this MDL;

2. Preparing, maintaining, and transmitting copies of documents served in this MDL;

3. Maintaining the Court's orders and notices and the same from the Judicial Panel on Multidistrict Litigation (JMPL) for all plaintiffs' counsel;

1

4. Coordinating between the MDL and currently pending actions not consolidated and those later filed; and

5. Attending all case management meetings prepared to address any pending disputes or issues between the parties.

The Court appoints as interim co-lead plaintiffs' counsel Patrick Coughlin of Scott + Scott Attorneys at Law LLP, Michael Dell'Angelo of Berger Montague, and Karin Swope of Cotchett, Pitre & McCarthy LLP to represent a putative class of all end purchasers of petroleum or petroleum derived products.[1] Plaintiffs' interim co-lead counsel shall have the following duties:

1. Organize plaintiffs' counsel and designate at least one attorney among themselves to attend case management meetings prepared to address any pending disputes or issues between the parties on plaintiffs' behalf;

2. Supervise the work and time keeping records of plaintiffs' counsel;

3. Delegate tasks and ensure this Court's schedule is adhered to absent extraordinary circumstances;

4. Speak on plaintiffs' behalf at all conferences and hearings;

5. Determine the plaintiffs' position on matters arising during the pretrial proceedings, and present that position in pleadings, briefs, motions, oral argument, or as otherwise appropriate, personally or by a designee;

6. Liaise with defense counsel;

7. Enter into stipulations with the defendants;

---

[1] The motions for appointment of interim lead and liaison plaintiffs' counsel contemplated the formation of two putative classes. Docs. 53; 55; 56; 57; 71. The Court need not decide (even preliminarily) on that issue now. The class definition—and any subclasses—may be defined as the case proceeds. *See* Fed. R. Civ. P. 23(c).

8. Initiate and conduct discussions and negotiations with counsel for defendants on all matters, including settlement;

9. Schedule and engage in settlement negotiations with the defendants, and if there is a settlement, propose a claims protocol and/or plan of allocation;

10. Sign and file all pleadings relating to all actions in the MDL;

11. Consult with and employ expert witnesses;

12. Enter into contracts and other agreements with expert witnesses or vendors—such as a document depository vendor or court-reporting services—as necessary to litigate this MDL;

13. Perform such other duties as are necessary;

14. Coordinate the preparation and presentation of all of plaintiffs' claims and coordinate all proceedings;

15. Encourage full cooperation and efficiency among all plaintiffs' counsel; and

16. Assess plaintiffs' counsel for the costs of the litigation.

Each plaintiffs' counsel in this action is ordered to create and maintain contemporaneous records of their time and expenses devoted to this litigation. Those records must reflect:

1. the date of the legal service rendered or expense incurred;

2. the nature of the service or expense; and

3. the number of hours or amount of the expense.

These records, beginning in January 2025, shall be submitted in summary form by the end of each month to the interim co-lead plaintiffs' counsel. Interim co-lead plaintiffs' counsel may appoint among themselves which counsel shall receive and review these records.

Any discussions of a settlement that would affect any claims brought in this litigation, other than claims of an individual plaintiff or class member, must be conducted by plaintiffs' interim co-lead counsel. Any proposed settlement that resolves, in whole or in part, the claims brought in this action shall first be subject to review and approval by the Court in this litigation.

The Court (at least for now) refrains from forming and appointing members of a proposed plaintiffs' counsel executive committee. *See* MCL 4th § 10.221. Instead, the Court defers the decision to lead counsel. If the plaintiffs' interim co-lead counsel wish to form an executive committee, they shall submit a list of proposed members for the Court's approval. If an executive committee is formed, plaintiffs' interim co-lead counsel shall chair it. Chairs will be responsible for scheduling executive committee meetings and setting agendas.

The Court may alter the leadership structure as circumstances warrant, either on a party's motion or sua sponte.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA