## APPENDIX B – STATES APPLYING *AGC* OR SIMILAR FACTORS

| State | Basis for Lack of Antitrust Standing | Supporting Authorities |
|---|---|---|
| **Alabama** | State Would Likely Adopt *AGC* or Similar Factors | *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 545 (N.D. Ill. 2019) (finding "the presence of a statutory harmonization provision (either statutory or common law), absent any countervailing statutory law or case law from a state appellate court, is sufficient to permit a district court to apply federal antitrust-standing law—including *AGC*—to claims brought under that state's antitrust laws" and concluding Alabama would apply *AGC* factors). |
| **Arizona** | State Would Likely Adopt *AGC* or Similar Factors | *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 545 (N.D. Ill. 2019) (concluding Arizona would apply *AGC* factors); *In re Interior Molded Doors Antitrust Litig.*, Nos. 3:18-cv-00718, 3:18-cv-00850, 2019 WL 4478734, at *16 (E.D. Va. Sept. 18, 2019) (same); *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2013 WL 1431756, at *10 (E.D. Mich. Apr. 9, 2013) (same). |
| **California** | State Would Likely Adopt *AGC* or Similar Factors | *In re Am. Express Anti-Steering Rules Antitrust Litig.*, 433 F. Supp. 3d 395, 413-14 (E.D.N.Y. 2020) (concluding California would apply *AGC* factors), *aff'd*, 19 F.4th 127 (2d Cir. 2021); *In re Interior Molded Doors Antitrust Litig.*, Nos. 3:18-cv-00718, 3:18-cv-00850, 2019 WL 4478734, at *16 (E.D. Va. Sept. 18, 2019) (same); *Contant v. Bank of Am. Corp.*, No. 17-cv-3139, 2018 WL 1353290, at *3 (S.D.N.Y. Mar. 15, 2018) (same); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9-cv-3690, 2015 WL 3988488, at *8 (N.D. Ill. June 29, 2015) (same); *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2013 WL 1431756, at *10 (E.D. Mich. Apr. 9, 2013) (same); *Sahagian v. Genera Corp.*, No. CV 08-7613, 2009 WL 9504039, at *6 (C.D. Cal. July 6, 2009) (same). |
| **Colorado** | State Law Interpreted In Harmony with Federal Law | *USI Ins. Servs., LLC v. Morris*, No. 22-cv-3180, 2024 WL 1436316, at *6 (D. Colo. Feb. 21, 2024) (quoting *Arapahoe Surgery Ctr., LLC v. Cigna Healthcare, Inc.*, 80 F. Supp. 3d 1257, 1262-63 (D. Colo. 2015)) ("[The Colorado Antitrust] Act is the state law analogue to the Sherman Act," and "[because] federal antitrust law principles apply to both federal and state antitrust claims," both claims may be analyzed together.). |

| State | Basis for Lack of Antitrust Standing | Supporting Authorities |
|---|---|---|
| **Connecticut** | State Has Adopted *AGC* | *Brown v. Hartford Healthcare Corp.*, No. 03-cv-22-6152239-S, 2023 WL 7150051, at *7 (Conn. Super. Ct. Oct. 26, 2023) ("In adopting § 35-46a, the legislature opened the door to indirect purchasers, but not to 'all [indirect] injuries that might be conceivably traced to an antitrust violation,'" thus applying a "modified version of the *AGC* factors." (alteration in original) (citation omitted)). |
| **District of Columbia** | State Has Adopted *AGC* | *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 541-42 (N.D. Ill. 2019) (citing *Peterson v. Visa U.S.A., Inc.*, No. Civ. A. 03-8080, 2005 WL 1403761, at *5 (D.C. Super. Ct. Apr. 22, 2005)) ("Absent any binding District of Columbia authority to the contrary, the *Peterson* decision and the deferential harmonization provision remain the best indicators of how the District of Columbia Court of Appeals . . . would address the issue, and both lean in favor of applying *AGC* to Plaintiffs' antitrust claim under District of Columbia law."); *Peterson v. Visa U.S.A., Inc.*, No. Civ. A. 03-8080, 2005 WL 1403761, at *5 (D.C. Super. Ct. Apr. 22, 2005) (applying *AGC* to District of Columbia Antitrust Act claim). |
| **Hawaii** | State Would Likely Adopt *AGC* or Similar Factors | *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 545 (N.D. Ill. 2019) (concluding Hawaii would apply *AGC* factors). |
| **Illinois** | State Has Adopted *AGC* | *County of Cook v. Philip Morris, Inc.*, 353 Ill. App. 3d 55, 66 (1st Dist. 2004) (applying directness prong from *AGC*); *O'Regan v. Arb. Fs., Inc.*, 121 F.3d 1060, 1066 (7th Cir. 1997) ("Federal antitrust standing rules apply under the Illinois Antitrust Act."); *United States ex rel. Blaum v. Triad Isotopes, Inc.*, 104 F. Supp. 3d 901, 930 (N.D. Ill. 2015) (applying *AGC* citing *Philip Morris* and *O'Regan*). |
| **Iowa** | State Has Adopted *AGC* | *Southard v. Visa U.S.A. Inc.*, 734 N.W.2d 192, 198 (Iowa 2007) (holding that "the *AGC* test is more reflective of the legal context within which the Iowa legislature enacted Iowa's competition law" and applying *AGC* factors); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 542 (N.D. Ill. 2019) (concluding Iowa would apply *AGC* factors). |

| State | Basis for Lack of Antitrust Standing | Supporting Authorities |
|---|---|---|
| **Kansas** | State Would Likely Adopt *AGC* or Similar Factors | *Wrobel v. Avery Dennison Corp.*, No. 05-cv-1296, 2006 WL 7130617, at *4 (Kan. Dist. Ct. Feb. 1, 2006) (suggesting *AGC* factors apply to Kansas antitrust law); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9-cv-3690, 2015 WL 3988488, at *9 (N.D. Ill. June 29, 2015) ("[T]he Court is persuaded that the Kansas Supreme Court would apply *AGC* in interpreting antitrust standing under [the Kansas Restraint of Trade Act]."). |
| **Maine** | State Would Likely Adopt *AGC* or Similar Factors | *Knowles v. Visa U.S.A., Inc.*, No. Civ.A. CV-03-707, 2004 WL 2475284, at *5 (Me. Super. Ct. Oct. 20, 2004) ("It is probable that the Maine Law Court, if presented with this issue, would look to the *Associated General Contractors* factors in determining standing under Maine's antitrust laws and would apply those factors except to the extent that those factors cannot be reconciled with the legislature's adoption of the *Illinois Brick* repealer."); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 543 (N.D. Ill. 2019) (concluding Maine would apply *AGC* factors); *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2013 WL 1431756, at *10 (E.D. Mich. Apr. 9, 2013) (same); *Sahagian v. Genera Corp.*, No. CV 08-7613, 2009 WL 9504039, at *6 (C.D. Cal. July 6, 2009) (same); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1094 (N.D. Cal. 2007) (same). |
| **Maryland** | State Has Adopted *AGC* | *Waldorf Shopping Mall, Inc. v. Great Atl. & Pac. Tea Co.*, No. 82-64, 1984 WL 15690, at *11 (Md. Cir. Ct. Feb. 16, 1984) (applying *AGC* factors); *Oliver v. Am. Express Co.*, No. 19-CV-00566, 2021 WL 386749, at *3 (E.D.N.Y. Feb. 1, 2021) (applying *AGC* to claim under Maryland antitrust law). |

| State | Basis for Lack of Antitrust Standing | Supporting Authorities |
|---|---|---|
| **Michigan** | State Has Adopted *AGC* | *Stark v. Visa U.S.A. Inc.*, No. 03-055030, 2004 WL 1879003, at *2-4 (Mich. Cir. Ct. July 23, 2004) (applying *AGC* factors); *Oliver v. Am. Express Co.*, No. 19-cCV-00566, 2021 WL 386749, at *3 (E.D.N.Y. Feb. 1, 2021) (concluding Michigan would apply *AGC* factors); *In re Interior Molded Doors Antitrust Litig.*, Nos. 3:18-cv-00718, 3:18-cv-00850, 2019 WL 4478734, at *16 (E.D. Va. Sept. 18, 2019) (same); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9-cv-3690, 2015 WL 3988488, at *10 (N.D. Ill. June 29, 2015) (same); *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2013 WL 1431756, at *10 (E.D. Mich. Apr. 9, 2013) (same); *In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litig.*, No. 12-169, 2013 WL 5503308, at *15 (D.N.J. Oct. 2, 2013) (same); *Sahagian v. Genera Corp.*, No. CV 08-7613, 2009 WL 9504039, at *6 (C.D. Cal. July 6, 2009) (same); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1094 (N.D. Cal. 2007) (same). |
| **Minnesota** | State Would Likely Adopt *AGC* or Similar Factors | *Supreme Auto Transp. LLC v. Arcelor Mittal*, 238 F. Supp. 3d 1032, 1039 & n.5 (N.D. Ill. 2017) (listing Minnesota as a state that "appl[ies] the *AGC* test in antitrust standing cases" and applying the *AGC* test to Minnesota claims), *aff'd sub nom. Supreme Auto Transp. LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735 (7th Cir. 2018); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9-cv-3690, 2015 WL 3988488, at *11 (N.D. Ill. June 29, 2015) (noting that "some of the *AGC* factors overlap with Minnesota's antitrust-standing inquiry" and analyzing those factors in denying standing); *Minn. Twins P'ship v. State ex rel. Hatch*, 592 N.W.2d 847, 851 (Minn. 1999) ("Minnesota's antitrust laws are generally interpreted consistently with federal courts' construction of federal antitrust laws."). |

| **State** | **Basis for Lack of Antitrust Standing** | **Supporting Authorities** |
|---|---|---|
| **Mississippi** | State Would Likely Adopt *AGC* or Similar Factors | *In re Interior Molded Doors Antitrust Litig.*, Nos. 3:18-cv-00718, 3:18-cv-00850, 2019 WL 4478734, at *14-15 (E.D. Va. Sept. 18. 2019) (concluding Mississippi would apply *AGC* factors); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 545 (N.D. Ill. 2019) (same); *Owens Corning v. R.J. Reynolds Tobacco Co.*, 868 So. 2d 331, 344 (Miss. 2004) (finding indirect purchasers' claims too remote to state a claim under Mississippi antitrust law). |
| **Nebraska** | State Has Adopted *AGC* | *Kanne v. Visa U.S.A. Inc.*, 723 N.W.2d 293, 299 (Neb. 2006) ("We conclude that appellants lack standing under *Associated General Contractors* to seek recovery for [appellees'] alleged violation of the Junkin Act."); *Tackit v. Visa U.S.A., Inc.*, No.Cl03-740, 2004 WL 2475281, at *1-2 (D. Neb. Oct. 19, 2004) (applying the *AGC* factors to a claim arising under Junkin Act); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420, 2014 WL 4955377, at *11 (N.D. Cal. Oct. 2, 2014) (holding that Nebraska would apply the *AGC* factors without significant modification). |
| **Nevada** | State Has Adopted *AGC* | *Nev. Recycling & Salvage, Ltd. v. Reno Disposal Co.*, 423 P.3d 605, 607-08 (Nev. 2018) (applying *AGC* factors); *In re Lithium Ion Batteries Antitrust Litig.*, No.13-MD-2420, 2014 WL 4955377, at *11 (N.D. Cal. Oct. 2, 2014) (holding that Nevada would apply the *AGC* factors without significant modification). |
| **New Hampshire** | State Would Likely Adopt *AGC* or Similar Factors | *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 545 (N.D. Ill. 2019) (concluding New Hampshire would apply *AGC* factors); *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2013 WL 1431756, at *10 (E.D. Mich. Apr. 9, 2013) (same). |

| State | Basis for Lack of Antitrust Standing | Supporting Authorities |
|---|---|---|
| **New Jersey** | State Would Likely Adopt *AGC* or Similar Factors | *Sickles v. Cabot Corp.*, 877 A.2d 267, 270 (N.J. Super. Ct. App. Div. 2005) ("We follow federal antitrust law in interpreting our own antitrust statute."); N.J. Stat. Ann. § 56:9-18 ("This act shall be construed in harmony with ruling judicial interpretations of comparable Federal antitrust statutes and to effectuate, insofar as practicable, a uniformity in the laws of those states which enact it."); *Van Natta Mech. Corp. v. Di Staulo*, 649 A.2d 399, 407 (N.J. Super. Ct. App. Div. 1994) (holding that "incidental" injury to plaintiff was not "direct enough" to permit standing for a state antitrust action). |
| **New Mexico** | State Has Adopted *AGC* | *Nass-Romero v. Visa U.S.A. Inc.*, 279 P.3d 772, 778-80 (N.M. Ct. App. 2012) (applying *AGC* factors); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 543-44 (N.D. Ill. 2019) (concluding New Mexico would apply *AGC* factors); *N.M. Oncology v. Presbyterian Healthcare Servs.*, 169 F. Supp. 3d 1204, 1206, 1209 (D.N.M. 2016) (applying *AGC* factors to New Mexico state antitrust claim). |
| **New York** | State Has Adopted *AGC* | *Oliver v. Am. Express Co.*, 19-CV-5666, 2020 WL 2079510, at *14 (E.D.N.Y. Apr. 30 2020) (holding that the *AGC* factors apply to claim under New York's Donnelly Act); *Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68 (2d Cir. 2013) ("We see no reason . . . to interpret the Donnelly Act differently than the Sherman Act with regard to antitrust standing."); *Ho v. Visa U.S.A. Inc.*, 3 Misc. 3d 1105(A), 2004 N.Y. Slip Op. 50415(U), at *2 Sup. Ct. N.Y. Cnty. 2004) (applying *AGC* factors), *aff'd*, 16 A.D.3d 256 (1st Dep't 2005); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MDL 2262, 2016 WL 7378980, at *24 (S.D.N.Y. Dec. 20, 2016) ("We conclude that the *AGC* factors apply to plaintiffs' Donnelly Act claims."). |

| State | Basis for Lack of Antitrust Standing | Supporting Authorities |
|---|---|---|
| **North Carolina** | State Has Adopted *AGC* | *Crouch v. Crompton Corp.*, Nos. 02 CVS 4375, 03 CVS 2514, 2004 WL 2414027, at *18 (N.C. Super. Ct. Oct. 28, 2004) (applying *AGC* factors); *In re Interior Molded Doors Antitrust Litig.*, Nos. 3:18-cv-00718, 3:18-cv-00850, 2019 WL 4478734, at *15 (E.D. Va. Sept. 18, 2019) (concluding North Carolina would apply *AGC* factors); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9-cv-3690, 2015 WL 3988488, at *15 (N.D. Ill. June 29, 2015) (same); *Sahagian v. Genera Corp.*, No. CV 08-7613, 2009 WL 9504039, at *6 (C.D. Cal. July 6, 2009) (same); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1094 (N.D. Cal. 2007) (same). |
| **North Dakota** | State Has Adopted *AGC* | *Beckler v. Visa U.S.A., Inc.*, No. Civ. 09-04-C-00030, 2004 WL 2475100, at *4 (D.N.D. Sept. 21, 2004) (applying *AGC* to North Dakota claim); *Sahagian v. Genera Corp.*, No. CV 08-7613, 2009 WL 9504039, at *6 (C.D. Cal. July 6, 2009) (concluding North Dakota would apply *AGC* factors); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1094 (N.D. Cal. 2007) (same). |
| **Oregon** | State Would Likely Adopt *AGC* or Similar Factors | *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp 3d 510, 545 (N.D. Ill. 2019) (concluding Oregon would apply *AGC* factors); *In re Interior Molded Doors Antitrust Litig.*, Nos. 3:18-cv-00718, 3:18-cv-00850, 2019 WL 4478734, at *16 (E.D. Va. Sept. 18, 2019) (same); *Or. Laborers-Emps. Health & Welfare Tr. Fund v. Philip Morris Inc.*, 185 F. 3d 957, 963 & n.4 (9th Cir. 1999) (applying *AGC* factors to Oregon state antitrust claim). |
| **Rhode Island** | State Would Likely Adopt *AGC* or Similar Factors | *Oliver v. Am. Express Co.*, No. 19-CV-00566, 2021 WL 386749, at *4 (E.D.N.Y. Feb. 1, 2021) (concluding Rhode Island would apply *AGC* factors); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 545 (N.D. Ill. 2019) (same); *Ocean View Cap. Inc. v. Sumitomo Corp. of Am.*, No. 98 CIV. 4067, 1999 WL 1201701, at *3-8 (S.D.N.Y. Dec. 15, 1999) (applying *AGC* factors to Rhode Island claim). |

| State | Basis for Lack of Antitrust Standing | Supporting Authorities |
|---|---|---|
| **South Dakota** | State Would Likely Adopt *AGC* or Similar Factors | *Oliver v. Am. Express Co.*, No. 19-CV-00566, 2021 WL 386749, at *4 (E.D.N.Y. Feb. 1, 2021) (concluding South Dakota would apply *AGC* factors); *In re Dealer Mgmt. Sys. Antirust Litig.*, 362 F. Supp. 3d 510, 544 (N.D. Ill. 2019) (same); *Sahagian v. Genera Corp.*, No. CV 08-7613, 2009 WL 9504039, at *6 (C.D. Cal. July 6, 2009) (same); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1094 (N.D. Cal. 2007) (same). |
| **Tennessee** | State Would Likely Adopt *AGC* or Similar Factors | *In re Dealer Mgmt. Sys. Antirust Litig.*, 362 F. Supp. 3d 510, 545 (N.D. Ill. 2019) (concluding Tennessee would apply *AGC* factors); *In re Interior Molded Doors Antitrust Litig.*, Nos. 3:18-cv-00718, 3:18-cv-00850, 2019 WL 4478734, at *16 (E.D. Va. Sept. 18, 2019) (same); *Supreme Auto Transp. LLC v. Arcelor Mittal*, 238 F. Supp. 3d 1032, 1039 (N.D. Ill. 2017) (same), *aff'd sub nom. Supreme Auto Transp. LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735 (7th Cir. 2018). |
| **Utah** | State Would Likely Adopt *AGC* or Similar Factors | *In re Dealer Mgmt. Sys. Antirust Litig.*, 362 F. Supp. 3d 510, 545 (N.D. Ill. 2019) (concluding Utah would apply *AGC* factors); *Supreme Auto Transp. LLC v. Arcelor Mittal*, 238 F. Supp. 3d 1032, 1039 (N.D. Ill. 2017) (applying *AGC* factors to Utah claim), *aff'd sub nom. Supreme Auto Transp. LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735 (7th Cir. 2018). |
| **Vermont** | State Would Likely Adopt *AGC* or Similar Factors | *In re Dealer Mgmt. Sys. Antirust Litig.*, 362 F. Supp. 3d 510, 544 (N.D. Ill. 2019) (concluding Vermont would apply *AGC* factors); *Supreme Auto Transp. LLC v. Arcelor Mittal*, 238 F. Supp. 3d 1032, 1039 n.5 (N.D. Ill. 2017) (same), *aff'd sub nom. Supreme Auto Transp. LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735 (7th Cir. 2018). |
| **West Virginia** | State Has Adopted *AGC* | *Aikens v. Debow*, 541 S.E.2d 576, 582 (W. Va. 2000) (applying *AGC* in tort context); *In re Dealer Mgmt. Sys. Antirust Litig.*, 362 F. Supp. 3d 510, 545 (N.D. Ill. 2019) (concluding West Virginia would apply *AGC* factors). |

| State | Basis for Lack of Antitrust Standing | Supporting Authorities |
|---|---|---|
| **Wisconsin** | State Has Adopted *AGC* | *Strang v. Visa U.S.A., Inc.*, No. 03 CV 011323, 2005 WL 1403769, at *3 (Wis. Cir. Ct. Feb. 8, 2005) (applying *AGC* factors); *Oliver v. Am. Express Co.*, No. 19-CV-00566, 2021 WL 386749, at *5 (E.D.N.Y. Feb. 1, 2021) (concluding Wisconsin would apply *AGC* factors); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 545 (N.D. Ill. 2019) (same); *Sahagian v. Genera Corp.*, No. CV 08-7613, 2009 WL 9504039, at *6 (C.D. Cal. July 6, 2009) (same); *In re G-Fees Antitrust Litig.*, 584 F. Supp. 2d 26, 41-42 (D.D.C. 2008) (same); *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2013 WL 1431756, at *10 (E.D. Mich. Apr. 9, 2013) (same); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1094 (N.D. Cal. 2007) (same). |