**APPENDIX C – STATUTORY & COMMON LAW HARMONIZATION**

| State | Statutory Harmonization Provision | Common Law Harmonization Recognition |
|---|---|---|
| **Alabama** | | *Vandenberg v. Aramark Edu. Servs., Inc.*, 81 So. 3d 326, 334 (Ala. 2011) (applying federal law to monopolization claims under Alabama Antitrust Act); *Clark Mem'ls of Ala. Inc. v. SCI Ala. Funeral Servs., LLC*, 991 F. Supp. 2d 1151, 1168 (N.D. Ala. 2014) ("The state and federal antitrust inquiries are essentially identical."). |
| **Arizona** | Ariz. Rev. Stat. Ann. § 44-1412 ("It is the intent of the legislature that in construing this article, the courts may use as a guide interpretations given by the federal courts to comparable federal antitrust statutes."). | *Grimmelmann v. Pulte Home Corp.*, No. CV-08-1878, 2009 WL 1211771, at *3 (D. Ariz. May 1, 2009) ("We construe [§ 44-1412] as we would the Sherman Act."). |
| **California** | | *Mailand v. Burckle*, 572 P.2d 1142, 1147 (Cal. 1978) ("Since the Cartwright Act is patterned after the Sherman Act (15 U.S.C. § 1 et seq.), federal cases interpreting the Sherman Act are applicable in construing our state laws."); *Tucker v. Apple Comput., Inc.*, 493 F. Supp. 2d 1090, 1102 (N.D. Cal. 2006) ("[C]ases construing the federal antitrust laws are permissive authority in interpreting the Cartwright Act."). |

| State | Statutory Harmonization Provision | Common Law Harmonization Recognition |
|---|---|---|
| **Colorado** | | *USI Ins. Servs., LLC v. Morris*, No. 22-cv-3180, 2024 WL 1436316, at *6 (D. Colo. Feb. 21, 2024) ("[The Colorado Antitrust] Act 'is the state law analogue to the Sherman Act,'" and "[because] federal antitrust law principles apply to both . . . federal and state antitrust claims[.]") (third and fourth alteration in original) (quoting *Arapahoe Surgery Ctr., LLC v. Cigna Healthcare, Inc.*, 80 F. Supp. 3d 1257, 1262-63 (D. Colo. 2015)), *report and recommendation adopted as modified by*, No. 22-cv-03180, 2024 WL 3085960 (D. Colo. Mar. 26, 2024). |
| **Connecticut** | Conn. Gen. Stat. Ann. § 35-44b ("[T]he courts of this state shall be guided by interpretations given by the federal courts to federal antitrust statutes."). | *Westport Taxi Serv., Inc. v. Westport Transit Dis.*, 664 A.2d 719, 728 (Conn. 1995) (In accordance with § 35-44b, Connecticut courts "follow federal precedent when we interpret the [Antitrust Act] unless the text of our antitrust statutes, or other pertinent state law, requires us to interpret it differently."). |
| **District of Columbia** | D.C. Code Ann. § 28-4515 ("[I]n construing this chapter, a court of competent jurisdiction may use as a guide interpretations given by federal courts to comparable antitrust statutes."). | *Peterson v. Visa U.S.A., Inc.*, No. Civ.A. 03-8080, 2005 WL 1403761, at *4 (D.C. Super. Ct. Apr. 22, 2005) (recognizing "express authorization in § 28-4515 to look to federal precedent"). |
| **Hawaii** | Haw. Rev. Stat. § 480-3 ("This chapter shall be construed in accordance with judicial interpretations of similar federal antitrust statutes . . . ."). | *Goran Pleho, LLC v. Lacy*, 439 P.3d 176, 198, 198 n.11 (Haw. 2019) (recognizing the statutory mandate to consider federal antitrust law). |

| State | Statutory Harmonization Provision | Common Law Harmonization Recognition |
|---|---|---|
| **Illinois** | 740 Ill. Comp. Stat. 10/11 ("When the wording of this Act is identical or similar to that of a federal antitrust law, the courts of this State shall use the construction of the federal law by the federal courts as a guide in construing this Act."). | *Laughlin v. Evanston Hosp.*, 550 N.E.2d 986, 990 (Ill. 1990) (acknowledging harmonization requirements of 740 Ill. Comp. Stat. 10/11). |
| **Iowa** | Iowa Code § 553.2 ("This chapter shall be construed to complement and be harmonized with the applied laws of the United States which have the same or similar purpose as this chapter."). | *Mueller v. Wellmark, Inc.*, 861 N.W.2d 563, 567 (Iowa 2015) ("[W]hen interpreting the Iowa Competition Law, we have generally adhered to federal interpretations of federal antitrust law."). |
| **Kansas** | Kan. Stat. Ann. § 50-163(b) ("Except as otherwise provided in subsections (d) and (e), the Kansas restraint of trade act shall be construed in harmony with ruling judicial interpretations of federal antitrust law by the United States supreme court."). | *O'Brien v. Leegin Creative Leather Prods., Inc.*, 277 P.3d 1062, 1087 (Kan. 2012) (construing Kansas Restraint of Trade Act in view of Sherman Act precedent); *Smith v. Philip Morris Cos.*, 335 P.3d 644, 652 (Kan. Ct. App. 2014) (recognizing harmonization provision in § 50-163). |
| **Maine** | | *McKinnon v. Honeywell Int'l, Inc.*, 977 A.2d 420, 426 (Me. 2009) (referencing "[f]ederal antitrust law, to which Maine looks to construe its antitrust statute"); *Davric Me. Corp. v. Rancourt*, 216 F.3d 143, 149 (1st Cir. 2000) ("We have noted that the 'Maine antitrust statutes parallel the Sherman Act,' and thus have analyzed claims thereunder according to the doctrines developed in relation to federal law." (citation omitted)). |

| State | Statutory Harmonization Provision | Common Law Harmonization Recognition |
|---|---|---|
| Maryland | Md. Code Ann., Com. Law § 11-202(a)(2) ("It is the intent of the General Assembly that, in construing this subtitle, the courts be guided by the interpretation given by the federal courts to the various federal statutes dealing with the same or similar matters . . . ."). | *Loren Data Corp. v. GXS, Inc.*, No. DKC 10-3474, 2011 WL 3511003, at \*12 (D. Md. Aug. 9, 2011) ("When an antitrust claim fails under federal law, that claim will also fail under the analogous Maryland state antitrust law."), *aff'd in part by*, 501 F. App'x 275 (4th Cir. 2012). |
| Michigan | Mich. Comp. Laws Ann. § 445.784(2) ("It is the intent of the legislature that in construing all sections of this act, the courts shall give due deference to interpretations given by the federal courts to comparable antitrust statutes . . . ."). | *Innovation Ventures v. Liquid Mfg.*, 885 N.W.2d 861, 874 (Mich. 2016) ("MCL 445.784(2) instructs courts to look to federal interpretation of comparable statutes . . . ."). |
| Minnesota | | *Lorix v. Crompton Corp.*, 736 N.W. 2d 619, 626 (Minn. 2007) ("Minnesota antitrust law is generally interpreted consistently with federal antitrust law. As the purposes of Minnesota and federal antitrust law are the same, it is sensible to interpret them consistently." (citation omitted)). |
| Mississippi | | *Harrah's Vicksburg Corp. v. Pennebaker*, 812 So. 2d 163, 171-74 (Miss. 2001) (relying on federal law in adjudicating claim under state antitrust statute). |
| Nebraska | Neb. Rev. Stat. Ann. § 59-829 (where the Nebraska Act's language is "the same as or similar to the language of a federal antitrust law, the courts of this state in construing such sections or chapter shall follow the construction given to the federal law by the federal courts"). | *Salem Grain Co. v. Consol. Grain & Barge Co.*, 900 N.W. 2d 909, 922 (Neb. 2017) (outlining statutory harmonization requirement); *Kanne v. Visa U.S.A. Inc.*, 723 N.W.2d 293, 297 (Neb. 2006) (acknowledging that Neb. Rev. Stat. Ann. § 59-829 requires adherence to applicable federal antitrust precedent). |

| State | Statutory Harmonization Provision | Common Law Harmonization Recognition |
|---|---|---|
| **Nevada** | Nev. Rev. Stat. Ann. § 598A.050 ("The provisions of this chapter shall be construed in harmony with prevailing judicial interpretations of the federal antitrust statutes.") | *Nev. Recycling & Salvage, Ltd. v. Reno Disposal Co.*, 423 P.3d 605, 607 (Nev. 2018) (relying on Nev. Rev. Stat. Ann. § 598A.050 as authority to analyze federal case law in deciding questions of Nevada antitrust law). |
| **New Hampshire** | N.H. Rev. Stat. Ann. § 356:14 ("In any action or prosecution under this chapter, the courts may be guided by interpretations of the United States' antitrust laws."). | *Minuteman, LLC v. Microsoft Corp.*, 795 A.2d 833, 839 (N.H. 2002) ("By enacting the permissive federal harmonization provision of RSA 356:14, we interpret the legislature's intent as encouraging courts to consider future interpretations of federal antitrust law as well as those existing at the time of enactment of the statute."). |
| **New Jersey** | N.J. Stat. Ann. § 56:9-18 ("This act shall be construed in harmony with ruling judicial interpretations of comparable Federal antitrust statutes . . . ."). | *State v. Lawn King, Inc.*, 417 A.2d 1025, 1032-33 (N.J. 1980) (relying on "persuasive" interpretations of federal antitrust laws); *Glasofer Motors v. Osterlund, Inc.*, 433 A.2d 780, 787 (N.J. Super. Ct. App. Div. 1981) (New Jersey's statute is "to be construed in harmony with ruling judicial interpretations of federal antitrust statutes."). |
| **New Mexico** | N.M. Stat. Ann. § 57-1-15 ("[T]he Antitrust Act shall be construed in harmony with judicial interpretations of the federal antitrust laws."). | *Romero v. Philip Morris Inc.*, 242 P.3d 280, 291 (N.M. 2010) (acknowledging that N.M. Stat. Ann. § 57-1-15 requires harmonization with federal antitrust law and stating that "[i]t is therefore the duty of courts to ensure that New Mexico antitrust law does not deviate substantially from federal interpretations of antitrust law"). |

| State | Statutory Harmonization Provision | Common Law Harmonization Recognition |
|---|---|---|
| **New York** | | *People v. Rattenni*, 613 N.E.2d 155, 158 (N.Y. 1993) ("The Donnelly Act was modelled on the Federal Sherman Act of 1890, and thus we have observed that State antitrust law 'should generally be construed in light of Federal precedent . . . .'" (citation omitted)); *In re Namenda Indirect Purchaser Antitrust Litig.*, 338 F.R.D. 527, 572 (S.D.N.Y. 2021) ("[C]ourts have interpreted [New York's] statute to 'require identical basic elements of proof' as the Sherman Act."). |
| **North Carolina** | | *Madison Cablevision, Inc. v. City of Morganton*, 386 S.E.2d 200, 213 (N.C. 1989) (noting that case law applying the Sherman Act is "instructive in determining the full reach of [the North Carolina antitrust] statute" (citation omitted)); *Crain v. DeBartolo*, No. 7:14-CV-29-D, 2015 WL 73961, at *8 n.3 (E.D.N.C. Jan. 6, 2015) ("Federal case law interpretations of the federal antitrust laws are persuasive authority in construing North Carolina antitrust statutes." (citation omitted)). |
| **North Dakota** | | *Ag Acceptance Corp. v. Glinz*, 684 N.W.2d 632, 639 (N.D. 2004) (relying on federal law to interpret North Dakota antitrust statute). |

| State | Statutory Harmonization Provision | Common Law Harmonization Recognition |
|---|---|---|
| **Oregon** | Or. Rev. Stat. Ann. § 646.715(2) ("The decisions of federal courts in construction of federal law relating to the same subject shall be persuasive authority in the construction of [the Oregon antitrust laws]."). | *Nw. Med. Lab'ys., Inc. v. Blue Cross & Blue Shield of Or., Inc.*, 794 P.2d 428, 433 (Or. 1990) (acknowledging that Or. Rev. Stat. § 646.715(2) requires Oregon courts to review federal case law when interpreting Oregon antitrust laws); *Or. Laborers-Emps. Health & Welfare Tr. Fund v. Philip Morris Inc.*, 185 F.3d 957, 963 n.4 (9th Cir. 1999) ("Oregon courts look to federal antitrust decisions for 'persuasive' guidance in interpreting the state antitrust laws." (citation omitted)). |
| **Rhode Island** | 6 R.I. Gen Laws § 6-36-2(b) ("This chapter shall be construed in harmony with judicial interpretations of comparable federal antitrust statutes insofar as practicable . . . ."). | *ERI Max Ent. v. Streisand*, 690 A.2d 1351, 1353 n.1 (R.I. 1997) ("[F]ederal cases interpreting parallel federal provisions are appropriately consulted in interpreting state antitrust laws."); *UXB Sand & Gravel, Inc. v. Rosenfeld Concrete Corp.*, 599 A.2d 1033, 1035 (R.I. 1991) ("The Rhode Island Antitrust Act must be 'construed in harmony with judicial interpretations of comparable federal antitrust statutes insofar as practicable.'" (quoting R.I. Gen. Laws Ann. § 6-36-2(b) (2024))). |
| **South Dakota** | S.D. Codified Laws § 37-1-22 ("It is the intent of the Legislature that in construing this chapter, the courts may use as a guide interpretations given by the federal or state courts to comparable antitrust statutes."). | *In re S.D. Microsoft Antitrust Litig.*, 707 N.W.2d 85, 99 (S.D. 2005) ("[B]ecause of the similarity of language between federal and state antitrust statutes and because of the legislative suggestion for interpretation found in [the state statute], great weight should be given to the federal cases interpreting the federal statute." (citation omitted)). |

7

| State | Statutory Harmonization Provision | Common Law Harmonization Recognition |
|---|---|---|
| **Tennessee** | | *Rockholt Furniture, Inc. v. Kincaid Furniture Co.*, No. 1:96CV00588, 1998 WL 1661384, at *7 (E.D. Tenn. July 6, 1998) ("The State [of Tennessee] anti-trust statute passed in 1891 is quite similar to the Sherman Anti-Trust Act passed by Congress in 1890.  Authorities which define the character of private damage suits under the federal anti-trust statutes, particularly the Sherman Act, are most persuasive." (alteration in original) (quoting *Tennessee v. Levi Strauss & Co.*, No. 79-722-III, 1980 WL 4696, at *2 n.2 (Tenn. Ch. Ct. Sept. 25, 1980))), *aff'd*, 188 F.3d 509 (6th Cir. 1999); *Spahr v. Leegin Creative Leather Prods., Inc.*, No. 2:07-cv-187, 2008 WL 3914461, at *14 (E.D. Tenn. Aug. 20, 2008) (interpreting Tennessee antitrust law consistently with federal law because "[p]laintiffs have asserted no good reason why the Tennessee courts would not follow the holding of the United States Supreme Court"). |
| **Utah** | Utah Code Ann. § 76-10-3118 ("The Legislature intends that the courts, in construing this act, will be guided by interpretations given by the federal courts to comparable federal antitrust statutes and by other state courts to comparable state antitrust statutes."). | *Evans v. State*, 963 P.2d 177, 181 (Utah 1998) (citing and following statutory mandate to look to federal and state courts for guidance when construing Utah statute). |

| State | Statutory Harmonization Provision | Common Law Harmonization Recognition |
|---|---|---|
| **Vermont** | Vt. Stat. Ann. tit. 9, § 2451 ("The purpose of this chapter is to complement the enforcement of federal statutes and decisions governing . . . anti-competitive practices in order to protect the public and to encourage fair and honest competition.").<br><br>*Id.* § 2453a(c) ("It is the intent of the General Assembly that in construing this section and subsection 2451a(8) of this title, the courts of this State shall be guided by the construction of federal antitrust law and the Sherman Act, as amended, as interpreted by the courts of the United States.").<br><br>*Id.* § 2461c(b) ("It is the intent of the General Assembly that in construing subsection (a) of this section, the courts of the State will be guided by similar terms contained in federal anti-trust law as construed by the courts of the United States and as amended by Congress."). | *Green v. Springfield Med. Care Sys., Inc.*, No. 5:13-cv-168, 2014 WL 2875850, at *14 n.8 (D. Vt. June 24, 2014) ("In determining whether an act constitutes collusion [under Vermont law], courts are to be 'guided by the construction of federal antitrust law and the Sherman Act, as amended, as interpreted by the courts of the United States.'" (quoting Vt. Stat Ann. Tit. 9, § 2453a(c))). |
| **West Virginia** | W. Va. Code Ann. § 47-18-16 ("This article shall be construed liberally and in harmony with ruling judicial interpretations of comparable federal antitrust statutes."). | *St. Mary's Med. Ctr., Inc. v. Steel of W. Va., Inc.*, 809 S.E.2d 708, 714 (W. Va. 2018) ("Pursuant to W.Va. Code, 47-18-16 [1978], the Antitrust Act 'shall be construed liberally and in harmony with ruling judicial interpretations of comparable federal antitrust statutes.'" (alteration in original)); *Princeton Ins. Agency, Inc. v. Erie Ins. Co.*, 690 S.E.2d 587, 592 (W. Va. 2009) ("The Legislature has directed that where our state antitrust provisions track the Sherman Act's provisions, federal decisional law should be followed."). |

| State | Statutory Harmonization Provision | Common Law Harmonization Recognition |
| --- | --- | --- |
| **Wisconsin** | | *Eichenseer v. Madison-Dane Cnty. Tavern League, Inc.*, 748 N.W.2d 154, 174 (Wis. 2008) ("Federal precedents are often instructive and persuasive in analyzing Wisconsin antitrust law."). |