**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| IN RE: SHALE OIL ANTITRUST LITIGATION<br><br><br>This Document Relates to All Actions | Case No. 1:24-md-03119-MLG-LF |

**DEFENDANT PIONEER NATURAL RESOURCES COMPANY'S**
**<u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT....................................................................................................1

BACKGROUND ........................................................................................................................1

ARGUMENT ............................................................................................................................2

    A.    The New Mexico Long-Arm Statute Does Not Confer Personal
        Jurisdiction Over Pioneer in This Court ....................................................................4

    B.    Neither the Clayton Act Nor the Multidistrict Litigation Statute Confers
        Personal Jurisdiction Over Pioneer in This Court.....................................................6

        1.    The Clayton Act Does Not Authorize Service of Process on, or the
               Exercise of Personal Jurisdiction Over, Pioneer ...........................................6

        2.    The Multidistrict Litigation Statute Does Not Authorize Service of
               Process on, or the Exercise of Personal Jurisdiction Over, Pioneer ...........8

    C.    This Court Does Not Have Derivative Personal Jurisdiction Over Pioneer
        By Virtue of Its Contacts With Nevada or California ................................................9

    D.    Due Process Prevents This Court From Exercising Personal Jurisdiction
        Over Pioneer Based on Its Status as the Transferee Court....................................11

CONCLUSION.........................................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Action Embroidery Corp. v. Atlantic Embroidery, Inc.*,
  368 F.3d 1174 (9th Cir. 2004) ....................................................................................8

*In re Agent Orange Product Liability Litigation*,
  818 F.2d 145 (2d Cir. 1987)........................................................................................9

*In re Auto Refinishing Paint Antitrust Litigation*,
  358 F.3d 288 (3d Cir. 2004)........................................................................................8

*BNSF Railway Co. v. Tyrrell*,
  581 U.S. 402 (2017)....................................................................................................4

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*,
  582 U.S. 255 (2017)....................................................................................................3

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)..................................................................................................10

*Celtig, LLC v. Patey*,
  347 F. Supp. 3d 976 (D. Utah 2018)......................................................................6, 11

*In re Credit Default Swaps Auctions Litigation*,
  710 F. Supp. 3d 895 (D.N.M. 2023) ...........................................................................8

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)....................................................................................................3

*Daniel v. American Board of Emergency Medicine*,
  428 F.3d 408 (2d Cir. 2005)........................................................................................7

*In re Delta Dental Antitrust Litigation*,
  509 F. Supp. 3d 1377 (J.P.M.L. 2020)......................................................................11

*Dental Dynamics, LLC v. Jolly Dental Group, LLC*,
  946 F.3d 1223 (10th Cir. 2020) ..................................................................................3

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*,
  514 F.3d 1063 (10th Cir. 2008) ..................................................................................4

*In re EpiPen Marketing., Sales Practices & Antitrust Litigation*,
  44 F.4th 959 (10th Cir. 2022) ...................................................................................10

*In re FMC Corp. Patent Litigation*,
  422 F. Supp. 1163 (J.P.M.L. 1976)...........................................................................11

*Ford Motor Co. v. Montana Eighth Judicial District Court*,
    592 U.S. 351 (2021)......................................................................................................3

*GTE New Media Services Inc. v. BellSouth Corp.*,
    199 F.3d 1343 (D.C. Cir. 2000) ..............................................................................7

*Howard v. Sulzer Orthopedics, Inc.*,
    382 F. App'x 436 (6th Cir. 2010) ..........................................................................9

*Hydraulics Unlimited Manufacturing Co. v. B/J Manufacturing Co.*,
    323 F. Supp. 996 (D. Colo.), *aff'd*, 449 F.2d 775 (10th Cir. 1971) ....................6

*International Shoe Co. v. Washington, Office of Unemployment Compensation &*
    *Placement*,
    326 U.S. 310 (1945)...............................................................................................10

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770 (1984)..................................................................................................2

*KM Enterprises, Inc. v. Global Traffic Technologies, Inc.*,
    725 F.3d 718 (7th Cir. 2013) ...............................................................................7, 8

*McManemy v. Roman Catholic Church*,
    2 F. Supp. 3d 1188 (D.N.M. 2013) ........................................................................6

*MVT Services, LLC v. Terminal Exchange Services, Inc.*,
    No. 2:20-cv-141 WJ/GJF, 2020 WL 6384293 (D.N.M. May 5, 2020) ...............3

*Peay v. BellSouth Medical Assistance Plan*,
    205 F.3d 1206 (10th Cir. 2000) .............................................................................12

*Pennoyer v. Neff*,
    95 U.S. 714 (1877)..................................................................................................11

*In re Plumbing Fixture Cases*,
    298 F. Supp. 484 (J.P.M.L. 1968)...........................................................................9

*In re PPA Products Liability Litigation*,
    460 F.3d 1217 (9th Cir. 2006) ...............................................................................12

*Public Service Co. of New Mexico v. Federal Pacific Electric Co.*,
    210 F. Supp. 1 (D.N.M. 1962) ................................................................................8

*In re Takata Airbag Products Liability Litigation*,
    396 F. Supp. 3d 1101 (S.D. Fla. 2019) ..................................................................9

*Trujillo v. Williams*,
    465 F.3d 1210 (10th Cir. 2006) ...........................................................................4, 5

*Walden v. Fiore*,
    571 U.S. 277 (2014) ..........................................................................................2, 3

*Wenz v. Memery Crystal*,
    55 F.3d 1503 (10th Cir. 1995) ...........................................................................2, 3

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
    395 U.S. 100 (1969) ..............................................................................................12

**STATUTES**

15 U.S.C. § 22 ....................................................................................................................4, 7

28 U.S.C. § 1407 ...............................................................................................................4, 8

28 U.S.C. § 1407(a) ...............................................................................................................8

Cal. Civ. Proc. Code § 410.10 ...............................................................................................9

N.M. Stat. Ann. § 38-1-16(A)(1) ..........................................................................................5

Nev. Rev. Stat. § 14.065 .........................................................................................................9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(2).........................................................................................................1

Zachary T. Nelson, Notes & Comments, *Multidistrict Litigation & Personal Jurisdiction*,
    24 Lewis & Clark L. Rev. 709, 718 (2020) .......................................................12

Pursuant to Federal Rule of Civil Procedure 12(b)(2), defendant Pioneer Natural Resources Company ("Pioneer") respectfully moves this Court to dismiss this action as against Pioneer for lack of personal jurisdiction.

## PRELIMINARY STATEMENT

Plaintiffs allege that eight shale oil producer defendants, including Pioneer, conspired with the members of the Organization of Petroleum Exporting Countries ("OPEC") to raise the price of crude oil and crude oil derivatives worldwide.  Simultaneously with this motion, all defendants are jointly moving to dismiss the action pursuant to Rules 12(b)(1) and 12(b)(6).

Pioneer separately moves to dismiss the consolidated complaint (ECF No. 86) ("Compl.") because this Court lacks personal jurisdiction over Pioneer.  Personal jurisdiction is conferred by statute and is limited by constitutional due process principles.  No statute confers personal jurisdiction over Pioneer in this Court, and the exercise of personal jurisdiction over Pioneer by this Court would violate Pioneer's constitutional due process rights.

## BACKGROUND

Plaintiffs have filed numerous complaints against defendants asserting essentially the same claims in courts in New Mexico, Nevada, and California.[1]  Pursuant to an order by the Judicial Panel on Multidistrict Litigation ("JPML"), the Nevada and California cases were transferred to this Court for consolidated pretrial proceedings with the cases filed in this Court.

On January 10, 2025, plaintiffs filed their Complaint.  They allege that personal jurisdiction and venue are proper in this district because each defendant allegedly:  "(a) transacted business throughout the United States, including in this District; (b) has manufactured,

---

[1] Cases were filed in Maine and New York, but those plaintiffs were not named in the Complaint. Accordingly, Pioneer expects those plaintiffs will voluntarily dismiss their claims.

sold, shipped, and/or delivered substantial quantities of shale oil throughout the United States, including this District; (c) has substantial contacts with the United States, including this District; and/or (d) engaged in an antitrust conspiracy that was directed at and had a direct, foreseeable, and intended effect of causing injury to the business or property of persons residing in, located in, or doing business throughout the United States, including in this District." (Compl. ¶ 89.) Plaintiffs also allege that venue is proper because a "substantial portion" of defendants' alleged misconduct "occurred in, or directly affected shale oil production in," the Permian Basin. (*Id.*)[2]

Plaintiffs do not allege any facts that, if true, would establish that Pioneer operates in—or has the requisite minimum contacts with—New Mexico. To the contrary, plaintiffs allege that Pioneer is incorporated in Delaware, is headquartered in Irving, Texas, and "acquires and processes shale oil in Texas." (*Id.* ¶ 77.) In fact, Pioneer's shale oil operations occur exclusively in Texas. (Ex. 1 ¶ 2.) Pioneer does not operate shale oil wells in New Mexico and does not sell shale oil in this state. (*Id.*) For the reasons set forth below, given Pioneer's lack of minimum contacts with New Mexico—or, for that matter, Nevada and California, from which the other consolidated cases were transferred—exercise of personal jurisdiction over Pioneer in this Court would violate Pioneer's constitutional due process rights.

## ARGUMENT

"[W]hen the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). The inquiry focuses on the defendant's contacts with the forum. *Walden v. Fiore*, 571 U.S. 277, 282-83 (2014). That inquiry is defendant-specific. *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 n.13

---

[2] The Permian Basin spans the southeastern corner of New Mexico along with a substantial portion of West Texas. Although Pioneer operates in the Permian Basin, it does not operate in the part that includes New Mexico. (Ex. 1, Decl. of Matthew Mathis ("Ex. 1") ¶ 2.)

(1984).  While the court presumes well-pleaded facts are true, the presumption does not extend to conclusory allegations or legal conclusions.  *Wenz*, 55 F.3d at 1505.

Personal jurisdiction can be general (all-purpose) or specific (case-linked).  *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1229 n.2 (10th Cir. 2020).  General personal jurisdiction over a corporation exists in (i) the state of incorporation and (ii) the corporation's principal place of business, *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014), or, in "exceptional case[s]," where "the corporation's contact with the forum [is] akin to one of those paradigms."  *MVT Servs., LLC v. Terminal Exch. Servs., Inc.*, No. 2:20-cv-141 WJ/GJF, 2020 WL 6384293, at *4 (D.N.M. May 5, 2020) (citation omitted).  By contrast, specific personal jurisdiction exists only when the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State" and the plaintiffs' claims "'arise out of or relate to the defendant's contacts' with the forum."  *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (citation omitted).  To establish specific jurisdiction, a plaintiff must show an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State."  *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 264 (2017) (alteration in original) (citation omitted).  Moreover, a defendant's "suit-related conduct must create a substantial connection with the forum State" that "must arise out of contacts that the 'defendant *himself*' creates with the forum State" and cannot be based on "contacts he makes by interacting with other persons affiliated with the State."  *Walden*, 571 U.S. at 284-86 (citation omitted).  The question "is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."  *Id.* at 290.

"Congress' typical mode of providing for the exercise of personal jurisdiction has been to

authorize service of process." *BNSF Ry. Co. v. Tyrell*, 581 U.S. 402, 409 (2017). In the Tenth

Circuit, courts consider "whether any applicable statute authorizes the service of process on

defendants" and "whether the exercise of such statutory jurisdiction comports with constitutional

due process demands." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070

(10th Cir. 2008). The "exercise of jurisdiction over a nonresident defendant comports with due

process 'so long as there exist minimum contacts between the defendant and the forum State.'"

*Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted).

No statute authorizes service of process on Pioneer within this district, and the exercise of

jurisdiction over Pioneer in this Court would violate Pioneer's constitutional due process rights.

<u>First</u>, Pioneer does not have sufficient minimum contacts with New Mexico to justify the

assertion of personal jurisdiction over Pioneer under the New Mexico long-arm statute. <u>Second</u>,

no federal statute—including the Clayton Act's service of process provision, 15 U.S.C. § 22, or

the multidistrict litigation statute, 28 U.S.C. § 1407—provides a basis to exercise personal

jurisdiction over Pioneer in New Mexico. <u>Third</u>, Pioneer's contacts with Nevada and

California—the states from which the JPML transferred cases to this Court—likewise cannot

confer personal jurisdiction over Pioneer because it lacks minimum contacts with these two

states, and thus this Court derives no jurisdiction from these "transferor courts." <u>Fourth</u>, this

Court should not exercise personal jurisdiction over Pioneer as the "transferee court" (assuming

there were personal jurisdiction in Nevada or California, which there is not) because forcing

Pioneer to litigate all pretrial proceedings here would violate its constitutional due process rights.

### A.    The New Mexico Long-Arm Statute Does Not Confer Personal Jurisdiction Over Pioneer in This Court

Pioneer is not incorporated and does not have its principal place of business in New

Mexico, so New Mexico lacks general personal jurisdiction over Pioneer. Moreover, no basis

exists to exercise specific personal jurisdiction over Pioneer in New Mexico. New Mexico's long-arm statute allows for the exercise of specific personal jurisdiction over nonresident defendants only when the plaintiff shows that the "cause of action aris[es] from . . . the transaction of any business within this state." N.M. Stat. Ann. § 38-1-16(A)(1).[3] The exercise of specific personal jurisdiction over Pioneer in New Mexico would violate due process because Pioneer has not purposely availed itself of the forum, and plaintiffs' claims do not arise from any transactions by Pioneer within New Mexico.

Pioneer's contacts with New Mexico are de minimis and insufficient to confer personal jurisdiction under New Mexico's long-arm statute. During the class period from January 1, 2021 to present, Pioneer has had no officers, directors, or employees officed in New Mexico, nor has it conducted any shale oil operations, produced or sold any shale oil, or made any decisions about the production or sale of oil in New Mexico. (Ex. 1 ¶¶ 2-3.) During the class period, Pioneer has owned non-operating working interests in ten oil-producing wells and overriding royalty interests in seventy-seven oil-producing wells in New Mexico, but these investments are merely passive and represent only a small fraction of the ownership interests in these wells. (*Id.* ¶ 4.) Pioneer receives purely monetary payments from its passive investments and has neither received nor sold crude oil from these New Mexico wells nor made any production-related decisions with respect to these wells. (*Id.*) As a matter of law, such payments—which accounted for less than two-hundredths of one percent of Pioneer's total revenues from 2021 to 2024 (*id.*)— are "too insubstantial and remote a factor" to constitute sufficient minimum contacts for purposes of personal jurisdiction. *Hydraulics Unlimited Mfg. Co. v. B/J Mfg. Co.*, 323 F. Supp. 996, 1000

---

[3] While courts have remarked that the long-arm statute is co-extensive with due process, *e.g., Trujillo*, 465 F.3d at 1217, the statute does not extend to causes of action that merely "relate to" but do not "arise from" in-state conduct. *See* N.M. Stat. Ann. § 38-1-16(A)(1).

(D. Colo.), *aff'd*, 449 F.2d 775 (10th Cir. 1971).

In addition, Pioneer has conducted <u>de minimis</u> residue gas business in New Mexico, but plaintiffs' causes of action do not arise from that business, so those transactions cannot constitute a predicate to exercise specific personal jurisdiction over Pioneer in New Mexico. Specifically, between 2021 and 2024, Pioneer purchased less than $100,000 worth of residue gas (less than two-hundredths of one percent of its total purchases of residue gas over that period) and sold approximately $2.9 million worth of residue gas (less than seven-hundredths of one percent of its total revenue from residue gas sales over that period) in New Mexico. (Ex. 2, Decl. of Darren Brown ("Ex. 2") ¶ 6.)

Under limited circumstances, a court may exercise specific personal jurisdiction over a nonresident corporate defendant when that defendant has engaged in "a conspiracy directed at the forum." *Celtig, LLC v. Patey*, 347 F. Supp. 3d 976, 984 (D. Utah 2018) (citing *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1070 (10th Cir. 2007)). Such conspiracy jurisdiction must, however, be predicated on evidence that "at least some act in furtherance of the conspiracy happen[ed] in the forum." *Id.* Plaintiffs here do not plead facts that, if proven, would establish that any act in furtherance of the purported conspiracy happened in (or was directed toward) New Mexico. Moreover, "the assertion of any conspiracy claim to establish jurisdiction may not do away with the minimum contacts requirement." *McManemy v. Roman Cath. Church*, 2 F. Supp. 3d 1188, 1197 (D.N.M. 2013) (citation omitted).

## B.    Neither the Clayton Act Nor the Multidistrict Litigation Statute Confers Personal Jurisdiction Over Pioneer in This Court

### 1.    The Clayton Act Does Not Authorize Service of Process on, or the Exercise of Personal Jurisdiction Over, Pioneer

The Clayton Act's nationwide service of process provision, and the associated exercise of personal jurisdiction, is inapplicable here because venue is not proper in New Mexico. Section

12 of the Clayton Act, 15 U.S.C. § 22, provides for nationwide service of process in antitrust cases but only when venue is proper under that statute's venue provision. The statute provides that "[a]ny suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process <u>in such cases</u> may be served in the district of which it is an inhabitant, or wherever it may be found." 15 U.S.C. § 22 (emphasis added). The venue and service of process clauses are not independent, but are part of the same sentence, and establish the order in which they must be satisfied: venue must be proper <u>before</u> nationwide service of process can be effectuated. The statute makes clear that only "in such cases," *id.*, where venue is proper does nationwide service of process, and the associated exercise of jurisdiction on a nationwide basis, apply. *See, e.g.*, *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 730 (7th Cir. 2013) ("To avail oneself of the privilege of nationwide service of process, a plaintiff must satisfy the venue provision of Section 12's first clause."); *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 423 (2d Cir. 2005) ("[T]he plain language of Section 12 indicates that its service of process provision applies (and, therefore, establishes personal jurisdiction) only in cases in which its venue provision is satisfied."); *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1350 (D.C. Cir. 2000) ("The language of the statute is plain, and its meaning seems clear: . . . [I]nvocation of the nationwide service clause rests on satisfying the venue provision.").

Section 12 does not confer personal jurisdiction over Pioneer because Pioneer is not "found" and does not "transact business" in New Mexico. "Being found and transacting business both refer to a corporation's activities in the district, with the latter concept interpreted more expansively than the former." *KM Enters.*, 725 F.3d at 725. A defendant corporation must

7

be "engag[ed] in . . . substantial business operations" in the forum for venue to be proper. *Pub. Serv. Co. of N.M. v. Fed. Pac. Elec. Co.*, 210 F. Supp. 1, 4 (D.N.M. 1962) (citation omitted). As explained in Part A above, Pioneer's total sales and physical presence in New Mexico are far too negligible to constitute transacting business within the meaning of Section 12.

The Tenth Circuit has not yet construed the Clayton Act's venue and service of process provisions. Although the Ninth and Third Circuits have issued decisions that are inconsistent with the plain language of the statute and hold that the two clauses of Section 12 can be read independently from one another,[4] Pioneer respectfully submits that this Court should adopt the majority approach and hold that where venue is improper, service of process—and thus personal jurisdiction—under Section 12 of the Clayton Act is not authorized.[5]

2.      **The Multidistrict Litigation Statute Does Not Authorize Service of Process on, or the Exercise of Personal Jurisdiction Over, Pioneer**

A plain reading of the multidistrict litigation statute, 28 U.S.C. § 1407, makes clear that Congress did not authorize nationwide service of process in that statute. While Section 1407 authorizes the transfer of multiple actions to a single transferee court that the JPML believes "will promote the just and efficient conduct of such actions," 28 U.S.C. § 1407(a), the statute does not authorize the transferee court to exercise personal jurisdiction over defendants like

---

[4] *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1179 (9th Cir. 2004); *In re Auto Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 297 (3d Cir. 2004).

[5] Although a court in this district applied the Ninth Circuit's interpretation in *In re Credit Default Swaps Auctions Litig.*, 710 F. Supp. 3d 895 (D.N.M. 2023), it did so without explanation and only applied the interpretation to foreign (i.e., ex-U.S.) entities. *See id.* at 938 (noting that Section 12 "authorizes the personal jurisdiction over any foreign corporation in any judicial district, so long as that corporation has sufficient minimum contacts with the United States writ large") (emphasis added). Moreover, the parties in that case made no argument about the proper interpretation of Section 12 in their personal jurisdiction briefing. *See* ECF Nos. 157, 161, 166, *In re Credit Default Swaps Auctions Litig.*, 1:21-cv-606-KJG-JHR (D.N.M.). Accordingly, that decision should carry no weight here.

Pioneer that are not otherwise subject to personal jurisdiction in that court. Personal jurisdiction over Pioneer in this Court is not conferred, therefore, by Section 1407.

Two courts outside the Tenth Circuit have erroneously held otherwise. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 163 (2d Cir. 1987); *Howard v. Sulzer Orthopedics, Inc.*, 382 F. App'x 436, 442 (6th Cir. 2010). Those decisions, which do not bind this Court, articulate no textual basis for their conclusion, and none exists. For that reason, Pioneer respectfully submits that those cases were wrongly decided and should not be followed here.[6]

*    *    *

Thus, because neither the New Mexico long-arm statute nor any federal statute confers personal jurisdiction over Pioneer, the Court should dismiss the claims against Pioneer brought by plaintiffs who filed suit in New Mexico. As further explained below, the Court also lacks derivative personal jurisdiction over Pioneer from the transferor courts: Nevada and California.

### C.    This Court Does Not Have Derivative Personal Jurisdiction <u>Over Pioneer By Virtue of Its Contacts With Nevada or California</u>

The JPML has held that transferee courts like this Court have derivative personal jurisdiction conferred on them by the respective transferor courts. *See In re Plumbing Fixture Cases*, 298 F. Supp. 484, 486 (J.P.M.L. 1968). But Pioneer does not have sufficient contacts with Nevada and California for either general or specific personal jurisdiction to attach under the long-arm statutes of either state. Nev. Rev. Stat. § 14.065; Cal. Civ. Proc. Code § 410.10.

<u>First</u>, general personal jurisdiction over Pioneer does not lie in Nevada or California.

---

[6] Even if these decisions were correct (which they are not), this Court should still dismiss any case in which the transferor court lacks personal jurisdiction. *See, e.g.*, *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1137 (S.D. Fla. 2019). In *Agent Orange*, 818 F.2d at 163, and *Sulzer Orthopedics*, 382 F. App'x at 442, plaintiffs challenged personal jurisdiction of the MDL court without challenging the personal jurisdiction of the transferor court.

Pioneer is incorporated in Delaware and headquartered in Texas, and plaintiffs plead no facts to suggest that Pioneer is "essentially at home" or has the requisite minimum contacts in Nevada or California to permit the courts there to exercise personal jurisdiction.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 466-75 (1985); *Int'l Shoe Co. v. Wash., Off. Of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).  During the class period, Pioneer has had no officers, directors, or employees officed in Nevada or California, nor has it conducted any shale oil operations, had an ownership interest in any wells, produced or sold any shale oil, or made any decisions about the production or sale of oil in Nevada or California.  (Ex. 1 ¶¶ 2-4.)

Second, specific personal jurisdiction over Pioneer does not lie in Nevada or California. Pioneer has not engaged in any suit-related conduct in either state.  During the class period, Pioneer has conducted no business in Nevada, and all of its business in California relates to purchases and sales of residue gas (which is <u>not</u> at issue in this case), and even these transactions are <u>de</u> <u>minimis</u>.  Between 2021 and 2024, Pioneer purchased approximately $4.2 million worth of residue gas (less than one percent of its total purchases of residue gas over that period) and sold approximately $5.7 million worth of residue gas (less than two-tenths of one percent of its total revenue from residue gas sales over that period) in California.  (Ex. 2 ¶ 7.)

For these same reasons, Pioneer is not "found" and does not "transact business" in Nevada or California for purposes of Section 12 of the Clayton Act, and thus the Clayton Act does not authorize personal jurisdiction over Pioneer in Nevada or California.  *See* Part B.1., above.[7]  Moreover, plaintiffs plead no facts to suggest that "at least some act in furtherance of the

---

[7] In analyzing Section 12, this Court should apply the law of this jurisdiction, not the Ninth Circuit (the transferor forum).  As the Tenth Circuit held in discussing the application of substantive federal law by an MDL court, "[w]hen one district court transfers a case to another, the norm is that the transferee court applies its own Circuit's cases on the meaning of federal law."  *In re EpiPen Mktg., Sales Practices & Antitrust Litig.*, 44 F.4th 959, 980 (10th Cir. 2022)

*(cont'd)*

conspiracy happen[ed] in" Nevada or California, *see Celtig*, 347 F. Supp. 3d at 984, so conspiracy jurisdiction does not attach in either state.  *See* Part A, above.

Thus, the claims against Pioneer brought by plaintiffs who filed suit in Nevada and California should be dismissed for lack of personal jurisdiction, and those actions provide no basis for this Court to exercise derivative jurisdiction over Pioneer.

### D.    Due Process Prevents This Court From Exercising Personal Jurisdiction Over Pioneer Based on Its Status as the Transferee Court

Finally, even if there were personal jurisdiction in Nevada or California (which there is not), this Court should not exercise personal jurisdiction over Pioneer on the basis of its role as the transferee court.  Pioneer respectfully acknowledges the JPML's reasoning that "[t]ransfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction." *In re FMC Corp. Pat. Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976); *see also In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1379-80 (J.P.M.L. 2020) (reasoning that "a transfer under Section 1407 is, in essence a change in venue for pretrial purposes").  But Pioneer respectfully submits that this reasoning is incorrect:  When, as here, the transferee court does not independently have personal jurisdiction over a defendant, the exercise of jurisdiction by the transferee court in pretrial proceedings violates constitutional due process.

For nearly 150 years, the Supreme Court has held that "proceedings in a court of justice to determine the personal rights and obligations of parties over whom that court has no jurisdiction do not constitute due process of law."  *Pennoyer v. Neff*, 95 U.S. 714, 733 (1877). Throughout the past century and a half, the "consistent constitutional rule has been that a court

---

(quoting *AER Advisors, Inc. v. Fid. Brokerage Servs., LLC*, 921 F.3d 282, 288 & n.5 (1st Cir. 2019) (collecting authorities)).  Although no binding precedent addresses this question in the context of personal jurisdiction, the same choice of law rule should apply to the extent personal jurisdiction rests on interpretations of federal law (here, the Clayton Act).

has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 110 (1969). Because the "proper focus for a personal jurisdiction test should be on protecting an individual's liberty interest in avoiding the burdens of litigating in an unfair or unreasonable forum," *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1211 (10th Cir. 2000) (citations omitted), this due process right should apply equally to pretrial and trial proceedings.

Due process, therefore, should not permit this Court simply to ignore personal jurisdiction considerations when presiding over pretrial proceedings as a transferee court. Transferee courts exercise significant authority through pretrial proceedings to decide "all pretrial motions, including dispositive motions such as motions to dismiss, motions for summary judgment, motions for involuntary dismissal under Rule 41(b), motions to strike an affirmative defense, and motions for judgment pursuant to a settlement." *In re PPA Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). Moreover, cases centralized into a multidistrict litigation rarely are remanded to their transferor courts. *See* Zachary T. Nelson, Notes & Comments, *Multidistrict Litigation & Personal Jurisdiction*, 24 Lewis & Clark L. Rev. 709, 718 (2020) (97% of transferred cases are resolved before being remanded for trial). Statistically, the JPML's transfer order means that Pioneer will likely have claims against it adjudicated in a court that independently has no personal jurisdiction over Pioneer. As shown in Part A above, this Court's assertion of personal jurisdiction over Pioneer would violate Pioneer's fundamental constitutional due process rights, and for the same reasons, this Court lacks personal jurisdiction over Pioneer in conducting pretrial proceedings in these cases.

## **CONCLUSION**

For the foregoing reasons, Pioneer respectfully requests that this Court dismiss all of plaintiffs' claims against Pioneer for lack of personal jurisdiction.

Dated:  February 24, 2025

Respectfully submitted,

*/s/ Boris Bershteyn*
Boris Bershteyn
Karen M. Lent
Michael H. Menitove
Zachary C. Siegler
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000
boris.bershteyn@skadden.com
karen.lent@skadden.com
michael.menitove@skadden.com
zachary.siegler@skadden.com

Samuel G. Liversidge
Jay P. Srinivasan
S. Christopher Whittaker
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
sliversidge@gibsondunn.com
jsrinivasan@gibsondunn.com
cwhittaker@gibsondunn.com

Eric R. Burris
BROWNSTEIN HYATT
  FARBER SCHRECK, LLP
201 Third Street NW, Suite 1800
Albuquerque, NM 87102-4386
Telephone: (505) 244-0770
eburris@bhfs.com

*Counsel for Defendant*
*Pioneer Natural Resources Company*

13

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on February 24, 2025, true and correct copies of (i)

Defendants' Joint Motion to Dismiss and (ii) Defendant Pioneer Natural Resources Company's

Motion to Dismiss for Lack of Personal Jurisdiction were filed electronically pursuant to

CM/ECF procedure for the District of New Mexico, which caused the parties to be served via

electronic means.

Dated: February 24, 2025

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By <u>/s/ Boris Bershteyn</u>
    Boris Bershteyn
    Karen M. Lent
    Michael H. Menitove
    Zachary C. Siegler
    SKADDEN, ARPS, SLATE,
      MEAGHER & FLOM LLP
    One Manhattan West
    New York, New York 10001-8602
    Telephone: (212) 735-3000
    boris.bershteyn@skadden.com
    karen.lent@skadden.com
    michael.menitove@skadden.com
    zachary.siegler@skadden.com

    Samuel G. Liversidge
    Jay P. Srinivasan
    S. Christopher Whittaker
    GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
    Los Angeles, CA 90071-3197
    Telephone: (213) 229-7000
    sliversidge@gibsondunn.com
    jsrinivasan@gibsondunn.com
    cwhittaker@gibsondunn.com

Eric R. Burris
BROWNSTEIN HYATT FARBER SCHRECK, LLP
201 Third Street NW, Suite 1800
Albuquerque, NM 87102-4386
Telephone: (505) 244-0770
eburris@bhfs.com

*Attorneys for Defendant*
*Pioneer Natural Resources Company*