**APPENDIX 1 - PLAINTIFFS' RESPONSE TO DEFENDANTS' AUTHORITY REGARDING STATES APPLYING *AGC* OR SIMILAR FACTORS (MOT. SECTION II.B.)**

**STATES FOR WHICH DEFENDANTS ARGUE STATE WOULD LIKELY ADOPT *AGC* OR STATE LAW IS INTERPRETED IN HARMONY WITH FEDERAL LAW: ALABAMA, ARIZONA, CALIFORNIA, COLORADO, HAWAII, KANSAS, MAINE, MINNESOTA, MISSISSIPPI, NEW HAMPSHIRE, NEW JERSEY, OREGON, RHODE ISLAND, SOUTH DAKOTA, TENNESSEE, UTAH, VERMONT**

| DEFENDANTS' GENERAL AUTHORITIES ||
|---|---|
| **Defendants' Authorities** | **Defendants' Authorities Distinguished** |
| *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510 (N.D. Ill. 2019) ("*DMS*").<br><br>*Oliver v. Am. Express Co.*, 2021 WL 386749 (E.D.N.Y. Feb. 1, 2021).<br><br>*In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734 (E.D. Va. Sept. 18, 2019).<br><br>*Supreme Auto Transp. LLC v. Arcelor Mittal*, 238 F. Supp. 3d 1032 (N.D. Ill. 2017) (same), *aff'd sub nom. Supreme Auto Transp. LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735 (7th Cir. 2018).<br><br>*In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2015 WL 3988488 (N.D. Ill. June 29, 2015).<br><br>*In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756 (E.D. Mich. Apr. 9, 2013).<br><br>*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072 (N.D. Cal. 2007).<br><br>*Sahagian v. Genera Corp.*, 2009 WL 9504039 (C.D. Cal. July 6, 2009). | *In re Ductile Iron Pipe Fittings (DIPF) Indirect Purchaser Antitrust Litig.*, 2013 WL 5503308, at *14-*16 (D.N.J. Oct. 2, 2013) ("*DIPF*") (explaining that *AGC* is not applicable to state antitrust claims unless it has been adopted by the state and Defendants must show that "the highest court in [each] state[] would apply the *AGC* factors"); *Oliver v. Am. Express Co.*, 2020 WL 2079510, at *15 (E.D.N.Y. Apr. 30, 2020) (rejecting the *Dealer Mgmt.*'s analysis as "quite limited," because "[a] harmonization provision in a state's antitrust statute does not *require* a state's Supreme Court to find that state antitrust law must be analyzed under the federal standard"); *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1151-52 (N.D. Cal. 2009) (refusing to apply *AGC* to states where there is no state Supreme Court authority and "no state court appellate decisions or compelling decisions from other jurisdictions to provide this Court with guidance on how to 'predict' how the highest court of each state would rule on the issue"). Thus, Defendants fail to establish that the *AGC* factors apply to |

| | |
|---|---|
| | states with no cited authority from the state Supreme Court. |

| ALABAMA |
|---|
| **Defendants' Authorities Distinguished and Contra Authority** |
| *DIPF*, 2013 WL 5503308, at *14-*16 (explaining that *AGC* is not applicable to state antitrust claims unless it has been adopted by the state and Defendants must show that "the highest court in [each] state[] would apply the *AGC* factors"). Defendant's reliance on *Dealer Mgmt.* is misguided. See *Oliver*, 2020 WL 2079510, at *15 (rejecting the *Dealer Mgmt.*'s analysis as "quite limited"). |

| ARIZONA |
|---|
| **Defendants' Authorities Distinguished and Contra Authority** |
| *In Re G-Fees Antitrust Litig.*, 584 F. Supp. 2d 26, 38 (D.D.C. 2008) ("implicitly declin[ing]" to apply the AGC factors); *Bunker's Glass Co. v. Pilkington PLC*, 206 Ariz. 9, 75 P.3d 99, 110 (Ariz. 2003) (Arizona Supreme Court broadly interprets Arizona's antitrust standing law to "comport [] with the longstanding policy of this state to protect consumers and deter anticompetitive behavior."); *In re Lithium Ion Batteries Antitrust Litig.*, 2014 WL 4955377, at *10-*11 (N.D. Cal. Oct. 2, 2014) (refusing to find that *AGC* applies to Arizona antitrust law "without significant modification"); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 738 F. Supp. 2d 1011, 1023 (N.D. Cal. 2010) (*AGC* factors do not apply to standing in Arizona); *Flash Memory*, 643 F. Supp. 2d at 1151 (same). |

| CALIFORNIA | |
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *In re Am. Express Anti-Steering Rules Antitrust Litig.*, 433 F. Supp. 3d 395, 413-14 (E.D.N.Y. 2020) (concluding California would apply *AGC* factors), *aff'd*, 19 F.4th 127 (2d Cir. 2021); *Contant v. Bank of Am. Corp.*, No. 17-cv-3139, 2018 WL 1353290, at *3 (S.D.N.Y. Mar. 15, 2018). | *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 63 P.3d 937, 957, n.13 (Cal. 2003) (refusing to apply *AGC* to a claim for intentional interference with prospective economic advantage); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 383 F. Supp. 3d 187, 258 (S.D.N.Y. 2019) ("[C]ases from the Supreme Court of California cast doubt on the applicability of *AGC* factors under California law."); *Batteries*, 2014 WL 4955377, at *10-*11 (same); *In re Capacitors Antitrust Litig.*, 106 F. Supp. 3d 1051, 1073 (N.D. Cal. 2015) ("[T]he federal standing test under *AGC* has not been clearly applied by the California Supreme Court to claims brought under California's Cartwright Act."); *In re Napster, Inc. Copyright Litig.*, 354 F. Supp. 2d 1113, 1125 (N.D. Cal. 2003) ("[U]nder the California law, an indirect purchaser of goods or services . . . may suffer a cognizable antitrust injury."). |

2

| COLORADO ||
|---|---|
| **Defendants' Authorities Distinguished and Contra Authority** ||
| *USI Ins. Servs., LLC v. Morris*, 2024 WL 1436316 (D. Colo. Feb. 21, 2024) and *Arapahoe Surgery Ctr., LLC v. Cigna Healthcare, Inc.*, 80 F. Supp. 3d 1257, 1262-63 (D. Colo. 2015) do not discuss or apply the *AGC* factors to Colorado antitrust law. ||

| HAWAII ||
|---|---|
| **Defendants' Authorities Distinguished and Contra Authority** ||
| Haw. Rev. Stat. §480-3 ("This chapter shall be construed in accordance with judicial interpretations of similar federal antitrust statutes, *except that lawsuits by indirect purchasers may be brought* as provided in this chapter.") (emphasis added). ||

| KANSAS ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Wrobel v. Avery Dennison Corp.*, 2006 WL 7130617 (Kan. Dist. Ct. Feb. 1, 2006). | *Keurig*, 383 F. Supp. 3d at 259 (distinguishing *Wrobel*); *Bellinder v. Microsoft Corp.*, 2001 WL 1397995, at *1, n.1 (Kan. Dist. Ct. Sept. 7, 2001) (concluding that "Kansas' repealer statute . . . grants an individual indirect purchaser standing"); *Four B. Corp. v. Daicel Chem. Indus., Ltd.*, 253 F. Supp. 2d 1147, 1150-53 (D. Kan. 2003) (same). |

| MAINE ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Knowles v. Visa U.S.A., Inc.*, 2004 WL 2475284 (Me. Super. Ct. Oct. 20, 2004) | *Keurig*, 383 F. Supp. 3d at 259-60 (finding that "a complete reading of *Knowles* makes it apparent that its application of *AGC* is not in lockstep with federal precedents" and refusing to "conclude that the highest court in Maine would apply *AGC*"). |

| MINNESOTA ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Minn. Twins P'ship v. State ex rel. Hatch*, 592 N.W.2d 847 (Minn. 1999). | *Lorix v. Crompton Corp.*, 736 N.W.2d 619, 627 (Minn. 2007) ("[T]he *AGC* factors do not provide the benchmark for antitrust standing in Minnesota."). |

3

| MISSISSIPPI ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Owens Corning v. R.J. Reynolds Tobacco Co.*, 868 So. 2d 331 (Miss. 2004) | *In re Graphics Processing Units Antitrust Litig.*, 540 F. Supp. 2d 1085, 1097 (N.D. Cal. 2007) ("*GPU II*") ("[F]avorable citations" to federal antitrust law in Mississippi cases "are not sufficient to mandate that the *AGC* test applies."); *Flash Memory*, 643 F. Supp. 2d at 1152 (declining to apply *AGC* under Mississippi law); *Keurig*, 383 F. Supp. 3d at 263 (same). |

| NEW HAMPSHIRE |
|---|
| **Defendants' Authorities Distinguished and Contra Authority** |
| N.H. Rev. Stat. Ann. §356:14 ("the courts *may* be *guided* by interpretations of the United States' antitrust laws") (emphasis added); *Batteries*, 2014 WL 4955377, at *10 (§356:14 not a basis to apply *AGC*) (*citing Donovan v. Digit. Equip. Corp.*, 883 F. Supp. 775, 785 (D.N.H. 1994) (harmonization statute's "language is permissive and, thus, the court is entitled to diverge from federal antitrust law when considering a state antitrust claim")). |

| NEW JERSEY ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Sickles v. Cabot Corp.*, 877 A.2d 267 (N.J. Super. Ct. App. Div. 2005); *Van Natta Mech. Corp. v. Di Staulo*, 649 A.2d 399 (N.J. Super. Ct. App. Div. 1994). | *D.R. Ward Const. Co. v. Rohm & Haas Co.*, 470 F. Supp. 2d 485, 500-01 (E.D. Pa. 2006) (refusing to apply *AGC* despite two superior court decisions doing so); *Batteries*, 2014 WL 4955377, at *9-*10 (*AGC* does not apply to New Jersey claims). |

| OREGON ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Or. Laborers-Emps. Health & Welfare Tr. Fund v. Philip Morris Inc.*, 185 F. 3d 957 (9th Cir. 1999). | *Batteries*, 2014 WL 4955377, at *10-*11 (refusing to apply *AGC* under Oregon law); *Keurig*, 383 F. Supp. 3d at 261 (same; *citing* Or. Rev. Stat. §646.715(2)). |

| RHODE ISLAND ||
| --- | --- |
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Ocean View Cap. Inc. v. Sumitomo Corp. of Am.*, 1999 WL 1201701 (S.D.N.Y. Dec. 15, 1999) | *Flash Memory*, 643 F. Supp. 2d at 1153 (refusing to apply *AGC* under Rhode Island law); *Batteries*, 2014 WL 4955377, at *10 (same). |

| SOUTH DAKOTA |
| --- |
| **Defendants' Authorities Distinguished and Contra Authority** |
| *In re South Dakota Microsoft Antitrust Litig.*, 657 N.W.2d 668 (S.D. 2003) (upholding certification of indirect-purchaser class); *Flash Memory*, 643 F. Supp. 2d at 1152 (refusing to apply *AGC* under South Dakota law). |

| TENNESSEE |
| --- |
| **Defendants' Authorities Distinguished and Contra Authority** |
| *D.R. Ward*, 470 F. Supp. 2d at 499 (refusing to apply *AGC* under Tennessee law); *Batteries*, 2014 WL 4955377, at *8-*11 (same); *CRT*, 738 F. Supp. 2d at 1023 (same). |

| UTAH |
| --- |
| **Defendants' Authorities Distinguished and Contra Authority** |
| *DIPF*, 2013 WL 5503308, at *14-*16 (explaining that *AGC* is not applicable to state antitrust claims unless it has been adopted by the state and Defendants must show that "the highest court in [each] state[] would apply the *AGC* factors"); *Flash Memory*, 643 F. Supp. 2d at 1151-52 (refusing to apply *AGC* to states where there is no state Supreme Court authority and "no state court appellate decisions or compelling decisions from other jurisdictions to provide this Court with guidance on how to 'predict' how the highest court of each state would rule on the issue"). |

| VERMONT |
| --- |
| **Defendants' Authorities Distinguished and Contra Authority** |
| *Elkins v. Microsoft Corp.*, 817 A.2d 9, 17 (Vt. 2002) (expressly rejecting argument "that the definition of who may sue under the [Vermont Consumer Fraud Act] must be consistent with the definition of who may sue under federal antitrust law"); *D.R. Ward*, 470 F. Supp. 2d at 501 (refusing to apply *AGC* under Vermont law); *Keurig*, 383 F. Supp. 3d at 262 (same, citing *Elkins*). |

**STATES FOR WHICH DEFENDANTS ARGUE STATE ADOPTED *AGC*: CONNECTICUT, DISTRICT OF COLUMBIA, ILLINOIS, IOWA, MARYLAND, MICHIGAN, NEBRASKA, NEVADA, NEW MEXICO, NEW YORK, NORTH CAROLINA, NORTH DAKOTA, WEST VIRGINIA, WISCONSIN**

| CONNECTICUT ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Brown v. Hartford Healthcare Corp.*, 2023 WL 7150051 (Conn. Super. Ct. Oct. 26, 2023). | *Flash Memory*, 643 F. Supp. 2d at 1151-52 (intermediate court decisions insufficient to support applying *AGC*); *Keurig*, 383 F. Supp. 3d at 259 (same); *D.R. Ward*, 470 F. Supp. 2d at 500-01 (same). |

| DISTRICT OF COLUMBIA ||
|---|---|
| **Defendants' District-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Peterson v. Visa U.S.A., Inc.*, 2005 WL 1403761 (D.C. Super. Ct. Apr. 22, 2005); *DMS*, 362 F. Supp. 3d 510. | *Keurig*, 383 F. Supp. 3d at 258 (examining *Peterson* and refusing to apply the *AGC* factors to D.C. claim). |

| ILLINOIS ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *County of Cook v. Philip Morris, Inc.*, 353 Ill. App. 3d 55 (1st Dist. 2004); *O'Regan v. Arb. Fs., Inc.*, 121 F.3d 1060, 1066 (7th Cir. 1997); *United States ex rel. Blaum v. Triad Isotopes, Inc.*, 104 F. Supp. 3d 901, 930 (N.D. Ill. 2015). | *Cook v. Philip Morris, Inc.*, 353 Ill. App. 3d 55, 62-63, 817 N.E.2d 1039, 1044-46 (Ill. App. Ct. 2004) (failing to discuss all *AGC* factors); *O'Regan v. Arb. Fs., Inc.*, 121 F.3d 1060, 1066 (7th Cir. 1997) (failing to discuss any *AGC* factors). |

| IOWA ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Southard v. Visa U.S.A. Inc.*, 734 N.W.2d 192 (Iowa 2007); *DMS*, 362 F. Supp. 3d 510. | *Southard v. Visa U.S.A. Inc.*, 734 N.W.2d 192, 196-99 (Iowa 2007) (determining whether "persons who were *not* indirect purchasers and who suffered injuries *even more remote than those sustained by indirect purchasers* had standing" under Iowa antitrust law due to Iowa's "common-law remoteness doctrine") (emphasis added). |

| MARYLAND ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Waldorf Shopping Mall, Inc. v. Great Atl. & Pac. Tea Co.*, 1984 WL 15690, at *11 (Md. Cir. Ct. Feb. 16, 1984); *Oliver*, 2021 WL 386749. | *Flash Memory*, 643 F. Supp. 2d at 1151-52 (intermediate court decisions insufficient to support applying *AGC*); *Keurig*, 383 F. Supp. 3d at 259 (same); *D.R. Ward*, 470 F. Supp. 2d at 500-01 (same). |

| MICHIGAN ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Stark v. Visa U.S.A. Inc.*, 2004 WL 1879003 (Mich. Cir. Ct. July 23, 2004); *Oliver*, 2021 WL 386749; *Interior Molded Doors*, 2019 WL 4478734; *Cheese Antitrust*, 2015 WL 3988488; *Refrigerant Compressors*, 2013 WL 1431756; *DIPF*, 2013 WL 5503308; *Sahagian*, 2009 WL 9504039; *DRAM*, 516 F. Supp. 2d 1072. | *Flash Memory*, 643 F. Supp. 2d at 1152 (refusing to apply *AGC* under Michigan law); *Batteries*, 2014 WL 4955377, at *8, *11 (same); *CRT*, 738 F. Supp. 2d at 1023 (same); *In re TFT-LCD (Flat Panel) Antirust Litig.*, 586 F. Supp. 2d 1109, 1122 (N.D. Cal. 2008) (same). |

| NEBRASKA ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Kanne v. Visa U.S.A. Inc.*, 723 N.W.2d 293 (Neb. 2006); *Tackit v. Visa U.S.A., Inc.*, 2004 WL 2475281 (D. Neb. Oct. 19, 2004); *Batteries*, 2014 WL 4955377. | *Arthur v. Microsoft Corp.*, 267 Neb. 586, 598, 676 N.W.2d 29, 38 (Neb. 2004) ("To deny the indirect purchaser, who in this case is the ultimate purchaser, the right to seek relief from unlawful conduct would essentially remove the word 'consumer' from the Consumer Protection Act."). |

| NEVADA ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Nev. Recycling & Salvage, Ltd. v. Reno Disposal Co.*, 423 P.3d 605 (Nev. 2018); *Batteries*, 2014 WL 4955377. | *Nev. Recycling & Salvage, Ltd. v. Reno Disposal Co., Inc.*, 134 Nev. 463, 466, 423 P.3d 605, 608 (Nev. 2018) (applying *AGC* factors because plaintiff waste hauler did not allege any harm to consumers: "[h]ere, appellants' alleged harm is insufficient to |

| | |
|---|---|
| | demonstrate antitrust standing"); *Flash Memory*, 643 F. Supp. 2d at 1152 (refusing to apply *AGC* under Nevada law). |

| NEW MEXICO ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Nass-Romero v. Visa U.S.A. Inc.*, 279 P.3d 772 (N.M. Ct. App. 2012); *N.M. Oncology v. Presbyterian Healthcare Servs.*, 169 F. Supp. 3d 1204, 1206, 1209 (D.N.M. 2016); *DMS*, 362 F. Supp. 3d 510. | *Romero v. Philip Morris Inc.*, 137 N.M. 229, 231, 109 P.3d 768, 770 (N.M. Ct. App. 2005) (New Mexico's repealer statute permits "indirect purchasers to prove overcharges"); *In re New Mexico Indirect Purchasers Microsoft Corp. Antitrust Litig.*, 140 N.M. 879, 886-87, 149 P.3d 976, 983-84 (N.M. Ct. App. 2006) (same). |

| NEW YORK ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68 (2d Cir. 2013); *Ho v. Visa U.S.A. Inc.*, 3 Misc. 3d 1105(A), 2004 N.Y. Slip Op. 50415(U) (Sup. Ct. N.Y. Cnty. 2004); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2016 WL 7378980 (S.D.N.Y. Dec. 20, 2016); *Oliver*, 2021 WL 386749. | *Cox v. Microsoft Corp.*, 2005 WL 3288130, at *5 (N.Y. Sup. Ct. July 29, 2005) (holding that computer purchaser plaintiffs had adequately alleged injury because Microsoft's "inflated prices [were] passed [on] to consumers"). |

| NORTH CAROLINA ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Crouch v. Crompton Corp.*, 2004 WL 2414027, at *18 (N.C. Super. Ct. Oct. 28, 2004); *Interior Molded Doors*, 2019 WL 4478734; *Cheese Antitrust*, 2015 WL 3988488; *Sahagian*, 2009 WL 9504039; *DRAM*, 516 F. Supp. 2d 1072. | *Teague v. Bayer AG*, 195 N.C. App. 18, 23-30, 671 S.E.2d 550, 555-58 (N.C. Ct. App. 2009) (*AGC* factors do not apply under North Carolina law); *Hyde v. Abbott Lab'ys, Inc.*, 123 N.C. App. 572, 577-80, 473 S.E.2d 680, 684-85 (N.C. Ct. App. 1996) (North Carolina's antitrust statute authorizes indirect purchaser to sue); *see also CRT*, 738 F. Supp. 2d at 1023 (refusing to apply *AGC* under North Carolina law); *Flash Memory*, 643 F. Supp. 2d at 1151-52 (same). |

| NORTH DAKOTA ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Beckler v. Visa U.S.A., Inc.*, 2004 WL 2475100 (D.N.D. Sept. 21, 2004); *Sahagian*, 2009 WL 9504039; *DRAM*, 516 F. Supp. 2d 1072. | *Howe v. Microsoft Corp.*, 656 N.W.2d 285 (N.D. 2003) (upholding certification of indirect-purchaser class); *Keurig*, 383 F. Supp. 3d at 260-61 (refusing to apply *AGC* under North Dakota law, distinguishing *Beckler*). |

| WEST VIRGINIA ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Aikens v. Debow*, 541 S.E.2d 576 (W. Va. 2000); *DMS*, 362 F. Supp. 3d 510. | *Aikens v. Debow*, 208 W.Va. 486, 492, 541 S.E.2d 576, 582 (W. Va. 2000) (mentioning *AGC* in tort context); *GPU II*, 540 F. Supp. 2d at 1097 (refusing to apply *AGC* under West Virginia law); *Flat Panel*, 586 F. Supp. 2d at 1122-23 (same); *Batteries*, 2014 WL 4955377, at *8-*11(same); *CRT*, 738 F. Supp. 2d at 1023 (same). |

| WISCONSIN ||
|---|---|
| **Defendants' State-Specific Authorities** | **Defendants' Authorities Distinguished and Contra Authority** |
| *Strang v. Visa U.S.A., Inc.*, 2005 WL 1403769 (Wis. Cir. Ct. Feb. 8, 2005); *Oliver*, 2021 WL 386749; *DMS*, 362 F. Supp. 3d 510; *Sahagian*, 2009 WL 9504039; *G-Fees Antitrust*, 584 F. Supp. 2d 26; *Refrigerant Compressors*, 2013 WL 1431756; *DRAM*, 516 F. Supp. 2d 1072. | *Olstad v. Microsoft Corp.*, 284 Wis.2d 224, 254-55, 700 N.W.2d 139, 154 (Wis. 2005) (indirect purchasers of price-fixed hardware incorporated in buildings may recover), *Szukalski v. Crompton Corp.*, 296 Wis.2d 728, 734, 726 N.W.2d 304, 307 n.6 (Wis. 2006) (same), *abrogated on other grounds by Meyers v. Bayer AG, Bayer Corp.*, 303 Wis.2d 295, 735 N.W.2d 448 (Wis. 2007); *Flash Memory*, 643 F. Supp. 2d at 1152 (refusing to apply *AGC* under West Virginia law), *Keurig*, 383 F. Supp. 3d at 262-63 (same). |