**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| *In re: Shale Oil Antitrust Litigation* | |
| This Document Relates to: | No. 1:24-md-03119-MLG-LF |
| ALL ACTIONS | |

**PLAINTIFFS' RESPONSE TO DEFENDANT PERMIAN RESOURCES CORPORATION'S REQUEST FOR JUDICIAL NOTICE OF PUBLICLY AVAILABLE SEC FILING IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' <u>CONSOLIDATED CLASS ACTION COMPLAINT (DKT. 128)</u>**

Plaintiffs respectfully request that the Court decline Permian Resources Corporation's ("PR") request to take judicial notice of certain materials that were not referenced in Plaintiffs' Complaint ("CCAC").[1] Specifically, PR attached its 2023 Securities and Exchange Commission Form 10-K ("SEC Filing") as an exhibit in support of its individual Motion to Dismiss. Dkt. 127 at 7. The SEC Filing is being improperly offered for the truth of the matters therein, and PR makes arguments that rely on the content of the SEC filing to attempt to contradict Plaintiffs' well-pleaded allegations in the CCAC. *Id.* This exceeds the bounds of the Rule 12(b)(6) inquiry.

"When reviewing a motion to dismiss under Rule 12(b)(6), the court generally may not look beyond the four corners of the complaint." *J.D. Heiskell Holdings, LLC v. Willard Dairy, LLC*, 750 F. Supp. 3d 1289, 1293 (D.N.M. 2024).[2] The Tenth Circuit has identified three exceptions to the four corners of the complaint rule: "(1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint . . . [that] are central to plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters . . . [where] a court may take judicial notice." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

PR's SEC filing is not cited anywhere in the Complaint, and thus the first two exceptions do not apply. *See In re Domestic Airline Travel Antitrust Litig.*, 221 F. Supp. 3d 46, 69 (D.D.C. 2016) (rejecting antitrust defendants' attempt "to undercut the Plaintiffs' factual allegations by providing as exhibits to their Motion to Dismiss, documents cited by Plaintiffs in their Complaint and other documents not cited by Plaintiffs"); *Olean Wholesale Grocery Coop., Inc. v. Agri Stats,*

---

[1] Unless otherwise noted, all ¶ and ¶¶ references are to Plaintiffs' Consolidated Class Action Complaint ("CCAC"), Dkt. 86, and all terms and acronyms are defined and used as in the CCAC.
[2] Unless otherwise noted, all internal citations and quotations are omitted, all emphasis is added, and all quotations are cleaned up.

*Inc.*, 2020 WL 6134982, at *9 (N.D. Ill. Oct. 19, 2020) (same); *In re Broiler Chicken Antitrust Litig.*, 290 F. Supp. 3d 772, 792 (N.D. Ill. 2017) (same).

As to the third exception, while a court may take judicial notice of its own files and records or matters of public record, it may not consider those documents for the truth of the matters asserted in them. *See Tal v. Hogan*, 453 F.3d 1244, 1264, n.24 (10th Cir. 2006); *Strobel v. Rusch*, 431 F. Supp. 3d 1315, 1324 (D.N.M. 2020). Therefore, PR's use of the SEC filing "to create a disputed version of the facts alleged and/or to create a defense to the allegations in the Complaint" is not a proper basis for judicial notice. *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019); *see also In re Int. Rate Swaps Antitrust Litig.*, 261 F. Supp. 3d 430, 481 (S.D.N.Y. 2017) (finding that a defendant "may not use plaintiffs' sources" or other documents "as an archive from which to build what amounts to a factual rebuttal" or "stack[] facts extracted from secondary sources to construct an alternative narrative, at odds with the [complaint's] well-pled allegations").

PR attempts to skirt around this bright-line rule by offering examples where courts have taken judicial notice of SEC filings, but the cases PR cites involved violations of securities laws and the SEC filings were judicially noticed for the fact that certain statements were made or not made, not for the truth of those statements. *S.E.C. v. Goldstone*, 952 F. Supp. 2d 1060, 1077-78 (D.N.M.) (case alleging "fraudulent misrepresentations and omissions" in securities filings); *Hastey on behalf of YRC Worldwide, Inc. v. Welch,* 449 F. Supp. 3d 1053, 1058 (D. Kan. 2020) (shareholder derivative lawsuit). Here, however, PR seeks to introduce its SEC filings for the truth

of their contents in a non-securities context where those documents are not referenced in the complaint nor central to the case.[3]

Ultimately, all of PR's arguments that rely on the SEC filing contravene the directive that, at the pleadings stage, "the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor." *Othart Dairy Farms LLC v. Dairy Farmers of Am. Inc.*, 720 F. Supp. 3d 1087, 1096-97 (D.N.M. 2024). Therefore, the Court should deny PR's request for judicial notice and ignore all arguments in PR's motion to dismiss (Dkt. 127) that rely on these materials.

Dated: April 10, 2025

/s/Christopher A. Dodd
Christopher A. Dodd
DODD LAW OFFICE, LLC
500 Marquette Avenue NW, Suite 1330
Albuquerque, New Mexico 87102
Tel: (505) 475-2932
chris@doddnm.com

*Interim Liaison Counsel for Plaintiffs and Putative Class*

Patrick J. Coughlin (*pro hac vice*)
Carmen Medici (*pro hac vice*)
Daniel J. Brockwell (*pro hac vice*)
Isabella De Lisi (*pro hac vice*)
Mollie E. Chadwick (*pro hac vice* forthcoming)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101

Michael Dell'Angelo (*pro hac vice*)
Candice Enders (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street
Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3080
mdellangelo@bm.net
cenders@bm.net

Richard D. Schwartz (*pro hac vice*)
BERGER MONTAGUE PC
1720 W. Division
Chicago IL 20622
Tel: (773) 257-0255
rschwartz@bm.net

Karin B. Swope (*pro hac vice*)
Thomas E. Loeser (*pro hac vice*)
Vara G. Lyons (*pro hac vice*)
Ellen Wen (*pro hac vice*)

---

[3] PR also suggests that the Court may take judicial notice of the SEC filing because it is accessible on the internet. Dkt. 128 at 2. However, Tenth Circuit courts have found this argument unavailing. *Gutman v. PointsBet USA Inc.*, 2024 WL 2106517, at *8 (D. Colo. April 18, 2024) (collecting cases). And the cases cited by PR in support of this point are inapposite. *See O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1220 (10th Cir. 2007) (involving judicial notice of materials post-trial); *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (taking judicial notice of prior judicial acts).

| | |
|---|---|
| Tel: (619) 233-4565<br>pcoughlin@scott-scott.com<br>cmedici@scott-scott.com<br>dbrockwell@scott-scott.com<br>idelisi@scott-scott.com<br>mchadwick@scott-scott.com<br><br>Patrick McGahan (*pro hac vice*)<br>Michael Srodoski (*pro hac vice*)<br>SCOTT+SCOTT ATTORNEYS AT LAW LLP<br>156 S Main Street<br>P.O. Box 192<br>Colchester, CT 06415<br>Tel: (860) 537-5537<br>pmcgahan@scott-scott.com<br>msrodoski@scott-scott.com<br><br>Karin E. Garvey (*pro hac vice*)<br>SCOTT+SCOTT ATTORNEYS AT LAW LLP<br>230 Park Ave., 24th Floor<br>New York, NY 11069<br>Tel: (212) 223-6444<br>kgarvey@scott-scott.com | Jacob M. Alhadeff (*pro hac vice*)<br>COTCHETT, PITRE, & McCARTHY, LLP<br>1809 7th Avenue, Suite 1610<br>Seattle, WA 98103<br>Tel: (206) 778-2123<br>kswope@cpmlegal.com<br>tloeser@cpmlegal.com<br>vlyons@cpmlegal.com<br>ewen@cpmlegal.com<br>jalhadeff@cpmlegal.com<br><br>Joseph W. Cotchett (*pro hac vice*)<br>Adam Zapala (*pro hac vice*)<br>Vasti S. Montiel (*pro hac vice*)<br>COTCHETT, PITRE, & McCARTHY, LLP<br>840 Malcolm Road<br>Burlingame, CA 94010<br>Tel: (650) 697-6000<br>jcotchett@cpmlegal.com<br>azapala@cpmlegal.com<br>vmoniel@cpmlegal.com<br><br>*Interim Co-Lead Counsel for Plaintiffs and the Putative Class* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2025, I caused to be served a true and correct copy of the foregoing document with the Clerk of this Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record receiving electronic notification.

              */s/Christopher A. Dodd*
              Christopher A. Dodd