**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| *In re: Shale Oil Antitrust Litigation* | |
| This Document Relates to: | No. 1:24-md-03119-MLG-LF |
| ALL ACTIONS. | |

## STIPULATION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY

The parties through their respective counsel of record stipulate to the following regarding the scope of expert discovery in the above-captioned case, any of the underlying actions consolidated in the above-captioned case, and any related actions that may later be consolidated with this case (collectively, the "Matter"), subject to approval by the Court.

1.     Except as provided otherwise in this Stipulation and Order Concerning Expert Discovery ("Stipulation"), expert discovery shall be governed by the Federal Rules of Civil Procedure and any other applicable rule. This Stipulation does not set or alter the time for any disclosure required by Fed. R. Civ. P. 26(a)(2)(B) or the timing of any deposition of any testifying expert.

2.     To the extent that this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure or this Court's standing orders, the parties have agreed to those limitations to increase the efficiency of their dealings with testifying and non-testifying experts and to minimize discovery disputes regarding testifying and non-testifying experts. Neither the terms of this Stipulation nor the parties' agreement to them shall be considered an admission by any person that any of the information restricted from discovery by

1

this Stipulation would otherwise be discoverable or admissible.

3.      The parties will make all disclosures required by Federal Rule of Civil Procedure

26(a)(2), provided, however, that the term "considered" as used in Federal Rule of Civil Procedure

26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon" for purposes of this Matter.

4.      Except as provided in paragraphs 6 and 7 below, the following types of information

shall *not* be the subject of any form of discovery, and the parties shall not be obligated to preserve

such information in any form or include such information on any privilege log:

    a.  the content of written, oral, or other communications among and between:

        i.  counsel in this case and any testifying expert and/or any testifying expert's staff and/or supporting firms;

        ii.  counsel in this case and any non-testifying expert consultant and/or any non-testifying expert consultant's staff and/or supporting firms;

        iii.  any testifying expert and any other testifying experts and/or non-testifying expert consultants;

        iv.  any testifying expert and his or her staff and/or supporting firms;

        v.  any non-testifying expert consultant and his or her staffs and/or supporting firms;

        vi.  the respective staffs and/or supporting firms of testifying experts or non-testifying expert consultants and the staffs and/or supporting firms of other testifying experts and/or non-testifying expert consultants.

    b.  notes, drafts, written communications, preliminary or intermediate calculations, summaries, computations or other data runs, or other types of preliminary work

created by, for, or at the direction of a testifying expert, including any draft Fed. R. Civ. P. 26(a)(2)(B) expert reports (in whole or in part), affidavits, exhibits or declarations, including copies of documents produced by any party bearing the notes, markings, or comments of any of the following persons or their staff or agents: the testifying expert, other testifying expert witnesses, non-testifying expert consultants, supporting firms, or consultants or outside or in-house attorneys for the party or parties.

c. For the avoidance of doubt, these discovery and preservation limitations in this paragraph 4 shall not apply to any communications, documents, data sets, data runs, calculations, computations or other forms of information or work on which a testifying expert relies as a basis for any of his or her opinions or reports.

5. No party or its experts are obligated to preserve or produce budgets, invoices, bills, receipts or time records concerning testifying or non-testifying expert witnesses or consultants, their staff(s), assistants, colleagues, or associates, or their companies or organizations. Nothing in this paragraph alters the parties' obligations under Fed. R. Civ. P. 26(a)(2)(B)(vi).

6. Notwithstanding the limitations in paragraphs 4 and 5 above, to the extent a testifying expert relies on facts or data provided by counsel, or relies on an assumption provided by counsel, such facts, data, or assumption(s) – but not the communication(s) between counsel and the expert concerning such facts, data, or assumption(s) – must be disclosed.

7. Notwithstanding the limitations contained in paragraphs 4 and 5 above, a testifying expert may be asked to respond to reasonable inquiries regarding the hourly rates of the testifying expert and his or her staff, the amount of time an expert or that expert's staff has spent on the

expert's report and associated work, and the amount of money billed for the report and associated work.

8.    In addition to what is required by Fed. R. Civ. P. 26, for each testifying expert designated by the parties, the designating party will, within five (5) business days of serving an expert report, affidavit, or declaration pursuant to Fed. R. Civ. P. 26(a)(2)(B) (the "Report"), produce the following unless already included with the Report:

    a.   copies of the data, materials, and/or other information relied upon by the testifying expert in forming his or her opinions, including all underlying raw and final electronic data sets and electronic data compilations, computerized regression analysis, and/or other underlying reports and schedules in the form or format used for the testifying expert's calculations, sufficient to reconstruct the work, calculations, and/or analyses upon which the testifying expert is relying for his or her opinions;

        i.   A party need not produce, but may simply identify in writing, (i) the Bates ranges of documents or other information produced in this Matter; (ii) the deponent names and dates for transcripts of depositions taken in this Matter; (iii) the exhibit numbers of all exhibits from such depositions; and (iv) citations for publicly available articles, cases, statutes, journals, treatises, regulatory filings, or other sources, including, if online, the website, title, and date of a working URL; upon reasonable request, however, a party shall produce any treatise or other public source material for inspection or copying.

b. the input, programs, and output (in the same manipulable form or format used by the expert) underlying all calculations relied upon in forming the testifying expert's opinions and/or needed to replicate or reproduce his or her disclosed tables, figures, calculations, and reported results, including raw and final data sets generated by the testifying expert;

  i. All underlying electronic data sets and compilations, computerized regression analyses, or other reports and schedules the expert relied on as a basis for his or her opinions shall be provided in the form or format used by the testifying expert in performing his or her calculations, and shall be sufficient to allow the opposing party to reconstruct the calculations and analysis relied upon by the testifying expert as the basis for his or her opinions.

c. any information (including, but not limited to, analyses, spreadsheets, graphs, and charts) relied upon by the testifying expert that is based on the output from any computer programs that are produced; and

d. any programs that are not commonly available and are necessary for recreating any computerized models, analyses, or spreadsheets. If any program, model, or data file is generated using a non-commercially available program or the file format is not readily ascertainable, the producing party shall identify the program used to generate and/or run the subject program, model, or data file, and provide timely and reasonable instructions for the purposes of replication or analysis of disclosed results. If, despite reasonable efforts, the receiving party cannot practically obtain

the software needed to run the subject program, model, or data file, the producing party shall work with the receiving party and use its best efforts to facilitate the receiving party's access to the necessary software. However, the parties are not required to produce any programs, data, documents, or materials that would require the producing party to infringe upon a license or to otherwise procure a license for the receiving party. If data, documents, or materials relied on by an expert witness is subject to a license, the producing party will identify all such data, documents, or materials and provide the licensor's contact information within three business days.

9.      The information required by paragraph 8 above to be produced shall be produced electronically (via email or FTP site) to: (1) counsel for each Defendant (one copy per Defendant or group of Defendants represented by the same counsel); and (2) counsel for each Plaintiff (one copy to each of Plaintiffs' designated ESI liaisons). If, however, the information required by paragraph 8 above must be, because of its size, produced via hard drive, then it shall be mailed to the address provided by counsel for Defendants, who will receive one copy for all Defendants, and the addresses provided by counsel for Plaintiffs, who will receive one copy for each Plaintiff group. Data, statistical analyses, or other information (including any calculation or exhibit) upon which a testifying expert relies for any of his or her opinion(s) in this Matter shall be provided in machine readable format, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the testifying expert. All other documents, data, and other information relied upon shall be provided in a format as agreed to by the parties, along with any software and instructions required to read them, but no party need produce

6

computer software or instructions that are reasonably and commercially available (*e.g.*, Microsoft Word, Excel, STATA, SAS).

10.     Paragraphs 8 and 9 above are not intended to limit the ability of any party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to an expert's testimony, during the course of any hearing or trial. The admissibility of any such demonstrative exhibits shall be subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and this Court's Local Rules, unless otherwise provided by order of the Court. The use at trial of demonstrative exhibits not provided with an expert's report shall additionally be governed by the Final Pretrial Order.

11.     No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report or declaration is provided. Instead, the party proffering such expert will (a) be responsible for producing all materials and information required by the Federal Rules of Civil Procedure or this Stipulation and (b) accept notices of depositions and make the expert available for deposition after the expert's report is served at a time and location mutually agreed to by the parties and consistent with the Court's scheduling orders.

12.     Nothing in this Stipulation shall permit a party or a testifying expert to withhold any proposition, fact, belief or other data, information or material (including any assumption) on which the expert relies in support of her or his opinion(s) in this Matter, or to prevent substantive deposition questions with respect to any data or other non-privileged information that may be relevant to the substance of the testifying expert's opinions, including but not limited to (i) theories, methodologies, approaches, yardsticks, benchmarks, variables, data, facts or assumptions that the expert relied on in forming his or her opinions; (ii) the assumptions or facts, if any, that the party's

counsel provided and that the expert relied upon in forming the opinions to be expressed; or (iii)

any other assumptions that the expert may have relied upon in preparing his or her report.  However,

such questions may not specifically concern the wording or contents of any draft excluded from

discovery by Paragraph 4(b) or of any other written materials upon which the expert did not rely

in forming his or her opinions.

13.     Subject to the duty to correct under Federal Rule of Civil Procedure 26(a)(2)(E)

and 26(e)(2), no expert report, summary, or other expert evidence may be supplemented, and no

expert evidence may be offered or admitted that has not been timely and properly disclosed, except

by leave of Court.

14.     This Stipulation shall apply retroactively and prospectively to all experts retained

in this Matter.

15.     The parties agree to comply with this Stipulation pending the Court's approval.

Dated: April 21, 2025

/s/Christopher A. Dodd
Christopher A. Dodd
DODD LAW OFFICE, LLC
500 Marquette Avenue NW, Suite 1330
Albuquerque, New Mexico 87102
Tel: (505) 475-2932
chris@doddnm.com

*Interim Liaison Counsel for Plaintiffs and Putative Class*

Patrick J. Coughlin (*pro hac vice*)
Carmen Medici (*pro hac vice*)
Daniel J. Brockwell (*pro hac vice*)
Isabella De Lisi (*pro hac vice*)
Mollie E. Chadwick (*pro hac vice* forthcoming)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101

Michael Dell'Angelo (*pro hac vice*)
Candice Enders (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street
Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3080
mdellangelo@bm.net
cenders@bm.net

Richard D. Schwartz (*pro hac vice*)
BERGER MONTAGUE PC
1720 W. Division
Chicago IL 20622
Tel: (773) 257-0255
rschwartz@bm.net

Karin B. Swope (*pro hac vice*)
Thomas E. Loeser (*pro hac vice*)

Tel: (619) 233-4565
pcoughlin@scott-scott.com
cmedici@scott-scott.com
dbrockwell@scott-scott.com
idelisi@scott-scott.com
mchadwick@scott-scott.com

Patrick McGahan (*pro hac vice*)
Michael Srodoski (*pro hac vice*)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
156 S Main Street
P.O. Box 192
Colchester, CT 06415
Tel: (860) 537-5537
pmcgahan@scott-scott.com
msrodoski@scott-scott.com

Karin E. Garvey (*pro hac vice*)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
230 Park Ave., 24th Floor
New York, NY 11069
Tel: (212) 223-6444
kgarvey@scott-scott.com

Vara G. Lyons (*pro hac vice*)
Ellen Wen (*pro hac vice*)
Jacob M. Alhadeff (*pro hac vice*)
COTCHETT, PITRE, & McCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98103
Tel: (206) 778-2123
kswope@cpmlegal.com
tloeser@cpmlegal.com
vlyons@cpmlegal.com
ewen@cpmlegal.com
jalhadeff@cpmlegal.com

Joseph W. Cotchett (*pro hac vice*)
Adam Zapala (*pro hac vice*)
Vasti S. Montiel (*pro hac vice*)
COTCHETT, PITRE, & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000
jcotchett@cpmlegal.com
azapala@cpmlegal.com
vmoniel@cpmlegal.com

*Interim Co-Lead Counsel for Plaintiffs and the Putative Class*

/s/Boris Bershteyn
Boris Bershteyn
Karen M. Lent
Michael H. Menitove
Zachary C. Siegler
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000
boris.bershteyn@skadden.com
karen.lent@skadden.com
michael.menitove@skadden.com
zachary.siegler@skadden.com

Samuel G. Liversidge
Jay P. Srinivasan

/s/John M. Taladay
John M. Taladay
Christopher Wilson
Kelsey Paine
Megan Tankel
Fran Jennings
BAKER BOTTS L.L.P.
700 K Street NW
Washington, D.C. 20001-5692
Tel: (202) 639-7909
john.taladay@bakerbotts.com
christopher.wilson@bakerbotts.com
kelsey.paine@bakerbotts.com
megan.tankel@bakerbotts.com
fran.jennings@bakerbotts.com

Benjamin F. Feuchter
Thomas C. Bird
JENNINGS HAUG KELEHER MCLEOD

S. Christopher Whittaker
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
sliversidge@gibsondunn.com
jsrinivasan@gibsondunn.com
cwhittaker@gibsondunn.com

Eric R. Burris
BROWNSTEIN HYATT
 FARBER SCHRECK, LLP
201 Third Street NW, Suite 1800
Albuquerque, NM 87102-4386
Telephone: (505) 244-0770
eburris@bhfs.com

*Counsel for Defendant Pioneer Natural
Resources Company*

*/s/Marguerite M. Sullivan*
Marguerite M. Sullivan
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Marguerite.Sullivan@lw.com

Lawrence E. Buterman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Lawrence.Buterman@lw.com

*Counsel for Defendant Expand Energy
Corporation (F/K/A Chesapeake Energy
Corporation)*

*/s/Kevin S. Schwartz*
Kevin S. Schwartz
David A. Papirnik
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street

201 Third Street NW, Suite 1200
Albuquerque, NM 87102
Tel: (505) 346-4646
bf@jhkmlaw.com
tcb@jhkmlaw.com

*Counsel for Defendant EOG Resources, Inc.*

*/s/Jeffrey L. Kessler*
Jeffrey L. Kessler
Jeffrey J. Amato
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
jkessler@winston.com
jamato@winston.com

Thomas M. Melsheimer
Thomas B. Walsh, IV
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Tel: (212) 294-6700
tmelsheimer@winston.com
twalsh@winston.com

Benjamin Allison
Billy Trabaudo
BARDACKE ALLISON MILLER LLP
P.O. Box 1808
141 E. Palace Avenue
Santa Fe, NM 87501
Tel: (505) 995-8000
ben@bardackeallison.com
billy@bardackeallison.com

*Counsel for Defendant Diamondback Energy,
Inc.*

*/s/Jeffrey J. Zeiger*
Jeffrey J. Zeiger
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Tel: 312-862-3237
jzeiger@kirkland.com

Devora W. Allon
KIRKLAND & ELLIS LLP

New York, NY 10019
Tel: (212) 403-1062
kschwartz@wlrk.com

*Counsel for Defendants Hess Corporation and John Hess*

/s/Christopher E. Ondeck
Christopher E. Ondeck
Stephen R. Chuk
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue NW
Suite 600 South
Washington, DC 20004
Tel: (202) 416-6800
Fax: (202) 416-6899
condeck@proskauer.com
schuk@proskauer.com

Kyle A. Casazza
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 284-5677
kcasazza@proskauer.com

Jared DuBosar
PROSKAUER ROSE LLP
2255 Glades Road, Suite 421 Atrium
Boca Raton, FL 33431
Telephone: (561) 995-4702
jdubosar@proskauer.com

Hannah Silverman
Henrique Carneiro
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3193
Facsimile: (212) 969-2900
hsilverman@proskauer.com
hcarneiro@proskauer.com

Michael Burrage

601 Lexington Avenue
New York, NY 10022
Tel: 212-446-5967
devora.allon@kirkland.com

Earl E. DeBrine, Jr.
MODRALL SPERLING
500 4th St. NW, Suite 1000
Albuquerque, NM 87102
Tel: (505) 848-1800
earl.debrine@modrall.com

*Counsel for Defendant Occidental Petroleum Corporation*

/s/Michael W. Scarborough
Michael W. Scarborough
Dylan I. Ballard
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
Tel: (415) 979–6900
mscarborough@velaw.com
dballard@velaw.com

Craig P. Seebald
Stephen M. Medlock
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW, Suite 500 West
Washington, DC 20037
Tel: (202) 639-6500
cseebald@velaw.com
smedlock@velaw.com

*Counsel for Defendant Permian Resources Corporation*

/s/David I. Gelfand
David I. Gelfand
Jeremy J. Calsyn
Joseph M. Kay
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW
Ste 1000
Washington, DC 20037
Tel: (202) 974-1690
dgelfand@cgsh.com
jcalsyn@cgsh.com
jkay@cgsh.com

11

WHITTEN BURRAGE
512 North Broadway Avenue, Ste 300
Oklahoma City, OK 73102
Tel: (888) 783-0351
mburrage@whittenburragelaw.com

H. Brook Laskey
MCCOY LEAVITT LASKEY LLC
317 Commercial St. NE, Suite 200
Albuquerque, NM 87102
Telephone: (505) 246-0455
blaskey@MLLlaw.com

*Counsel for Defendant Continental Resources, Inc.*

Kurt A. Sommer
SOMMER, UDALL, SUTIN, HARDWICK &
HYATT, PA
PO Box 1984
Santa Fe, NM 87504
Tel: (505) 982-4676
kas@sommerudall.com

*Counsel for Defendant Scott D. Sheffield*

**IT IS SO ORDERED.**

DATED:

                           _____
The Hon. Matthew L. Garcia
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2025, I caused to be served a true and correct copy of the foregoing document with the Clerk of this Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record receiving electronic notification.

*/s/Christopher A. Dodd*
Christopher A. Dodd
