**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

| | |
|---|---|
| *In re: Shale Oil Antitrust Litigation*<br><br>This Document Relates to:<br><br>ALL ACTIONS. | No. 1:24-md-03119-MLG-LF |

**[PROPOSED] STIPULATED DEPOSITION PROTOCOL**

This Deposition Protocol ("Protocol") shall govern all fact Depositions taken in *In re Shale Oil Antitrust Litigation*. This Protocol may be modified at any time by agreement of the Parties or by order of the Court.

## I.    DEFINITIONS

1.    "Attending Counsel" shall mean any legal counsel, other than Deposing Counsel and Defending Counsel for a Party or Non-Party, that is attending a Deposition noticed and taken pursuant to this Protocol.

2.    "Court Reporter" shall mean an individual retained by the Party or Parties taking a Deposition pursuant to this Protocol to transcribe the Deposition taken pursuant to this Protocol and who is authorized to administer oaths either by federal or state law.

3.    "Days" shall mean calendar days. If the last day of the period is a Saturday, Sunday, holiday, or court closure, the period continues to run until the next day that is not a Saturday, Sunday, holiday, or court closure.

4.      "Defending Counsel" shall mean the legal counsel of the Party, Parties, Non-Party, or Non-Parties being deposed pursuant to this Protocol who is principally defending the Deposition.

5.      "Deposition" shall mean any oral examination taken pursuant to Fed. R. Civ. P. 30, Fed. R. Civ. P. 45, or any court order in this Litigation.

6.      "Deposing Counsel" shall mean the legal counsel of the Party or Parties who actually examine(s) the witness during the Deposition pursuant to this Protocol.

7.      "Document" shall have the broadest possible meaning consistent with Fed. R. Civ. P. 34, Fed. R. Evid. 1001, and Fed. R. Evid. 1006, and explicitly includes Hard Copy Documents, ESI, and Summary Exhibits.

8.      "Electronically Stored Information" and "ESI" shall have its broadest possible meaning consistent with Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001, and explicitly includes all electronically stored information produced by any Party or Non-Party in this Litigation.

9.      "Exhibit" shall mean any Document or ESI that is marked as an Exhibit at a Deposition.

10.      "Hard Copy Document" shall mean any Document or thing discoverable under Fed. R. Civ. P. 26(b)(1), Fed. R. Civ. P. 34, and/or Fed. R. Civ. P. 45 that cannot be characterized as ESI.

11.      "Litigation" shall mean the above-captioned case, any of the underlying actions consolidated in the above-captioned case, and any related actions that may later be consolidated with this case.

12.     "Non-Parties" shall mean all natural or legal persons that are not Parties to the Litigation.

13.     "Noticing Party" means a Party (or Parties) that noticed a Deposition of a witness pursuant to Federal Rule of Civil Procedure 30 or Federal Rule of Civil Procedure 45.

14.     "Parties" or "Party" shall mean any Plaintiff or any Defendant in the Litigation, or any of their current and/or former employees, executives, officers, and/or directors.

15.     "Remote Deposition" means a Deposition conducted using a platform as agreed to under this Protocol that allows for the deponent, Attending Counsel, Deposing Counsel, Defending Counsel, the Court Reporter, and/or the videographer to participate in a Deposition without all attending the Deposition in person, or any other means to which the Deposing Counsel, Defending Counsel, and Attending Counsel agree.

16.     "Service Provider" means any individual or entity engaged by a Party for the provision of remote Deposition services, including provision of a platform for remote Depositions and remote stenography or videography services.

## II.     APPLICABILITY

17.     This Protocol shall govern all Depositions in the Litigation, unless otherwise agreed to by the Parties. It is intended to allow the Parties to conduct Deposition discovery in an effective manner, balancing the efficiency and cost-savings of Remote Depositions with the benefits of in-person attendance at Depositions.

18.     Any matter not explicitly addressed in this Protocol shall be governed by the applicable Federal Rules of Civil Procedure and the Local Rules of the District of New Mexico ("Local Rules").

19.     The Noticing Party may elect to conduct each Deposition in person or by remote electronic means.

20.     Any attorney of record may be physically present at the Deposition at the location of the deponent with written notice of such appearance provided at least five Days before the Deposition.  Further, for any Deposition of a Party, that Party's respective executives and in-house counsel may attend the Deposition. However, the attendance at that Deposition of that Party's executives and/or in-house attorney shall not prevent the deposing attorney from showing the witness any document marked as Confidential, Highly Confidential, or Outside Counsel Only under the Protective Order. Any Deposing Counsel seeking to show the witness any document that was not produced by the Party with which the witness is affiliated and is marked as Confidential, Highly Confidential, or Outside Counsel Only under the Protective Order shall provide prior notice to the attendees by stating the name of the party who produced the document, the document's bates number, and the document's confidentiality designation. Following such notice, Deposing Counsel shall provide a brief pause to permit individuals who are not permitted to view the document under the Protective Order to leave the Deposition while the document is being shown and/or discussed. Deposing Counsel is not responsible for the failure of such individuals to leave the Deposition, and any time spent allowing such individuals to leave the Deposition shall not count towards Deposing Counsel's time on the record.  An attorney for the deponent may be physically present with the deponent without notice but shall indicate whether he or she intends to attend in person, if asked.

21.     If any deponent or Defending Counsel objects in good faith to the taking of a Deposition in person, it must notify the Noticing Party of the objection within seven business

Days of receiving the Deposition notice, and the Parties and/or Non-Party shall meet and confer in good faith regarding such a request to change the format for the Deposition. If the Parties agree to hold the Deposition remotely, they will work cooperatively and in a timely manner to arrange for the necessary logistics required for the change in format of the Deposition.

22.    Any Party may notice a Remote Deposition by stating its intention to take a Deposition by remote means in its original or amended notice of Deposition by oral examination pursuant to Fed. R. Civ. P. 30 or Fed. R. Civ. P. 45, or by any other means in writing that the Parties may agree to.

### III.    <u>DEPOSITION LIMITS</u>

23.    By no later than 60 days before the Parties are required to substantially complete their document productions, the Parties shall commence discussions as to the limitations on Depositions taken in the Litigation, including the allotted time for Rule 30(b)(6) Depositions. By no later than 30 days before the Parties are required to substantially complete their document productions, the Parties shall either submit a proposed addendum to this Protocol setting forth agreed-upon Deposition limitations or submit a joint letter to the Court, not to exceed five pages, setting forth any disputes regarding Deposition limitations.

### IV.    <u>ALLOCATION OF DEPOSITION TIME</u>

24.    Depositions of fact witnesses noticed by any Party will generally be limited to seven hours of examination by the Noticing Party per deponent consistent with Fed. R. Civ. P. 30(d)(l), unless otherwise agreed to or ordered by the Court.

25.    A Party may cross-notice a Deposition by serving a Deposition notice or subpoena noticing the Deposition within seven Days of the initial Deposition notice served by another

Party. Defending Counsel may redirect the witness's testimony within the scope of the examination of the Noticing Party as normal.

26.     If Defending Counsel for the witness or the witness's current or past employer (the "defending attorney") wishes to question the witness outside of the scope of the examination by the Noticing Party, they may have a reasonable amount of time not to exceed one hour on the record to examine the witness at the conclusion of cross examination without need for a cross-notice, and which shall not count toward the hour limit for the Deposition or Defending Counsel's allotted number of Depositions or cumulative hours cap. The Noticing Party will have a reasonably proportional amount of time, not to exceed 30 minutes, to conduct any recross examination of the witness, which shall not count toward the Noticing Party's Deposition cap(s). Deposing Counsel also may reserve a portion of their total hours with the witness to conduct further recross examination. If Defending Counsel wishes to question the witness for longer than one hour outside the scope of examination by the Noticing Party, he or she must cross-notice the witness as normal. In the event a Party cross-notices the Deposition of a current or former employee of that Party or a co-Party (*e.g.*, a Defendant cross-notices the Deposition of an employee of a co-Defendant), the Noticing Parties will meet and confer on the appropriate duration of the Deposition. The presumption will be that the Noticing Party shall have the full amount of time set forth in this Protocol. The cross-Noticing Party may have additional time beyond the Noticing Party's time to depose its co-Parties' current or former employee as agreed with its co-Parties.

27.     To the extent a Party cross-notices a Non-Party for Deposition, the Parties shall meet and confer regarding the division of time among the Parties.

28.     Parties may seek leave of Court for additional time for good cause or if they are otherwise unable to agree upon the division of time for a Deposition.

29.     The Parties will make a good faith effort to avoid multiple Depositions of the same deponent if that deponent will testify both under Rule 30(b)(1) and Rule 30(b)(6), but this does not abridge the Noticing Party's right to its allocated hours of Deposition time for the 30(b)(1) Deposition plus the additional time allocated under this paragraph for the 30(b)(6) Deposition. Should a Party identify a Rule 30(b)(1) deponent to testify regarding one or more Rule 30(b)(6) topics, the Parties shall discuss in advance whether both Depositions can be completed in a single day and, if not, shall schedule and conduct the Deposition on consecutive Days whenever possible.

## V.     DEPOSITION PROCEDURES

### A.     Joint Rule 30(b)(1) and 30(b)(6) Depositions

30.     During a Deposition in which a designated deponent is being deposed in both their individual and Rule 30(b)(6) capacities, Deposing Counsel shall clearly state whether questions are being asked of the deponent in their individual or Rule 30(b)(6) capacity. If Deposing Counsel does not so state, the deponent will be deemed to be testifying in their personal capacity.  The Deposing Counsel shall make best efforts to separate 30(b)(1) and 30(b)(6) questions into two distinct parts of the Deposition.

### B.     Deponents Represented by Separate Counsel

31.     Where a deponent is represented by counsel who does not also represent a Party (*e.g.*, a Non-Party or an employee of a Party with separate counsel), then the Noticing Party shall

provide a copy of this Protocol to the deponent's counsel along with the Deposition subpoena or notice.

**C.**    <u>**Use of Interpreters**</u>

32.    For Depositions for which a deponent requests an interpreter for the entirety of the Deposition, one hour of Deposition time shall count as one half of an hour for the purpose of computing the seven-hour limit and the amount of cumulative Deposition hours remaining for a side. If a deponent anticipates seeking an interpreter only for clarification of discrete terms or definitions, the seven-hour limit shall apply. If a deponent anticipates needing translation for a material portion but not all of the Deposition, the Parties shall discuss in advance the amount of time that should properly be allocated. The Parties will not unreasonably withhold agreement if, during the course of the Deposition, more or less time is needed. When time beyond seven hours may be required by this paragraph, the Parties shall discuss in advance whether the Deposition can be completed in a single day and, if not, shall schedule and conduct the Deposition on consecutive Days whenever possible.

33.    If a deponent desires an interpreter, counsel for the deponent shall provide written notice to the other Parties of the need for an interpreter as soon as practicable, or no later than within fourteen Days after the issuance of the Deposition notice.

34.    If a deponent desires an interpreter, the Parties shall confer concerning the appointment of a single, qualified interpreter to provide interpretation services at the Deposition and agree to equally share costs. If the Parties cannot agree, the Noticing Party shall arrange for the interpreter and bear responsibility for the cost.

35.     The appointment of such an interpreter does not limit the right of any Party to bring a qualified check interpreter to assist that Party at its own cost. The check interpreter may succinctly state an objection to the interpretation on the record and, if asked by the deponent, a Deposing Counsel, or Defending Counsel, offer his or her different interpretation of the question or answer. Should the interpreters be unable to resolve a dispute that arises with respect to an interpretation, the Parties will engage a neutral interpreter to resolve the dispute. If counsel for the Noticing Party and Defending Counsel have not agreed on a neutral interpreter, the deponent shall answer the question based on the interpretation of the Noticing Party's interpreter but shall not be barred from clarifying the response based on any other reasonable interpretation.

## VI.    SCHEDULING AND NOTICING DEPOSITIONS

36.     Counsel will consult with one another in advance to coordinate, to the extent practicable, all scheduling, noticing, and taking of Depositions. The needs and convenience of the deponent will be a paramount concern in scheduling and taking the Deposition.

37.     The Parties agree that they will work in good faith to provide no fewer than twenty-five Days' notice of a 30(b)(1) Deposition and twenty-five Days notice of a 30(b)(6) Deposition. A formal Deposition notice is not required to start the process of requesting a 30(b)(1) Deposition. Once the Noticing Party provides one or more specific proposed dates for the Deposition, the responding Party will reply to the Party requesting the Deposition within seven Days of the request. In responding, the responding Party will accept one of the originally proposed dates or counter-propose alternative dates within a reasonable timeframe.

38.    All Parties agree to meet and confer in good faith with regard to any disputes concerning the scheduling of Depositions. Disputes that cannot be resolved through the meet and confer process or within a reasonable timeframe shall be decided by the Court.

39.    In the event of an in-person Deposition, unless otherwise agreed or prohibited by local law, Depositions will occur in a city convenient to the deponent, reasonably located within 100 miles of where the deponent resides or regularly works or at another location agreed upon by the Parties and deponent.

40.    Unless the Deposition occurs remotely or agreed otherwise, the Noticing Party shall secure a room for the Deposition that will accommodate counsel for each Party, deponent, videographer, interpreters (if any), and Court Reporter. The Noticing Party shall bear the initial expense of videotaping and stenographic recording.

41.    Any Deposition notice may be served on all Parties electronically via email. Any subpoenas for Deposition testimony shall be served on deponents as required by law, but copies may be served electronically via email on all Parties.

42.    The Parties and Non-Parties shall work in good faith to minimize the rescheduling of Depositions, once scheduled, subject to accommodating reasonable requests for continuances of Depositions due to unforeseen circumstances, such as illnesses or dependent care needs of attorneys or deponents.

## VII.    ATTENDANCE AT DEPOSITIONS

### A.    Counsel's Right to Attend Remotely

43.    To minimize travel and related costs, requests by counsel to participate in any Deposition remotely should be agreed to absent unusual circumstances. Counsel intending to

participate in a Deposition remotely must notify counsel for the Noticing Party and Defending Counsel at least two Days before the scheduled date of the Deposition. If such a notice is timely given, and agreement is given for the remote participation of counsel, counsel for the Noticing Party shall make arrangements for a video link to all who wish to attend the Deposition.

**B.**    **Right to Attend in Person**

44.    If Defending Counsel intends to attend a Deposition in person, then Deposing Counsel and Attending Counsel also have the right to attend that Deposition in person and to have the Court Reporter and videographer attend in person.

## VIII.    CONDUCT OF DEPOSITIONS

45.    Regardless of location, all Depositions shall be conducted in accordance with all applicable Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules unless otherwise required by law, including Fed. R. Civ. P. 30(c)(2), except that:

a) The Parties agree that one objection by Plaintiff or Defendant can be relied upon by all Plaintiffs or Defendants, respectively. The Parties all agree that an objection by counsel for a Non-Party can be relied upon by all Plaintiffs or Defendants.
b) Breaks shall not be taken while a question is pending unless it is required to determine whether a privilege should be asserted.
c) The Parties may contact the Court during a Deposition should a dispute arise that necessitates its involvement.

46.    So as to promote efficiency, the Parties agree that an "objection to form" shall serve to preserve all objections to form without need for the objecting party to specify the claimed deficiency in form. An objection must be stated concisely in a nonargumentative and nonsuggestive manner, and Deposing Counsel may request clarification from the objecting Parties if the basis is not understood. Objections other than for form shall not be made at the Deposition and are preserved for trial.

47.     While the Deposition is on the record, counsel shall refrain from any form of communication with the deponent with the intent to influence the substance of the testimony of the deponent. Any request for a break must be stated on the record. Nothing in this Protocol prevents a deponent from seeking advice regarding the application of a privilege or immunity from testifying during the course of a Deposition taken pursuant to this Protocol.

48.     Unless clearly identified on the record and subject to the express consent of the Deposing and Defending Counsel, the deponent may not review, read, have before him or her, or otherwise access any Hard Copy Documents or Electronically Stored Information, including email, text, web pages, social media, video, audio, or any other material, except Hard Copy Documents or Electronically Stored Information presented to the deponent as Exhibits during the Deposition. During a Remote Deposition, the only applications running on the deponent's computer shall be those needed for the Remote Deposition platform, and the deponent shall not consult any outside sources of information, including cell phones, smart phones, computers, the Internet, text or instant messaging services, emails, chats, blogs, or websites such as Twitter, Facebook, or LinkedIn, to obtain information in connection with his or her testimony.

49.     In the event that a Party wishes to make a motion to terminate or limit a Deposition under Fed. R. Civ. P. 30(d)(3), that Party's counsel should concisely state the grounds in support of such motion on the record.

### IX.    REMOTE DEPOSITION PROTOCOL

**A.    Applicability**

50.     When all or any part of a Deposition will be conducted remotely, the following Remote Deposition Protocol shall apply, in addition to any applicable paragraphs from above. A

Remote Deposition shall satisfy the Parties' obligations to make the deponent available for Deposition and the deponent's obligations to appear for a Deposition to the same extent as if the Deposition had been conducted in person.

**B.    Vendor and Platform**

51.    The Noticing Party will ensure that the vendor selected for court reporting, videography, and remote video Deposition services provides a platform sufficient to permit the deponent (and, if the deponent is a Party, the respective Party's executives and in-house counsel), Attending Counsel, Deposing Counsel, Defending Counsel, Court Reporter, and/or videographer to participate in a Deposition without attending the Deposition in person.

52.    At least two Days prior to the commencement of each Remote Deposition, the Noticing Party shall endeavor to provide, or cause the Service Provider to provide, to all counsel the details necessary to gain access to each Remote Deposition, including but not limited to any web addresses, login credentials, and hardware and software requirements.

**C.    Remote Administration of Oath and Recording of Video**

53.    Remote Depositions shall be recorded by stenographic means consistent with the requirements of Fed. R. Civ. P. 30(b)(3), but the Court Reporter need not be physically present with the deponent whose Deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the Court Reporter, even if the Court Reporter is not a notary public in the state where the deponent resides.

54.    The Court Reporter will stenographically record the testimony, and the Court Reporter's transcript shall constitute the official record. The Service Provider will record the video feed of the deponent and preserve the video recording. The Court Reporter may be given a copy

of the video recording (of any videotaped Deposition) and may review the video recording to improve the accuracy of any written transcript.

55.    The Parties agree that the Court Reporter is an "Officer" as defined by Fed. R. Civ. P. 28(a)(2) and shall be permitted to administer the oath to the deponent via the videoconference during Remote Depositions.

56.    At the beginning of each Deposition, consistent with Fed. R. Civ. P. 30(b)(5)(A), the employee of the Service Provider responsible for video-recording the Deposition shall begin the Deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date and time, and place of the Deposition (which shall be defined as the location of the deponent); (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation; (v) the identity of all persons present at the Remote Deposition; and (vi) unless inapplicable, a statement that the Parties have agreed to take the Deposition by remote means.

57.    The Parties further stipulate and the Court finds, pursuant to Federal Rule of Civil Procedure 29(a), that the recorded video provided in a digital file by the Court Reporter or Service Provider may be used as if it was a recording prepared by a certified videographer, and that each side will waive any objections based on authenticity.

**D.    Video Conferencing Platform**

58.    Where the deponent, Defending Counsel, and/or the Deposing Counsel are appearing for the Deposition remotely, then a video conferencing service will be utilized and such video may be recorded for later use in proceedings in this case, including trial. The video-conferencing software must have commercially reasonable security features in place to prevent

the public disclosure of protected information designated under the Protective Order in this Litigation.

59.    The deponent shall be visible to all other participants and any statements to the deponent shall be audible to all participants at all times while on the record. The video of the deponent may not be turned off while on the record, unless agreed to by Deposing and Defending Counsel.

60.    All individuals who are physically present in the same room with the deponent shall identify themselves to the Court Reporter. Any individuals who enter the room after that time, for the purpose of attending some or all of the examination or otherwise, shall identify themselves to the Court Reporter (or counsel shall do so).

61.    Other than the electronic device used by the deponent to testify during the Remote Deposition, and any telephone line or internet connection needed for the same purpose, the deponent shall not access any network or cellular connected device, such as mobile phones or tablets, while on the record during the Deposition.

62.    To the extent possible and reasonable, all participants other than the Witness, Deposing Counsel, and Defending Counsel, will set their audio to "mute" and turn their video camera off to reduce connectivity issues.

E.    **Deposition Recording**

63.    In addition to recording the Deposition by stenographic means, the Noticing Party may record the Deposition by video. This video recording may be a recording of the video conference, or it may be separately recorded video taken by a videographer, at the Noticing Party's

election. The Noticing Party, at its election, may make a video recording of the Deposing Counsel in addition to the deponent. Defending Counsel may also be recorded, at their election.

**F.      Technical Issues**

64.      Should technical issues, such as audio or video issues, prevent the Court Reporter, deponent, Deposing Counsel, or Defending Counsel from reliably seeing one another, hearing one another, or, in the case of the Court Reporter, transcribing the testimony, at any point during a Deposition taken pursuant to this order, the Deposition shall be recessed until the technical issue is resolved. Should technical issues prevent the Court Reporter from reliably hearing or transcribing the testimony at any Deposition taken pursuant to this order and such technical issue cannot be remedied within an hour, Deposing Counsel, Defending Counsel, and Attending Counsel shall meet, confer, and reasonably cooperate with one another to address the problem.

65.      Any time spent addressing technical issues will count as "off the record" time and shall not count against any time limit, provided that and starting when a questioning attorney or Defending Counsel specifies it is "off the record." If a technical issue prevents the deponent, Deposing Counsel, or Defending Counsel from speaking to other participants, the Deposition shall be deemed "off the record" from that time.

**G.      Waiver of Objections to Use and Admissibility of Remote Deposition Transcript or Video**

66.      All objections to the use and admissibility of the transcript or video of a Remote Deposition taken pursuant to this Protocol based solely on the fact that the Deposition was taken by remote means are deemed waived. The Parties agree that video-recorded Depositions may be used at a trial or hearing to the same extent that a Deposition where counsel for the Noticing

Party is physically present in the same room as the deponent may be used at trial or hearing, and the Parties agree not to object to the use of these video recordings on the basis that the Deposition was taken remotely.

**H.    Other Remote Deposition Logistics**

67.    Once proceedings go on the record, and absent extenuating circumstances, Deposing Counsel and Defending Counsel must agree before the record stops.

## X.    EXHIBITS

**A.    In-Person Depositions**

68.    Counsel may introduce Exhibits electronically using the document-sharing technology provided by the Service Provider or by using the screen-sharing technology within the videoconferencing platform. Counsel electing to introduce Exhibits electronically during an in-person Deposition are responsible for arranging for the technology or physical means necessary to permit presentment of the Exhibit at the Deposition to the deponent and counsel.

69.    As a courtesy, the Noticing Party shall, upon request to the extent feasible, provide hard copies of Exhibits to the deponent, Defending Counsel, and three additional copies available for Attending Counsel.

**B.    Remote Depositions**

70.    Counsel may introduce Exhibits electronically using the document-sharing technology provided by the Service Provider or by using the screen-sharing technology within the videoconferencing platform.

71.    The Parties agree that the default method of marking and using Exhibits for a Remote Deposition is through a digital platform that enables Deposing Counsel to share Exhibits

with the deponent, Court Reporter, Defending Counsel, and Attending Counsel. Nevertheless, when requested by the Party or Non-Party producing a deponent for Deposition least ten (10) Days in advance of that Deposition (along with the one address(es) where the hard copies are to be sent), as a courtesy, the Noticing Party shall arrange for two sets of hard copy Exhibits to be utilized by the deponent and Defending Counsel during a Remote Deposition, and make electronic Exhibits available to other participants, to the extent reasonable and practicable. If electronic Exhibits are used by the deponent, the deponent must be afforded the opportunity to manipulate the document (scrolling, enlarging, etc.) to facilitate their review. Full electronic or paper copies of an exhibit must be accessible by the deponent, Court Reporter, Defending Counsel, and any Attending Counsel, before questioning begins on that exhibit.

72.    The Noticing Party and the responding party agree that hard copy exhibits must remain sealed and unopened until the Deposition begins and the Deponent is instructed on the record to open the sealed hard copy exhibits. The Noticing Party will attempt in good faith to include in the hard copy set all of the exhibits on which they plan to question the Deponent; however, nothing in this paragraph is intended to, nor in fact, prevents the Noticing Party from preparing for the Deposition until the time that it occurs, or from introducing during the Deposition additional Exhibits not previously mailed in hard copy, including by electronic means otherwise provided here. For the Depositions of any expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4)(A), where the Defending Party requests that the Noticing Party provide the witness and counsel with hard copies of potential exhibits, the parties will meet and confer about whether certain documents need to be provided in hard copy (*e.g.*, copies of the expert's report) and will be decided on a case by case basis.

### C.  **In General**

73.    Deposing Counsel shall be responsible for ensuring that any Exhibits that he or she wishes to mark and use at the Deposition can be shown to the deponent and Defending Counsel in a manner that enables the deponent and Defending Counsel to independently review the Exhibits during the course of the Deposition.

74.    Counsel are not obligated to, but may, pre-designate Exhibits.

### XI.    **DEPARTING EMPLOYEES AND FORMER EMPLOYEES**

75.    In response to any notice or request for Deposition, if the deponent is a (a) former employee of any Party and is not currently represented by counsel for that Party, or (b) current employee of a Party who will leave the employment of the Party prior to the scheduled date of the Deposition, counsel for that Party shall, within ten Days after receiving the notice or request for Deposition, inform the Noticing Party whether counsel for the Party will accept service of the notice or request in lieu of a subpoena.

76.    If any Party's counsel learns that a current employee of a Party who has been identified as a deponent will leave the employment of the Party prior to the scheduled date of his or her Deposition, then counsel for the employing Party shall notify opposing counsel of the employee's expected date of departure as soon as reasonably practicable.

### XII.    **TRANSCRIPTS, ERRATA, AND CONFIDENTIALITY**

77.    The Parties incorporate the Protective Order by reference as if fully stated herein.

78.    Transcripts of Depositions and Exhibits will be delivered from the Court Reporter to the deponent and/or counsel for the deponent. Absent an agreement to the contrary, within 30 Days of receipt of the final transcript and Exhibits, the deponent or the deponent's

counsel shall forward any errata to the Court Reporter, who will promptly notify all counsel of its receipt and forward the errata to all counsel who attended the Deposition. The deponent's right to review the final transcript and submit errata within 30 Days of receipt of the final transcript and Exhibits shall be preserved without the need to state it on the record during the Deposition.

79.    Absent an agreement to the contrary or a showing of good case, should the deponent or the deponent's counsel fail to submit errata within the applicable 30 calendar Day period, the transcript will be presumed accurate, and all Parties shall have the right to use the copy sent to the deponent as if it were final and signed with no corrections.

80.    Absent an agreement to the contrary, Deposition transcripts will temporarily be treated as Highly Confidential for 30 Days after the Court Reporter distributes the final transcript and Exhibits to all Parties who have requested a copy. No designation need be stated on the record at a Deposition for this provision to apply.

81.    A Party may designate an entire transcript as Confidential and/or may designate one or more portion(s) of a transcript as Confidential, Highly Confidential, or Outside Counsel Only (a) during the Deposition or (b) within the applicable 30-calendar-Day period, by written notice to all Parties, specifying the page and line numbers of the Deposition transcript that are subject to the designation. A Party may challenge another Party's designation pursuant to the Protective Order. All such designations should be reasonable and necessary.

82.    Upon receipt of errata and confidentiality designations, the Court Reporter shall reproduce the final transcript to indicate which pages include testimony that has been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL ONLY."

### XIII.    <u>APPLICABLE RULES</u>

83.    Regardless of location, all Depositions shall be conducted in accordance with applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Rules, applicable standing orders regarding attorney conduct, ethical rules governing conduct of attorneys, and standard practice and rulings of courts in the United States District Court for the District of New Mexico, and this Protocol Order. Counsel shall act in good faith to ensure compliance with these rules and all applicable ethical obligations and may seek appropriate relief for violations.

### XIV.    <u>USE OF DEPOSITIONS</u>

84.    The Depositions taken by any Party pursuant to this Protocol may be made available and used in any cases filed that are deemed by the Court to be consolidated with or related to this Litigation.

85.    Nothing in this section prevents a Party from objecting to the use of, or moving to exclude the use of, a Deposition pursuant to this Protocol in any action previously or hereafter transferred to this case.

Dated: April 21, 2025

*/s/Christopher A. Dodd*
Christopher A. Dodd
DODD LAW OFFICE, LLC
500 Marquette Avenue NW, Suite 1330
Albuquerque, New Mexico 87102
Tel: (505) 475-2932
chris@doddnm.com

*Interim Liaison Counsel for Plaintiffs and Putative Class*

Patrick J. Coughlin (*pro hac vice*)
Carmen Medici (*pro hac vice*)

Michael Dell'Angelo (*pro hac vice*)
Candice Enders (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street
Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3080
mdellangelo@bm.net
cenders@bm.net

Richard D. Schwartz (*pro hac vice*)
BERGER MONTAGUE PC
1720 W. Division

Daniel J. Brockwell (*pro hac vice*)
Isabella De Lisi (*pro hac vice*)
Mollie E. Chadwick (*pro hac vice* forthcoming)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 233-4565
pcoughlin@scott-scott.com
cmedici@scott-scott.com
dbrockwell@scott-scott.com
idelisi@scott-scott.com
mchadwick@scott-scott.com

Patrick McGahan (*pro hac vice*)
Michael Srodoski (*pro hac vice*)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
156 S Main Street
P.O. Box 192
Colchester, CT 06415
Tel: (860) 537-5537
pmcgahan@scott-scott.com
msrodoski@scott-scott.com

Karin E. Garvey (*pro hac vice*)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
230 Park Ave., 24th Floor
New York, NY 11069
Tel: (212) 223-6444
kgarvey@scott-scott.com

/s/Boris Bershteyn
Boris Bershteyn
Karen M. Lent
Michael H. Menitove
Zachary C. Siegler
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000
boris.bershteyn@skadden.com

Chicago IL 20622
Tel: (773) 257-0255
rschwartz@bm.net

Karin B. Swope (*pro hac vice*)
Thomas E. Loeser (*pro hac vice*)
Vara G. Lyons (*pro hac vice*)
Ellen Wen (*pro hac vice*)
Jacob M. Alhadeff (*pro hac vice*)
COTCHETT, PITRE, & McCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98103
Tel: (206) 778-2123
kswope@cpmlegal.com
tloeser@cpmlegal.com
vlyons@cpmlegal.com
ewen@cpmlegal.com
jalhadeff@cpmlegal.com

Joseph W. Cotchett (*pro hac vice*)
Adam Zapala (*pro hac vice*)
Vasti S. Montiel (*pro hac vice*)
COTCHETT, PITRE, & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000
jcotchett@cpmlegal.com
azapala@cpmlegal.com
vmoniel@cpmlegal.com

*Interim Co-Lead Counsel for Plaintiffs and the
Putative Class*

/s/John M. Taladay
John M. Taladay
Christopher Wilson
Kelsey Paine
Megan Tankel
Fran Jennings
BAKER BOTTS L.L.P.
700 K Street NW
Washington, D.C. 20001-5692
Tel: (202) 639-7909
john.taladay@bakerbotts.com
christopher.wilson@bakerbotts.com
kelsey.paine@bakerbotts.com

karen.lent@skadden.com
michael.menitove@skadden.com
zachary.siegler@skadden.com

Samuel G. Liversidge
Jay P. Srinivasan
S. Christopher Whittaker
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
sliversidge@gibsondunn.com
jsrinivasan@gibsondunn.com
cwhittaker@gibsondunn.com

Eric R. Burris
BROWNSTEIN HYATT
 FARBER SCHRECK, LLP
201 Third Street NW, Suite 1800
Albuquerque, NM 87102-4386
Telephone: (505) 244-0770
eburris@bhfs.com

*Counsel for Defendant Pioneer Natural
Resources Company*

/s/Marguerite M. Sullivan
Marguerite M. Sullivan
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Marguerite.Sullivan@lw.com

Lawrence E. Buterman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Lawrence.Buterman@lw.com

*Counsel for Defendant Expand Energy
Corporation (F/K/A Chesapeake Energy
Corporation)*

megan.tankel@bakerbotts.com
fran.jennings@bakerbotts.com

Benjamin F. Feuchter
Thomas C. Bird
JENNINGS HAUG KELEHER MCLEOD
201 Third Street NW, Suite 1200
Albuquerque, NM 87102
Tel: (505) 346-4646
bf@jhkmlaw.com
tcb@jhkmlaw.com

*Counsel for Defendant EOG Resources, Inc.*

/s/Jeffrey L. Kessler
Jeffrey L. Kessler
Jeffrey J. Amato
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
jkessler@winston.com
jamato@winston.com

Thomas M. Melsheimer
Thomas B. Walsh, IV
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Tel: (212) 294-6700
tmelsheimer@winston.com
twalsh@winston.com

Benjamin Allison
Billy Trabaudo
BARDACKE ALLISON MILLER LLP
P.O. Box 1808
141 E. Palace Avenue
Santa Fe, NM 87501
Tel: (505) 995-8000
ben@bardackeallison.com
billy@bardackeallison.com

*Counsel for Defendant Diamondback Energy,
Inc.*

/s/Jeffrey J. Zeiger
Jeffrey J. Zeiger
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza

*/s/Kevin S. Schwartz*
Kevin S. Schwartz
David A. Papirnik
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Tel: (212) 403-1062
kschwartz@wlrk.com

*Counsel for Defendants Hess Corporation and John Hess*

*/s/Christopher E. Ondeck*
Christopher E. Ondeck
Stephen R. Chuk
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue NW
Suite 600 South
Washington, DC 20004
Tel: (202) 416-6800
Fax: (202) 416-6899
condeck@proskauer.com
schuk@proskauer.com

Kyle A. Casazza
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 284-5677
kcasazza@proskauer.com

Jared DuBosar
PROSKAUER ROSE LLP
2255 Glades Road, Suite 421 Atrium
Boca Raton, FL 33431
Telephone: (561) 995-4702
jdubosar@proskauer.com

Hannah Silverman
Henrique Carneiro
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3193

Chicago, IL 60654
Tel: 312-862-3237
jzeiger@kirkland.com

Devora W. Allon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: 212-446-5967
devora.allon@kirkland.com

Earl E. DeBrine, Jr.
MODRALL SPERLING
500 4th St. NW, Suite 1000
Albuquerque, NM 87102
Tel: (505) 848-1800
earl.debrine@modrall.com

*Counsel for Defendant Occidental Petroleum Corporation*

*/s/Michael W. Scarborough*
Michael W. Scarborough
Dylan I. Ballard
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
Tel: (415) 979–6900
mscarborough@velaw.com
dballard@velaw.com

Craig P. Seebald
Stephen M. Medlock
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW, Suite 500 West
Washington, DC 20037
Tel: (202) 639-6500
cseebald@velaw.com
smedlock@velaw.com

*Counsel for Defendant Permian Resources Corporation*

*/s/David I. Gelfand*
David I. Gelfand
Jeremy J. Calsyn
Joseph M. Kay
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW

Facsimile: (212) 969-2900
hsilverman@proskauer.com
hcarneiro@proskauer.com

Michael Burrage
WHITTEN BURRAGE
512 North Broadway Avenue, Ste 300
Oklahoma City, OK 73102
Tel: (888) 783-0351
mburrage@whittenburragelaw.com

H. Brook Laskey
MCCOY LEAVITT LASKEY LLC
317 Commercial St. NE, Suite 200
Albuquerque, NM 87102
Telephone: (505) 246-0455
blaskey@MLLlaw.com

*Counsel for Defendant Continental Resources, Inc.*

Ste 1000
Washington, DC 20037
Tel: (202) 974-1690
dgelfand@cgsh.com
jcalsyn@cgsh.com
jkay@cgsh.com

Kurt A. Sommer
SOMMER, UDALL, SUTIN, HARDWICK &
HYATT, PA
PO Box 1984
Santa Fe, NM 87504
Tel: (505) 982-4676
kas@sommerudall.com

*Counsel for Defendant Scott D. Sheffield*

**IT IS SO ORDERED.**

Dated: _____

_____
The Hon. Matthew L. Garcia
UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2025, I caused to be served a true and correct copy of the foregoing document with the Clerk of this Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record receiving electronic notification.

<u>     */s/Christopher A. Dodd*     </u>
Christopher A. Dodd