UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN RE: SHALE OIL ANTITRUST LITIGATION<br><br><br>This Document Relates to All Actions | Case No. 1:24-md-03119-MLG-LF |

**DEFENDANT PIONEER NATURAL RESOURCES COMPANY'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
<u>FOR LACK OF PERSONAL JURISDICTION</u>**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ............................................................................................... 1
ARGUMENT .................................................................................................................................. 1
    I.    Pioneer's Passive Investments Are Insufficient to Establish Personal Jurisdiction. ................................................................................................................ 1
    II.   Conspiracy Jurisdiction Does Not Apply. ............................................................... 3
    III.  Neither the Clayton Act Nor the MDL Statute Establishes Personal Jurisdiction Here. ................................................................................................... 5
    IV.  This Court Cannot Derive Personal Jurisdiction from Nevada or California. ................................................................................................................. 6
    V.   Due Process Prevents This Court from Exercising Personal Jurisdiction. ............. 6
CONCLUSION .............................................................................................................................. 6

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Daniel* v. *Am. Bd. of Emergency Med.*,
    428 F.3d 408 (2d Cir. 2005) ............................................................................................5

*Ford Motor Co.* v. *Montana Eighth Judicial District Court*,
    592 U.S. 351 (2021) .......................................................................................................2, 3

*F.D.I.C.* v. *Hiatt*,
    177 N.M. 461 (1994) ..........................................................................................................2

*State* v. *Mares*,
    543 P.3d 1198 (2023) .........................................................................................................3

*Melea Ltd.* v. *Jawer SA*, 511 F.3d 1060 (10th Cir. 2007) .............................................................5

*Newsome* v. *Gallacher*,
    722 F.3d 1257 (10th Cir. 2013) ......................................................................................4, 5

*Sanchez* v. *Church of Scientology of Orange Cnty.*,
    115 N.M. 660 (1993) ..........................................................................................................3

*Shook Hardy & Bacon LLP* v. *Wilson*,
    -- P.3d --, 2025 WL 1076646 (N.M. April 10, 2025) ...................................................3, 4

*Tercero* v. *Roman Catholic Diocese of Norwich*,
    132 N.M. 312 (2002) ..........................................................................................................2

*Walden* v. *Fiore*,
    571 U.S. 277 (2014) ...........................................................................................................5

*Weldon* v. *Ramstad-Hvass*,
    512 F. App'x 783 (10th Cir. 2013) ....................................................................................4

*Winward* v. *Holly Creek Mills, Inc.*,
    83 N.M. 469 (1972) ............................................................................................................2

**Statutes**

15 U.S.C. § 22 ............................................................................................................................1, 5, 6

28 U.S.C. § 1407 ..............................................................................................................................5

N.M. Stat. § 38-1-16(A)(1) .............................................................................................................2

**Other Authorities**

New Mexico Energy, Minerals and Natural Resource Department, OCD
    Geospatial Hub, https://ocd-hub-nm-emnrd.hub.arcgis.com/ (last visited May
    11, 2025) ..................................................................................................................3

N.M.R.A.-Civ. § 12-607(A)(1) ....................................................................................................3

**PRELIMINARY STATEMENT**

Plaintiffs have demonstrated no basis to assert personal jurisdiction over Pioneer. The relevant facts are undisputed: Pioneer does not operate shale oil wells in New Mexico; Pioneer made no production decisions regarding shale oil in New Mexico; and Pioneer's only ownership interests in New Mexico oil wells are passive investments that generate less than one percent of Pioneer's revenue. These are not sufficient "minimum contacts."

Plaintiffs try to distract with press quotes from Pioneer's former CEO Sheffield, which they claim evidence the existence of a conspiracy. Opp. 2–3.[1] But Plaintiffs do not allege that <u>any</u> of those statements was made in New Mexico, and <u>none</u> of the statements even refers to New Mexico. Plaintiffs' recitation thus just serves to underscore how disconnected from this forum their claims about Pioneer are.

And Plaintiffs cannot salvage their assertion of personal jurisdiction by looking to other defendants or other courts. Under Tenth Circuit law, conspiracy jurisdiction does not apply given Plaintiffs' failure to allege conspiratorial acts in New Mexico and that the conspiracy was expressly aimed at New Mexico. Nor does the Clayton Act establish jurisdiction, given that Pioneer does not transact substantial business in <u>any</u> relevant state, including New Mexico.

In short, there is no basis in any applicable state or federal law for this Court to exercise personal jurisdiction over Pioneer, and to do so would violate due process.

**ARGUMENT**

**I.   Pioneer's Passive Investments Are Insufficient to Establish Personal Jurisdiction.**

Plaintiffs concede that Pioneer does not operate shale oil wells in New Mexico, does not produce or sell shale oil in New Mexico, and has made no production-related decisions with respect

---

[1] "Opp." refers to Plaintiffs' Response brief, ECF No. 165. All other abbreviations and defined terms used herein are as set forth in Pioneer's opening brief on this Motion, ECF No. 130 ("Mot.").

to shale oil wells in New Mexico. *See* Mathis Decl. ¶¶ 3–4. And they do not allege that Pioneer took any actions in furtherance of the alleged conspiracy in New Mexico. The only contacts that Plaintiffs identify Pioneer as having with New Mexico are its passive, non-operating, minority investments in 87 oil wells in the State. Opp. 5–6; *see* Mathis Decl. ¶¶ 3–4. This is insufficient.

To establish specific personal jurisdiction over a non-resident defendant, the New Mexico long-arm statute requires the plaintiff to show that the "cause of action **aris[es] from** . . . the transaction of any business within this state." N.M. Stat. § 38-1-16(A)(1) (emphasis added). Tellingly, Plaintiffs do not even try to argue that this action arises out of Pioneer's contacts in New Mexico. Nor could they. Nowhere in their Complaint do Plaintiffs even mention Pioneer transacting business in New Mexico, much less assert claims arising from any such transactions.

Instead, Plaintiffs argue that Pioneer's passive investment interests in oil-producing wells it does not operate or control—and which produce revenues amounting to less than 2/100ths of one percent of Pioneer's revenue, Mathis Decl. ¶ 4—somehow "relate to" Plaintiffs' claims and that this is enough under New Mexico law. Opp. 6. Plaintiffs are wrong.

First, as noted, the long-arm statute specifies that a cause of action must "arise from," not merely relate to, a non-resident defendant's contacts such that the cause of action "lies in the wake" of the defendant's contacts. *Winward* v. *Holly Creek Mills, Inc.*, 83 N.M. 469, 472 (1972). Plaintiffs rely on *Ford Motor Co.* v. *Montana Eighth Judicial District Court*, 592 U.S. 351, 362 (2021) to argue that "the in-forum conduct is related to the suit is sufficient; it need not be at-issue." Opp. 5. But no New Mexico appellate court has engrafted that due-process holding onto the long-arm statute, and the plain text of the statute, as well as New Mexico precedent, reject it.[2]

---

[2] The proposition that New Mexico's long-arm statute extends "as far as constitutionally permissible," for which Plaintiffs cite *F.D.I.C.* v. *Hiatt*, 117 N.M. 461, 463 (1994), Opp. 4–5, does not change this, as New Mexico appellate courts still require that the cause of action "arise out of" the forum contacts under the long-arm statute. *See, e.g.*, *Tercero* v. *Roman Catholic Diocese of Norwich*, 132 N.M. 312, 316 (2002). Likewise, the New Mexico Supreme

Second, whether the standard is "relates to" or "arises from," Pioneer's contacts are insufficient. There is no connection between Pioneer's passive investments in wells in New Mexico and an alleged conspiracy to depress production from shale oil wells. New Mexico has more than 25,000 active oil wells, *see* https://ocd-hub-nm-emnrd.hub.arcgis.com (last visited May 11, 2025), and Plaintiffs make no allegations regarding the 87 in which Pioneer had passive investments. In particular, Plaintiffs do not allege that Pioneer had any involvement in production decisions relating to any of the New Mexico wells, and the undisputed evidence demonstrates that Pioneer had no such involvement. Plaintiffs' claims thus do not arise from <u>or</u> relate to Pioneer's New Mexico contacts in any meaningful sense. *See Ford Motor*, 592 U.S. at 362 ("the phrase 'relate to' incorporates real limits" and "does not mean anything goes") (citation omitted). In short, there is no "strong 'relationship among the defendant, the forum, and the litigation'—the 'essential foundation' of specific jurisdiction." *Ford Motor*, 592 U.S. at 353 (quoting *Helicopteros Nacionales de Colombia, S. A.* v. *Hall*, 466 U.S. 408, 414 (1984)).

## II.     Conspiracy Jurisdiction Does Not Apply.

Plaintiffs argue that—unlike Pioneer itself—Permian, EOG, and Occidental have shale oil operations in New Mexico, and that the contacts of these supposed co-conspirators can be imputed to Pioneer. Opp. 7–8; *id.* at 8 n.9. Even assuming the existence of a conspiracy, which Plaintiffs fail to plead (*see* ECF No. 129), there still would not be personal jurisdiction over Pioneer.

---

Court's recent summary of the statute's requirements as including that a "plaintiff's cause of action arises from or relates to the defendant's acts," *Shook Hardy & Bacon LLP* v. *Wilson*, -- P.3d --, 2025 WL 1076646, at *4 (N.M. April 10, 2025), does not alter the statute's plain text or overturn prior precedent. The *Shook* Court did not address the difference between acts that "arise from" and those that merely "relate to" a cause of action, and the prior Supreme Court case it cited confirms that the relevant test is whether "a plaintiff's cause of action arises from the acts" of the non-resident defendant. *Sanchez* v. *Church of Scientology of Orange Cnty.*, 115 N.M. 660, 662–63 (1993). Further, to the extent *Shook Hardy* is inconsistent with the New Mexico Supreme Court's prior pronouncements, the earlier-in-time caselaw controls "absent a formal overruling." *State* v. *Mares*, 543 P.3d 1198, 1210 (2023). While Pioneer maintains that the plain text of the statute and relevant precedent are clear and controlling, if this Court were to determine that New Mexico law on this issue is unsettled, then Pioneer respectfully submits that the appropriate course would be to certify the question to the New Mexico Supreme Court. *See* N.M.R.A.-Civ. § 12-607(A)(1).

3

For conspiracy jurisdiction to apply, Tenth Circuit law "requires at least one of the conspirators to have pursued the conspiracy within the forum." *Newsome* v. *Gallacher*, 722 F.3d 1257, 1265 (10th Cir. 2013) (citing *Melea Ltd.* v. *Jawer SA*, 511 F.3d 1060 (10th Cir. 2007)). Unable to meet this requirement, Plaintiffs argue instead that it is enough if a conspiracy "is directed towards the forum" or "an injury occurs in the forum." Opp. 7. Plaintiffs rely on the Tenth Circuit's unpublished opinion in *Weldon* v. *Ramstad-Hvass*, 512 F. App'x 783 (10th Cir. 2013), to suggest that the Court expanded its prior holding in *Melea*. Opp. 7. Plaintiffs' reliance is misplaced. *Newsome*, which Plaintiffs fail to cite, was decided <u>after</u> *Weldon* and not only ignored *Weldon*, but reaffirmed that "*Melea*, by its terms, requires at least one of the conspirators to have pursued the conspiracy within the forum state." 722 F.3d at 1265. Plaintiffs allege no facts to suggest that EOG, Occidental, or Permian pursued the conspiracy within New Mexico. Instead, they merely point out that those companies had shale operations in New Mexico, which on its face does not show acts in furtherance of a conspiracy.[3]

Further, New Mexico requires Plaintiffs to show that the out-of-state defendant had actual knowledge of the in-forum (or forum-directed) acts of its co-conspirators. *See Shook*, 2025 WL 1076646, at *9. As noted, Plaintiffs do not identify relevant in-forum acts of the alleged "co-conspirator" defendants, nor do they allege Pioneer's knowledge of any such acts.

In *Newsome*, the Court did contemplate that a conspiracy carried out entirely outside the relevant forum might still serve as the basis for jurisdiction, though it did not decide that issue. 722 F.3d at 1265. It suggested that an Oklahoma court, for example, might have jurisdiction over "three Kansans [who] conspired to fire a cannonball into Oklahoma." *Id.* at 1266. That just further illustrates why conspiracy jurisdiction does <u>not</u> apply here. Plaintiffs assert the conspiracy was

---

[3] Moreover, EOG, Occidental, and Permian have each moved separately to dismiss. ECF Nos. 125–127. If those motions are granted, then these defendants' contacts cannot be imputed to Pioneer.

4

"directed at" New Mexico, "among other states," Opp. 7, but allege no facts to show a conspiracy "expressly aimed" at New Mexico, such that the "brunt of the injury would be felt" here. *Newsome*, 722 F.3d at 1264–65. Rather, they claim the conspiracy affected prices indiscriminately "throughout the United States." Compl. ¶ 1. That is not sufficient, as *Newsome* makes clear.

Finally, insofar as Plaintiffs argue that conspiracy jurisdiction applies whenever a conspiracy causes injury in the forum, there is no support for that and *Melea* and *Newsome* both reject it. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden* v. *Fiore*, 571 U.S. 277, 290 (2014). Here, Plaintiffs identify no such meaningful connection.

### III. Neither the Clayton Act Nor the MDL Statute Establishes Personal Jurisdiction Here.

Pioneer explained in its opening brief that the MDL statute does not create nationwide personal jurisdiction. Mot. 8–9. Plaintiffs do not respond to this, and so have conceded it.

Plaintiffs also concede there is a circuit split as to whether the Clayton Act requires venue to be proper before nationwide service of process can be effectuated, and the Tenth Circuit has not addressed this question. Opp. 8. Plaintiffs urge this Court to follow the Third and Ninth Circuits and hold that venue need not be established, *id.*, but offer no good reason for that. The majority of Circuit Court precedent is to the contrary, consistent with the plain text of the Act. Mot. 6–8.

As a fallback, Plaintiffs argue they can satisfy the Clayton Act's venue requirement—that Pioneer "may be found in or transacts business" in New Mexico. Opp. 9. But the record is to the contrary. Pioneer's passive investments in New Mexico wells, and sales of natural (residue) gas amounting to less than 7/100ths of one percent of its revenue (Brown Decl. ¶ 6), do not constitute the "substantial business operations" required. *See, e.g.*, *Daniel* v. *Am. Bd. of Emergency Med.*, 428 F.3d 408, 430 (2d Cir. 2005) (holding that the "minimal amount of revenue from [defendant's business] in the district," among other things, does not "evidence[] the sort of 'practical, everyday

5

business . . . of any substantial character' that the Supreme Court has equated to 'transact[ing] business' for purposes of Section 12 venue") (citing *U.S.* v. *Scophony Corp. of Am.*, 333 U.S. 795, 816 (1948); *Bartholomew* v. *Va. Chiropractors Ass'n, Inc.*, 612 F.2d 812, 816 (4th Cir. 1979)).

## IV.  This Court Cannot Derive Personal Jurisdiction from Nevada or California.

Plaintiffs do not contest that the Nevada transferor courts lack personal jurisdiction over Pioneer.  Accordingly, all claims against Pioneer filed in Nevada should be dismissed.  Mot. 11.

Plaintiffs argue that this Court can exercise personal jurisdiction over Pioneer because jurisdiction is proper under the Clayton Act in California.  Opp. 10.  That argument depends on Ninth Circuit interpretation of the Clayton Act (*id.*), which Pioneer submits is incorrect (as noted), and which is not binding on this Court (*see* Mot. 10 n.7).  Plaintiffs fail to show, as the Clayton Act requires, that Pioneer transacts substantial business in California.  They point merely to purchases and sales of natural gas, Opp. 10, amounting to a tiny fraction of Pioneer's natural gas business, Mot. 10.  But such sales are not at issue in this case, and Pioneer's *de minimis* natural gas business in California is insufficient to establish jurisdiction for the reasons set out above.  *See* Sec. III.  Accordingly, the claims against Pioneer filed in California should be dismissed as well.

## V.  Due Process Prevents This Court from Exercising Personal Jurisdiction.

Even if there were jurisdiction in California, Pioneer maintains that due process prevents a transferee court from exercising personal jurisdiction based only on the jurisdiction of the transferor court.  Mot. 11–12.  Plaintiffs do not meaningfully contest this.  Rather, they contend due process is presumptively satisfied when a statute authorizes nationwide service of process.  Opp. 11.  But no statute does so here, as discussed.  Accordingly, there is no personal jurisdiction, and Plaintiffs' discussion of "significant inconvenience" (Opp. 11–12) is simply inapposite.

## CONCLUSION

Pioneer respectfully requests that the Court grant its Motion to Dismiss.

Dated: May 12, 2025

Respectfully submitted,

/s/ *William B. Michael*

Boris Bershteyn
Karen M. Lent
Michael H. Menitove
Zachary C. Siegler
SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000
boris.bershteyn@skadden.com
karen.lent@skadden.com
michael.menitove@skadden.com
zachary.sielger@skadden.com

Kenneth A. Gallo
PAUL, WEISS, RIFKIND, WHARTON &
  GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
kgallo@paulweiss.com

William B. Michael
PAUL, WEISS, RIFKIND, WHARTON &
  GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
wmichael@paulweiss.com

Samuel G. Liversidge
Jay P. Srinivasan
S. Christopher Whittaker
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
sliversidge@gibsondunn.com
jsrinivasan@gibsondunn.com
cwhittaker@gibsondunn.com

8

Eric R. Burris
BROWNSTEIN HYATT FARBER
  SCHRECK, LLP
201 Third Street NW, Suite 1800
Albuquerque, NM 87102-4386
Telephone: (505) 244-0770
eburris@bhfs.com

*Counsel for Defendant Pioneer Natural
Resources Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12, 2025, a true and correct copy of Defendant Pioneer Natural Resources Company's Reply in Support of its Motion to Dismiss for Lack of Personal Jurisdiction was filed electronically pursuant to CM/ECF procedure for the District of New Mexico, which caused the parties to be served via electronic means.

Dated: May 12, 2025

                                                 Respectfully submitted,

                                                 /s/ *William B. Michael*

                                               Boris Bershteyn
                                               Karen M. Lent
                                               Michael H. Menitove
                                               Zachary C. Siegler
                                               SKADDEN, ARPS, SLATE,
                                                  MEAGHER & FLOM LLP
                                               One Manhattan West
                                               New York, New York 10001-8602
                                               Telephone: (212) 735-3000
                                               boris.bershteyn@skadden.com
                                               karen.lent@skadden.com
                                               michael.menitove@skadden.com
                                               zachary.sielger@skadden.com

                                               Kenneth A. Gallo
                                               PAUL, WEISS, RIFKIND, WHARTON
                                                 & GARRISON LLP
                                               2001 K Street, NW
                                               Washington, DC 20006-1047
                                               Telephone: (202) 223-7300
                                               kgallo@paulweiss.com

                                               William B. Michael
                                               PAUL, WEISS, RIFKIND, WHARTON
                                                 & GARRISON LLP
                                               1285 Avenue of the Americas
                                               New York, NY 10019-6064
                                               Telephone: (212) 373-3000
                                               wmichael@paulweiss.com

Samuel G. Liversidge
Jay P. Srinivasan
S. Christopher Whittaker
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
sliversidge@gibsondunn.com
jsrinivasan@gibsondunn.com
cwhittaker@gibsondunn.com

Eric R. Burris
BROWNSTEIN HYATT FARBER
  SCHRECK, LLP
201 Third Street NW, Suite 1800
Albuquerque, NM 87102-4386
Telephone: (505) 244-0770
eburris@bhfs.com

*Counsel for Defendant Pioneer Natural Resources Company*

2