**APPENDIX E – RESPONSE TO PLAINTIFFS' STATE LAW ARGUMENTS & APPENDIX 2**

| Defendants' Argument | Plaintiffs' Authority Summarized | Plaintiffs' Authority Distinguished |
|---|---|---|
| Plaintiffs who made purchases for business or commercial purposes are not proper plaintiffs under the consumer protection statutes of the District of Columbia, Minnesota, Missouri, Montana, Nevada, and Oregon. (Br. at 43-44.) | Plaintiffs attempt to distinguish only one of defendants' cases and instead argue that commercial purchasers who do not purchase with the intent to resell are proper plaintiffs. (Opp. at 41 & Appendix 2.A (citing *Adam A. Weschler & Son, Inc. v. Klank*, 561 A.2d 1003, 1005 (D.C. 1989) (D.C.); *HEMCO Corp. v. ADP, Inc.*, No. 12-00407-CV-W-BP, 2012 WL 13027553, at *3 (W.D. Mo. Sept. 25, 2012) (Missouri); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 193 (D. Me. 2004) (Montana); *Ave. Lofts Condo. Owners' Ass'n v. Victaulic Co.*, 24 F. Supp. 3d 1010, 1016 (D. Or. 2014) (Oregon)).)<br><br>Plaintiffs also cite case law holding that consumer protection statutes should be broadly applied and argue that this broad application should cover commercial purchasers. (Opp. at 43 & Appendix 2.A (citing *Dahl v. R.J. Reynolds Tobacco Co.*, 742 N.W.2d 186, 196 (Minn. Ct. App. 2007) (Minnesota); *Advanced Training Sys., Inc. v. Caswell Equip. Co.*, 352 N.W.2d 1 (Minn. 1984) | **District of Columbia:** A court recently distinguished *Klank* and rejected the resale argument. *See In re Crop Prot. Prods. Loyalty Program Antitrust Litig.*, No. 1:23-md-3062, 2025 WL 315835, at *22 (M.D.N.C. Jan. 28, 2025) (dismissing D.C. Consumer Protection Act claim because plaintiffs did "not allege that [products were] used for anything other than for business reasons–i.e., that [p]laintiffs are commercial farmers rather than growing crops for personal use").<br><br>**Minnesota:** In *Dahl* and *Advanced Training Systems*, the courts did not consider whether Minnesota's consumer protection statute excludes commercial plaintiffs. *Dahl*, 742 N.W.2d 186; *Advanced Training Sys.*, 352 N.W.2d 1.<br><br>**Missouri:** In *HEMCO*, the court concluded that plaintiff's purchase was "primarily for business purposes," and noted that courts have rejected Missouri Merchandising Practices Act claims "when it is clear on the face of the pleadings that plaintiffs . . . made purchases explicitly labeled for 'business.'" 2012 WL 13027553, at *3-4.<br><br>**Montana:** *New Motor Vehicles* does not rely on Montana authority. 350 F. Supp. 2d at 193. Courts that have analyzed this issue closely hold that allegations of purchases for business purposes do not state a viable claim under Montana's Consumer Protection Statute. *See, e.g.*, *Miami Prods. & Chem. Co. v. Olin Corp.*, 546 F. Supp. 3d 223, 234 (W.D.N.Y. 2021) ("The Supreme Court of Montana has held that the purchase of goods 'entirely for business purposes' does not 'not come within the statutory definition of a purchase or lease |

| Defendants' Argument | Plaintiffs' Authority Summarized | Plaintiffs' Authority Distinguished |
|---|---|---|
| | (Minnesota); *R.J. Reynolds Tobacco Co. v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 514 P.3d 425, 430-31 (Nev. 2022) (Nevada)).)<br><br>Finally, though plaintiffs' Appendix 2.A points to allegations involving plaintiffs Deneige Kapor (Montana), Daniel Rosenbaum (Nevada), Robert Jones (Nevada), and Russell Deman (Oregon), defendants have not sought to dismiss their claims on this ground. (*See* Br. at 44.) | of goods primarily for personal, family or household purposes.'" (citation omitted)); *In re Auto. Parts Antitrust Litig.*, No. 12-MD-02311, 2013 WL 2456612, at *30 (E.D. Mich. June 6, 2013) (finding no basis for plaintiff auto dealers to proceed under Montana consumer protection law because they did not purchase for personal use); *In re Crop Prot.*, 2025 WL 315835, at *22 (dismissing Montana claim when plaintiffs only alleged that they used products for business reasons).<br><br>**Nevada:** In *R.J. Reynolds*, the plaintiffs' purchases were for personal, not commercial, use. 514 P.3d at 430-31.<br><br>**Oregon:** *Avenue Lofts* holds that claims related to goods purchased for commercial use <u>or</u> resale should be dismissed. 24 F. Supp. 3d at 1016. The weight of authority favors this approach. *See, e.g.*, *In re Crop. Prot.*, 2025 WL 315835, at *22 (dismissing claims under Oregon's consumer protection statute when plaintiffs did not allege that products were "used for anything other than for business reasons"); *In re Broiler Chicken Antitrust Litig.*, No. 16 C 8637, 2023 WL 5227130, at *3 (N.D. Ill Aug. 15, 2023) (concluding that Oregon consumer protection statute applies only to "consumer" transactions, not purchases for "business purposes"). |
| Plaintiffs fail to allege in-state conduct or injury sufficient to state a claim under the Alabama, Mississippi, or West Virginia antitrust laws. (Br. at 41-42.) | Plaintiffs cite cases (Opp. at 46-47, Appendix 2.B) in which courts have held that plaintiffs sufficiently pled intrastate activity when "the antitrust impact . . . was felt within each state," *see, e.g.*, *Blue Cross & Blue Shield of Vt. v. Teva Pharma. Indus., Ltd.*, 712 F. Supp. 3d 499, 548 (D. Vt. 2024) (Alabama), plaintiffs | Plaintiffs here have not alleged any anticompetitive conduct by defendants that took place in Alabama, Mississippi, or West Virginia.<br><br>**Alabama:** *Blue Cross* does not analyze Alabama law and thus does not support plaintiffs' argument. *See* 712 F. Supp. 3d at 548. Courts that have analyzed Alabama law conclude that the alleged misconduct must occur within the geographic boundaries of Alabama to be actionable. *See In re* |

| Defendants' Argument | Plaintiffs' Authority Summarized | Plaintiffs' Authority Distinguished |
|---|---|---|
| | alleged transactions within the state, *see, e.g.*, *State ex rel. Fitch v. Yazaki N. Am., Inc.*, 294 So. 3d 1178, 1189 (Miss. 2020) (Mississippi), *Standard Oil Co. of Ky. v. State*, 65 So. 468, 471 (1914) (Mississippi), *In re Pork Antitrust Litig.*, 495 F. Supp. 3d 753, 779 (D. Minn. 2020) (Mississippi), or the wrongful conduct was "felt" within the state, *see, e.g.*, *In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*, No. 1:14-md-2508, 2015 WL 5166014, at *25 (E.D. Tenn. June 24, 2015) (West Virginia). | *Propranolol Antitrust Litig.*, 249 F. Supp. 3d 712, 728 (S.D.N.Y. 2017) (Alabama law requires "plaintiffs to allege intrastate price fixing conduct, i.e. that defendants actually conspired or manufactured [the product] within the relevant state"); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 550 (N.D. Ill. 2019) (Alabama antitrust laws "regulate monopolistic activities that occur 'within this state'—within the geographic boundaries of [the] state" (citation omitted)). **Mississippi:**  Plaintiffs concede the Mississippi Antitrust Act requires allegations of wholly intrastate conduct.  (Appendix 2.B (citing *Yazaki*, 294 So. 3d at 1189).)  In *Yazaki*, the Mississippi Supreme Court found it dispositive that plaintiff "did not allege any wholly intrastate transactions <u>by the defendants</u>." 294 So. 3d at 1189 (emphasis added).  *Standard Oil* is distinguishable because the plaintiffs there alleged specific instances where defendants resided and conducted business in Mississippi.  *See* 65 So. at 470-71.  *Pork* does not support plaintiffs' position because the court there held that allegations that the product was sold indirectly via distributors throughout Mississippi and that Mississippi consumers paid higher prices were insufficient.  495 F. Supp. 3d at 779. **West Virginia:**  While the court in *Cast Iron Soil* referenced "wrongful conduct . . . felt in West Virginia," the court ultimately dismissed the plaintiffs' claims because allegations that they purchased products at artificially inflated prices in West Virginia did not "meaningfully address intrastate commerce."  2015 WL 5166014, at *25-26. |
| Indirect purchaser actions are barred under the consumer protection laws | Plaintiffs argue that courts have permitted indirect purchasers to bring Arkansas Deceptive Trade | **Arkansas:**  The Arkansas consumer protection statute incorporates the "remoteness doctrine," which requires a "direct link in between Defendants' products and Plaintiffs' |

| Defendants' Argument | Plaintiffs' Authority Summarized | Plaintiffs' Authority Distinguished |
|---|---|---|
| of Arkansas, Missouri, and South Carolina. (Br. at 44-45.) | Practices Act claims. (Opp. at 48 & Appendix 2.C (citing *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2014 WL 4955377, at *22-23 (N.D. Cal. Oct. 2, 2014)).)<br><br>Plaintiffs claim the Missouri Supreme Court held the Missouri Merchandising Practices Act permits indirect purchasers to bring antitrust claims. (Appendix 2.C (citing *Gibbons v. J. Nuckolls Inc.*, 216 S.W.3d 667, 669 (Mo. 2007)).)<br><br>Plaintiffs assert that courts permit indirect purchaser claims under the South Carolina Unfair Trade Practices Act ("SCUTPA"). (Appendix 2.C (citing *Sandee's Catering v. Agri Stats, Inc.*, No. 20 C 2295, 2020 WL 6273477, at *11 (N.D. Ill. Oct. 26, 2020); *In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 840-41 (E.D. Pa. 2019); *Cast Iron Soil*, 2015 WL 5166014, at *32).) | damages." *Indep. Cnty. v. Pfizer, Inc.*, 534 F. Supp. 2d 882, 888-89 (E.D. Ark. 2008). *Lithium Ion Batteries* and the other cases plaintiffs cite do not address whether indirect purchaser claims are barred in light of the importance of such a direct link under Arkansas law. *See* 2014 WL 4955377, at *22; *see also In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *17 (N.D. Ill. June 29, 2015) ("In light of the importance of causation under Arkansas law, Indirect Plaintiffs' remoteness problems in the antitrust context also preclude their rebranded antitrust claims brought under the Arkansas Deceptive Trade Practices Act[.]").<br><br>**Missouri:** *Gibbons* is not persuasive because it was not an antitrust case. *Duvall v. Silvers, Asher, Sher & McLaren, M.D.'s*, 998 S.W.2d 821 (Mo. Ct. App. 1999), is directly on point. There, the Missouri Court of Appeals held that individuals who claim only indirect harm from an antitrust violation do not have standing to bring a claim under Missouri's Antitrust Law. *Id.* at 825.<br><br>**South Carolina**: Neither *Sandee's Catering* nor *Cast Iron Soil* addresses whether indirect purchaser claims can proceed under the SCUPTA despite the absence of an *Illinois Brick* repealer statute. *Sandee's Catering*, 2020 WL 6273477, at *11; *Cast Iron Soil*, 2015 WL 5166014, at *32. And *Generic Pharmaceuticals* does not analyze any South Carolina authority. 368 F Supp. 3d at 840-41. |
| Price-fixing claims are not cognizable under the consumer protection statutes of the District of Columbia, Arkansas, | Plaintiffs cite cases holding that price-fixing claims are cognizable under state consumer protection statutes. (Appendix 2.D (citing *New Motor Vehicles*, 350 F. Supp. 2d at | **District of Columbia:** Plaintiffs fail to distinguish *In re Graphics Processing*, which holds that "pleading unconscionability" under the District of Columbia Consumer Protection Act requires "more than merely alleging that the price of a product was unfairly high." 527 F. Supp. 2d 1011, |

| Defendants' Argument | Plaintiffs' Authority Summarized | Plaintiffs' Authority Distinguished |
|---|---|---|
| Illinois, Michigan, New Mexico, Oregon, Pennsylvania, Rhode Island, South Carolina, and South Dakota. (Br. at 46-48.) | 182-83 (D.C.); *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 583 (M.D. Pa. 2009*)* (Arkansas and New Mexico); *Generic Pharma.*, 368 F. Supp. 3d at 845-47 (Michigan); *Cast Iron Soil*, 2015 WL 5166014, at *29 (New Mexico); *In re Packaged Seafood Prods.*, 242 F. Supp. 3d 1033, 1073 (S.D. Cal. 2017) (Oregon); *Connecticut v. Sandoz, Inc.*, No. 3:20-cv-00802(MPS), 2024 WL 4753308, at *22-23 (D. Conn. Nov. 12, 2024) (Pennsylvania); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F Supp. 2d 1129, 1145 (N.D. Cal. 2008) (Rhode Island); *In re Pork Antitrust Litig.*, No. 18-1776 (JRT/JFD), 2025 WL 964545, at *86 (D. Minn. Mar. 31, 2025) (South Carolina); *In re DDAVP Indirect Purchaser Antitrust Litig. v. Ferring B.V.*, 903 F. Supp. 2d 198, 229 (S.D.N.Y. 2012) (South Dakota)).) | 1029 (N.D. Cal. 2007); *see also In re Revlimid & Thalomid Purchaser Antitrust Litig.*, No. CV 19-7532 (ES) (MAH), 2024 WL 2861865, at *110 (D.N.J. June 6, 2024) (dismissing D.C. consumer protection claim because the only support for plaintiff's claim was a conclusory allegation that defendant "engaged in unfair competition or unfair, unconscionable, deceptive, or fraudulent acts" (citation omitted)).<br><br>**Arkansas:**  The cases plaintiffs cite to support their Arkansas argument fail to consider relevant Arkansas authority.  The Arkansas consumer protection statute plainly does not extend to price-fixing claims, as many courts have held.  *See, e.g.*, *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1166 (N.D. Cal. 2015) (holding that "in [the] absence of authority from Arkansas courts that the ADTPA extends to price fixing claims, those claims should be dismissed" and collecting cases); *In re Static Random Access Memory Antitrust Litig. (SRAM)*, No. 07-md-0819 CW, 2010 WL 5094289, at *8 (N.D. Cal. Dec. 8, 2010) ("The Court has found no Arkansas case law indicating that the ADTPA reaches price-fixing conduct of the nature presented in this lawsuit.").<br><br>**Illinois:**  Plaintiffs fail to meaningfully distinguish defendants' authority, and the weight of authority supports defendants' position.  *See Butler v. Jimmy John's Franchise, LLC*, 331 F. Supp. 3d 786, 798 (S.D. Ill. 2018) (dismissing Illinois Consumer Fraud Act ("ILCFA") claim because "the Illinois Supreme Court has instructed that plaintiffs cannot use the [ILCFA] to get around the fact that their theory does not fly under the Illinois Antitrust Act"); *Laughlin v. Evanston Hosp.*, 550 N.E.2d 986, 993 (Ill. 1990) ("To construe the Consumer Fraud Act to give a cause of action for discriminatory pricing |

| Defendants' Argument | Plaintiffs' Authority Summarized | Plaintiffs' Authority Distinguished |
|---|---|---|
| | | that the legislature refused to give under the Antitrust Act would be incongruous [with the intent of the legislature]."); *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 162 (E.D. Pa. 2009) (dismissing ILCFA claim because "plaintiffs may not assert what are essentially antitrust claims in the guise of a claim under the Illinois consumer protection statute"). <br><br> **Michigan:** *Generic Pharmaceuticals* is distinguishable because the plaintiffs there pleaded deceptive or unconscionable conduct under the statute by alleging a conspiracy "hatched in secret and maintained through deception." 368 F. Supp. 3d at 846. Here, plaintiffs do not allege deceptive acts. Rather, they rely on <u>public</u> statements to plead the alleged conspiracy. (*See* Opp. at 18-19.) <br><br> **New Mexico:** In *Cast Iron Soil*, the court held that price-fixing claims are actionable under the New Mexico consumer protection statute if plaintiffs "allege[] a 'gross disparity' between the price paid for a product and the value received." 2015 WL 5166014 at \*29 (citation omitted); *see also Graphics Processing*, 527 F. Supp. 2d at 1029-30 (same); *Chocolate Confectionary*, 602 F. Supp. 2d at 586 (same). Plaintiffs make no allegations here regarding prices paid and value received—let alone with regard to anything purchased in New Mexico. <br><br> **Oregon:** *Packaged Seafood* is distinguishable because the plaintiffs "allege[d] affirmative misrepresentations regarding and concealment of the alleged conspiracy[.]" 242 F. Supp. 3d at 1084; *see also In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1170 (N.D. Cal. 2015) (dismissing claim because plaintiffs did not allege "unconscionable acts"). Plaintiffs here |

| Defendants' Argument | Plaintiffs' Authority Summarized | Plaintiffs' Authority Distinguished |
|---|---|---|
| | | do not allege affirmative misrepresentations or concealment; rather, they rely on <u>public</u> statements. (*See* Opp. at 18-19.) **Pennsylvania:** Plaintiffs concede that they must allege deception and false representations to bring a claim under Pennsylvania's consumer protection statute (Appendix 2.D), yet plaintiffs cannot point to any such allegations in their complaint. *See Sandoz, Inc.*, 2024 WL 4753308, at *22-23 ("[P]rice fixing and market allocation agreements do not intrinsically violate [Pennsylvania law.]").<br><br>**Rhode Island:** *DRAM* is distinguishable because plaintiffs there alleged "unfair or deceptive acts or practices, which misled or deceived members of the public." 536 F. Supp. 2d at 1145. Plaintiffs here do not plead that defendants misled or deceived members of the public or engaged in conduct "causing a likelihood of confusion." *Id.*<br><br>**South Carolina:** Plaintiffs do not distinguish *In re Aggrenox Antitrust Litigation*, which held that the SCUTPA cannot "operate as a surrogate for antitrust law." No. 3:14-md- 2516 (SRU), 2016 WL 4204478, at *9 (D. Conn. Aug. 9, 2016). And *In re Pork Antitrust Litigation* does not support plaintiffs' argument because the court there did not analyze whether price-fixing claims are cognizable under SCUTPA. 2025 WL 964545, at *86.<br><br>**South Dakota:** *DDAVP* is distinguishable because the plaintiffs there alleged fraudulent misrepresentations to the Patent and Trademark Office and Food & Drug Administration. *DDAVP*, 903 F. Supp. 2d at 229. Plaintiffs here do not allege that defendants engaged in any deceptive acts or made any misrepresentations. |

| Defendants' Argument | Plaintiffs' Authority Summarized | Plaintiffs' Authority Distinguished |
|---|---|---|
| Plaintiffs' failure to allege in-state conduct compels dismissal of their Illinois and New Hampshire consumer protection claims.  (Br. at 48.) | Plaintiffs argue that courts should look to the "site of injury or deception" when analyzing whether conduct took place in Illinois.  (Appendix 2.E (citing *Avery v. State Farm Mutual Automobile Insurance Co.* 835 N.E.2d 801, 853-54 (Ill. 2005); *Rivera v. Google Inc.,* 238 F. Supp. 3d 1088, 1101 (N.D. Ill. 2017)).)<br><br>Plaintiffs cite authorities holding that a New Hampshire consumer protection claim is viable if the alleged misconduct "had direct or indirect effects on the people of New Hampshire."  (Appendix 2.E (citing *Chocolate Confectionary*, 749 F. Supp. 2d at 235).) | **Illinois:**  In *Avery*, the court <u>rejected</u> the position that courts should focus on the "site of injury or deception."  835 N.E.2d at 853.  Instead, the court held that a "transaction may be said to take place within a state if the circumstances relating to the transaction occur primarily and substantially within that state." *Id.*  *Rivera* does not support plaintiffs' position because that court recognized *Avery*'s holding that a court "must analyze whether the circumstances relating to the transaction occur primarily and substantially within Illinois."  *Rivera*, 238 F. Supp. 3d at 1101 (citation omitted).  And here, plaintiffs do not allege that defendants engaged in any transaction "primarily and substantially within Illinois."  *See id.*<br><br>**New Hampshire:**  The weight of authority supports defendants' position.  *See, e.g.*, *Lithium Ion Batteries*, 2014 WL 4955377, at *22 ("[M]erely selling a good in New Hampshire is not enough when the proscribed conduct occurs elsewhere."); *In re Pork Antitrust Litig.*, 495 F. Supp. 3d 753 at 789 ("The Court is persuaded by the weight of authority concluding that the territoriality clause requires more than mere sale of a product the price of which has been illicitly inflated by an alleged price-fixing scheme."); *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2013 WL 1431756, at *18 (E.D. Mich. Apr. 9, 2013) (dismissing consumer protection claim because plaintiff did "not allege that any unfair or deceptive act or practice took place in New Hampshire" and mere purchases in New Hampshire are insufficient); *Wilcox Indus. Corp. v. Hansen*, 870 F. Supp. 2d 296, 305 (D.N.H. 2012) (allegations that harm occurred in New Hampshire alone were "insufficient" to state a claim). |
| Plaintiffs do not meet Rule 9(b)'s heightened | Plaintiffs cite authority holding that these states' statutes do not impose | Unlike here, plaintiffs' cited authorities involved allegations pleaded with particularity of false or misleading |

| Defendants' Argument | Plaintiffs' Authority Summarized | Plaintiffs' Authority Distinguished |
|---|---|---|
| pleading standard for claims sounding in fraud, as required under the consumer protection statutes of Florida, Michigan, and Pennsylvania.  (Br. at 48-49.) | Rule 9(b) pleading requirements. (Appendix 2.F (citing *Los Gatos Mercantile, Inc v. E.I. DuPont De Nemours & Co.*, No. 13-cv-01180-BLF, 2015 WL 4755335, at *24 (N.D. Cal. Aug. 11, 2015) (9(b) pleading requirements not required where plaintiffs plead claims of unfairness or unconscionability); *In re Vascepa Antitrust Litig. Indirect Purchaser Plaintiffs*, No. 21-12061 (ZNQ) (TJB), 2023 WL 2182046, at *9 (D.N.J. Feb. 23, 2023) (9(b) did not apply where plaintiffs alleged defendant "deceived the public, its investors, and consumers by both misrepresentation and/or by withholding material information"); *In re Fragrance Direct Purchaser Antitrust Litig.*, Nos. 2:23-02174, 2:23-03249, 2:23-16217, 2025 WL 579639, at *21 (D.N.J. Feb. 21, 2025) (9(b) did not apply to Pennsylvania consumer protection claims where plaintiffs alleged "[d]efendants misrepresented the true cause of price increases for the products they produced")).)<br><br>Plaintiffs also argue that even if Rule 9(b) applies, the Tenth Circuit recognizes a relaxed 9(b) standard in | representations, grossly excessive prices, or deception.  In the absence of any such allegations, plaintiffs here cannot meet a "relaxed" Rule 9(b) standard purportedly embraced by the Tenth Circuit, let alone the heightened Rule 9(b) standard.<br><br>**Florida**:  Courts that have analyzed this issue closely recognize that Rule 9(b)'s heightened pleading standard applies to Florida consumer protection claims.  *See Refrigerant Compressors*, 2013 WL 1431756, at *21; *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 665 (E.D. Mich. 2011); *Sunoptic Techs., LLC v. Integra Luxtec, Inc.*, No. 3:08-cv-878, 2009 WL 722320, at *4 (M.D. Fla. Mar. 18, 2009).<br><br>**Michigan**:  Courts analyzing Michigan consumer protection claims apply the Rule 9(b) standard.  *See, e.g.*, *Packaged Ice*, 779 F. Supp. 2d at 666 (dismissing Michigan Consumer Protection Act claim for "failure to allege an intent to deceive and for failure to plead fraud with the requisite particularity"); *Home Owners Ins. Co. v. ADT LLC*, 109 F. Supp. 3d 1000, 1009 (E.D. Mich. 2015) ("Because Plaintiff's claim for violation of the MCPA does not meet Rule 9(b)'s heightened pleading requirements, this claim will be dismissed."); *Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F. Supp. 2d 380, 413 (E.D. Pa. 2010) (dismissing claim because "plaintiffs have failed to claim that [Defendant] made misrepresentations directed at them or upon which they, as consumers, . . . relied").<br><br>**Pennsylvania**:  Plaintiffs do not distinguish *New Motor Vehicles*, in which the court dismissed the plaintiffs' consumer protection claim because the complaint contained no allegations of fraud or deception.  350 F. Supp. 2d at 200-01. |

| Defendants' Argument | Plaintiffs' Authority Summarized | Plaintiffs' Authority Distinguished |
|---|---|---|
| | consumer fraud cases. (Appendix 2.F (citing *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 336 F. Supp. 3d 1256, 1341-42 (D. Kan. 2018)).) | |
| Plaintiffs fail to allege reliance as required under the Arkansas and Pennsylvania consumer protection statutes. (Br. at 49-50.) | Plaintiffs cite cases purportedly holding that reliance is not required under the Arkansas statute. (Appendix 2.G (citing *Philip Morris Cos., Inc. v. Miner*, 462 S.W.3d 313, 319 (Ark. 2015); *In re Chocolate Confectionary*, 602 F. Supp. 2d at 583; *Fragrance*, 2025 WL 579639, at *21; *Pork*, 495 F. Supp. 3d at 781).)<br><br>Plaintiffs also argue that *Toy v. Metro Life Insurance Co.* limits the Pennsylvania consumer protection law's reliance requirement to claims sounding in fraud. (Appendix 2.G (citing *Fragrance*, 2025 WL 579639, at *22).) | **Arkansas:** The plain language of the Arkansas statute requires reliance, which plaintiffs here do not allege. *Philip Morris* and *Chocolate Confectionary* were decided before the 2017 amendment to the statute requiring proof of reliance. And *Pork* analyzed the prior version of the statute, acknowledging that the statute was amended in 2017 to require proof of reliance. 495 F. Supp. 3d at 781. In *Fragrance*, the court did not address whether reliance is required under the Arkansas statute. 2025 WL 579639, at *21.<br><br>**Pennsylvania:** The Pennsylvania Supreme Court's holding in *Toy* is broader than plaintiffs suggest, as the court plainly held that "a plaintiff alleging violations of the Consumer Protection Law must prove the common law fraud element of justifiable reliance." 928 A.2d 186, 208 (Pa. 2007). *Fragrance* is inapplicable because that court did not address whether reliance is required under the Pennsylvania statute. 2025 WL 579639, at *22. |
| Indirect purchasers who made purchases for business or commercial purposes are not proper plaintiffs under the Massachusetts Consumer Protection Act. (Br. at 45.) | Plaintiffs argue that the Massachusetts Supreme Court has held that indirect purchasers may bring Massachusetts Consumer Protection Act claims. (Opp. at 44 (citing *Ciardi v. F. Hoffman-La-Roche, Ltd.*, 436 Mass. 53 (Mass. 2002)).) | Plaintiffs do not dispute that plaintiff Waypoint Residential, LLC is not a proper plaintiff because it is an indirect purchaser of refined petroleum products for business or commercial use. Plaintiffs' reliance on *Ciardi* is misplaced because the *Ciardi* plaintiff was not a business purchaser. 436 Mass. at 66. |