IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW MEXICO

IN RE: SHALE OIL ANTITRUST LITIGATION

The Document Relates to:

All Actions

Case No. 1:24-md-03119-MLG-LF

Judge Matthew L. Garcia

## NOTICE OF SUPPLEMENTAL AUTHORITY

The State of Kansas, *ex rel.*, Kris W. Kobach, Attorney General, respectfully notifies this Court of *Southern Utah Wilderness Alliance v. U.S. Department of Interior* (*SUWA*), Civ. Action No. 24-02476 (RC), 2025 WL 1743939 (D.D.C. June 24, 2025), a copy of which is attached as Exhibit A. *See* D.N.M.LR-Civ. 7.8(b). In *SUWA*, the state of Utah successfully intervened as a matter of right in litigation against the federal government over the government's decision to reaffirm certain oil and gas leases in Utah. 2025 WL 1743939, at *1. The court's reasoning supports Kansas's motion to intervene in two noteworthy ways.[1]

*First*, the court found Utah would be harmed if the leases were vacated because the state (1) would lose revenue and royalties from the leases and (2) would suffer a regulatory injury because it issues permits for oil and gas drilling. *Id.* at *2. This was sufficient, the court held, for Utah to have both standing and a legally protectable interest. *Id.* at *2–3. The court's reasoning supports Kansas's arguments that it has a legally protectable interest and—if necessary—full constitutional standing. *See* (Doc. 153 at 9–12; Doc. 215 at 2–4.) This litigation may impact

---

[1] The court also found Utah's proposed intervention *just before the summary-judgment stage* was timely. *See SUWA*, 2025 WL 1743939, at *3; *see also* (Doc. 153 at 7–8).

1

Kansas's fiscal interests, and it currently infringes upon Kansas's interest in litigating (which has the same effect as regulating) antitrust violations on behalf of its citizens and political subdivisions.

*Second*, the court determined the existing defendants could not adequately represent Utah's interests. *SUWA*, 2025 WL 1743939, at *3. Although they apparently shared a "similar" interest with Utah "in defending [the] decision-making process for issuing oil and gas leases," Utah had distinct "sovereign interests." *Id.* The court's reasoning supports Kansas's argument that its unique sovereign interests are not (and cannot be) adequately represented by existing parties. *See* (Doc. 153 at 14–15.) If the federal government cannot adequately represent a state's interest, the same holds true for political subdivisions, businesses, and individuals.

**Dated:** July 7, 2025    Respectfully submitted,

**KRIS W. KOBACH**
**Attorney General of Kansas**

*/s/ Adam T. Steinhilber*
Melanie S. Jack, D.N.M. Bar No. 25-85
  *First Assistant Attorney General*
Nicholas C. Smith, D.N.M. Bar No. 25-77
  *Assistant Attorney General*
Adam T. Steinhilber, D.N.M. Bar No. 25-83
  *Assistant Solicitor General*
**OFFICE OF ATTORNEY GENERAL**
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
Phone: (785) 296-3751
Fax:    (785) 291-3699
Email: Melanie.Jack@ag.ks.gov
          Nicholas.Smith@ag.ks.gov
          Adam.Steinhilber@ag.ks.gov

*Attorneys for State of Kansas*

## CERTIFICATE OF SERVICE

     I hereby certify that on this 7th day of July, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have entered an appearance.

                              */s/ Adam T. Steinhilber*
                              Adam T. Steinhilber